**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

---

Case. 2:22-cv-01218-RJC

**In re:  U LOCK INC.,**

**Debtor-Appellant**

---

On Appeal from the United States Bankruptcy Court for the Western District of
Pennsylvania, Hon. Gregory L. Taddonio, Chief United States Bankruptcy Judge,
from the Order  of August 10, 2022, Denying the Motion to Convert from Chapter 7 to
11 (Entry 110 in Case 22-20823)

---

**APPENDIX FOR APPELLANT U LOCK INC.**

---

J. Allen Roth, Esq. (PA ID 30348)
805 S. Alexandria Street
Latrobe PA  15650
(724) 537-0939
lawmatters@yahoo.com

ATTORNEY FOR U LOCK INC.

1

## **TABLE OF CONTENTS**

| | | |
|---|---|---|
| **A001** | | **Cover** |
| **A002** | | **Table of Contents** |
| **A003-030** | | **Full Docket Sheet 22-20823** |
| **A031-033** | 4/28/2022 | **Involuntary Bankruptcy Petition** |
| **A034-036** | 5/9/2022 | **Amended Involuntary Petition** |
| **A037** | 6/17/2022 | **Appointment of Interim Trustee** |
| **A038** | 6/17/2022 | **Order for Relief** |
| **A039** | 6/17/2022 | **Order and Notice Regarding Involuntary Petition** |
| **A040** | 6/22/2022 | **Notice of Appointment of Interim Trustee** |
| **A041** | 7/1/2022 | **U Lock Motion to Convert to Chapter 11, Sub V** |
| **A045-046** | 7/7/2022 | **Proof of Claim Deadline** |
| **A047-058** | 7/19/2022 | **Biros Opposition to Motion to Convert** |
| **A059-063** | 7/19/2022 | **Trustee Opposition to Motion to Convert** |
| **A064** | 8/4/2022 | **Exhibits in Support of Motion to Convert** |
| **A065-067** | 8/4/2022 | **Insurance Declarations** |
| **A068** | 8/4/2022 | **Resolution of U Lock Inc.** |
| **A069** | 8/4/2022 | **Letter from J Michael Levesque** |
| **A070-072** | 8/4/2022 | **Resume of J Michael Levesque** |
| **A073** | 8/4/2022 | **Letter from Don Parsons** |
| **A074-075** | 8/4/2022 | **Resume of Don Parsons** |
| **A076** | 8/4/2022 | **Letter from USAAG Systems Co** |
| **A077-078** | 8/4/2022 | **Bank Statement from USAAG Systems** |
| **A079-081** | 8/4/2022 | **Photos showing damage by Biros** |
| **A082-083** | 8/9/2022 | **Proceeding Memo** |
| **A084-121** | 8/9/2022 | **Hearing Transcript 8/9/2022** |
| **A122-124** | 8/23/2022 | **U Lock Notice of Appeal** |
| **A125-126** | 9/6/2022 | **Shanni Snyder Notice of Appeal** |
| **A127-139** | 9/28/2022 | **Trustee Motion to Sell Assets to Biros** |

# U.S. Bankruptcy Court
## WESTERN DISTRICT OF PENNSYLVANIA (Pittsburgh)
### Bankruptcy Petition #: 22-20823-GLT

|  |  |
|---|---|
| | *Date filed:* 04/27/2022 |
| | *341 meeting:* 01/06/2023 |
| | *Deadline for filing claims:* 08/26/2022 |
| | *Deadline for filing claims (govt.):* 12/14/2022 |

*Assigned to:* Chief Bankruptcy Jud Gregory L Taddonio
Chapter 7
Involuntary
Asset

**Debtor**
**U LOCK INC**
14140 U.S. Route 30
N. Huntingdon, PA 15642
WESTMORELAND-PA
Tax ID / EIN: 47-4994911
*aka* U-LOCK INC.

represented by **J. Allen Roth**
805 S Alexandria Street
Latrobe, PA 15650
724-537-0939
Email: lawmatters@yahoo.com

**Petitioning Creditor**
**Shanni Snyder**
14390 Route 30
Unit H
North Huntingdon, PA 15642
SSN / ITIN: xxx-xx-6136

represented by **John B. Joyce**
Grenen & Birsic, P.C.
One Gateway Center
Suite 9W
Pittsburgh, PA 15222
412-281-7650
Email: jjoyce@grenenbirsic.com

**Jeremy J Kobeski**
Grenen & Birsic, P.C.
One Gateway Center
Ninth Floor
Pittsburgh, PA 15222
412-281-7650
Fax : 412-281-4398
Email: jkobeski@grenenbirsic.com

**Trustee**
**Charles O. Zebley, Jr.**
P.O. Box 2124
Uniontown, PA 15401
724-439-9200
*TERMINATED: 06/22/2022*

represented by **Charles O. Zebley, Jr.**
P.O. Box 2124
Uniontown, PA 15401
724-439-9200
Email: COZ@Zeblaw.com

**Trustee**
**Robert H. Slone, Trustee**
223 South Maple Avenue
Greensburg, PA 15601
724-834-2990

represented by **Robert H. Slone, Trustee**
223 South Maple Avenue
Greensburg, PA 15601
724-834-2990
Email: robertslone223@gmail.com

**U.S. Trustee**
**Office of the United States Trustee**
Liberty Center.

**APPENDIX A003**

1001 Liberty Avenue, Suite 970
Pittsburgh, PA 15222
412-644-4756

| Filing Date | # | Docket Text |
|---|---|---|
| 04/27/2022 | <u>1</u><br>(5 pgs) | Chapter 7 Involuntary Petition. Receipt Number O, Fee Amount $338 Re: U LOCK INC Filed by Petitioning Creditor(s): Shanni Sue Snyder . (mgut) Additional attachment(s) added on 4/28/2022 (mgut). Modified on 4/29/2022 (mgut). (Entered: 04/28/2022) |
| 04/27/2022 | 5 | Receipt Number 17761, Fee Amount $ 338.00 (RE: related document(s): <u>1</u> Involuntary Petition Chapter 7 filed by Petitioning Creditor Shanni Snyder, Debtor U LOCK INC). (lkat) (Entered: 04/29/2022) |
| 04/28/2022 | 2 | Judge Judge unknown added to case (Entered: 04/28/2022) |
| 04/29/2022 | 3 | Notice To File Proofs of Claim. (adiuser) CORRECTIVE ENTRY: DOCKETED BY ADI IN ERROR. NO NOTICE WILL BE SENT. Modified on 4/29/2022 (mgut). (Entered: 04/29/2022) |
| 04/29/2022 | <u>4</u><br>(3 pgs; 2 docs) | Order Signed on 4/29/2022. It is hereby ORDERED, ADJUDGED, and DECREED that:1. On or before May 6, 2022, Petitioning Creditor shall file an amended involuntary petition in compliance with the Bankruptcy Code, this Order and Local Rules of this Court. 2. If the Petitioning Creditor fails to comply, the Involuntary Petition will be dismissed. (RE: related document(s): <u>1</u> Involuntary Petition Chapter 7). (aala) (Entered: 04/29/2022) |
| 05/01/2022 | <u>6</u><br>(3 pgs) | BNC Certificate of Mailing - PDF Document. (RE: related document(s): <u>4</u> Order -Non-motion related-). Notice Date 05/01/2022. (Admin.) (Entered: 05/02/2022) |
| 05/04/2022 | 13 | Receipt Number 17785, Fee Amount $ 338.00 (RE: related document(s): <u>1</u> Involuntary Petition Chapter 7 filed by Petitioning Creditor Shanni Snyder, Debtor U LOCK INC, 5 Receipt Number and Filing Fee). This payment replaces the one at Doc. # 5 above. (lkat) (Entered: 05/17/2022) |
| 05/09/2022 | <u>7</u><br>(4 pgs) | Amended Involuntary Petition Against a Non-Individual filed by Shanni Snyder (RE: related document(s): <u>4</u> Order -Non-motion related-). (aala) (Entered: 05/09/2022) |
| 05/10/2022 | <u>8</u><br>(3 pgs; 2 docs) | One Involuntary Summons Issued on Shanni Snyder. Issued 05/10/2022 (Attachments: # <u>1</u> Instructions to Petitioner-Involuntary Cases) (aala) (Entered: 05/10/2022) |
| 05/10/2022 | <u>9</u><br>(2 pgs; 2 docs) | Order Designating Principal Operating Officer of Alleged Corporation Debtor or Managing General Partner. George Snyder, and Kash Snyder Designated as Principal Operating Officer or Managing General Partner. Signed on 5/10/2022. (aala) (Entered: 05/10/2022) |

**APPENDIX A004**

| 05/10/2022 | 10<br>(5 pgs; 4 docs) | BNC PDF Notice - Documents were sent through the BNC to Shanni Snyder (Attachments: # 1 Instructions to Petitioner # 2 Order Designating Officer) (aala) (Entered: 05/10/2022) |
| 05/12/2022 | 11<br>(2 pgs) | BNC Certificate of Mailing - PDF Document. (RE: related document(s): 9 Order Designating Principal Operating Officer/General Partner). Notice Date 05/12/2022. (Admin.) (Entered: 05/13/2022) |
| 05/12/2022 | 12<br>(3 pgs) | BNC Certificate of Mailing - PDF Document. (RE: related document(s): 10 BNC PDF Notice). Notice Date 05/12/2022. (Admin.) (Entered: 05/13/2022) |
| 05/20/2022 | 14<br>(211 pgs; 16 docs) | Expedited Motion to Dismiss Case , in addition to Motion For Sanctions *Against Petitioning Creditor*, or in the alternative Motion for Relief from Stay. Fee Amount $188., or in the alternative Motion to Abandon *the Movant's Property*. Fee Amount $ 188., in addition to Motion to Expedite Hearing Filed by Creditor Christine Biros. (Attachments: # 1 Proposed Order # 2 Exhibit A # 3 Exhibit B # 4 Exhibit C # 5 Exhibit D # 6 Exhibit E # 7 Exhibit F # 8 Exhibit G # 9 Exhibit H # 10 Exhibit I # 11 Exhibit J # 12 Exhibit K # 13 Exhibit L # 14 Exhibit M # 15 Exhibit N) (Wenrich, Sarah) (Entered: 05/20/2022) |
| 05/20/2022 | 15 | Receipt of Motion for Relief From Stay( 22-20823-GLT) [motion,mrlfsty] ( 188.00) filing fee. Receipt number A15927869, amount $ 188.00. (U.S. Treasury) (Entered: 05/20/2022) |
| 05/20/2022 | 16 | Receipt of Motion to Abandon( 22-20823-GLT) [motion,mabn] ( 188.00) filing fee. Receipt number A15927869, amount $ 188.00. (U.S. Treasury) (Entered: 05/20/2022) |
| 05/20/2022 | 17<br>(2 pgs; 2 docs) | Order Setting Hearing on (RE: related document(s): 14 Motion to Dismiss Case filed by Creditor Christine Biros, Motion for Sanctions, Motion for Relief From Stay, Motion to Abandon, Motion to Expedite Hearing). Hearing scheduled for 6/2/2022 at 09:00 AM via p01 Courtroom A, 54th Floor, U.S. Steel Tower, Pittsburgh. Responses due by 5/31/2022 by 12 PM. (jhel) (Entered: 05/20/2022) |
| 05/20/2022 | 18<br>(47 pgs; 2 docs) | Exhibit *I (Amended)* Filed by Creditor Christine Biros (RE: related document(s): 14 Motion to Dismiss Case filed by Creditor Christine Biros, Motion for Sanctions, Motion for Relief From Stay, Motion to Abandon, Motion to Expedite Hearing, 17 Order Scheduling a Hearing). (Attachments: # 1 Amended Exhibit I - Transcript) (Wenrich, Sarah) (Entered: 05/20/2022) |
| 05/20/2022 | 19<br>(2 pgs) | Certificate of Service Regarding the Hearing on 6/2/2022. Filed by Creditor Christine Biros (RE: related document(s): 14 Motion to Dismiss Case filed by Creditor Christine Biros, Motion for Sanctions, Motion for Relief From Stay, Motion to Abandon, Motion to Expedite Hearing, 17 Order Scheduling a Hearing, 18 Exhibit filed by Creditor Christine Biros). (Wenrich, Sarah) (Entered: 05/20/2022) |
| 05/27/2022 | 20<br>(6 pgs) | Summons Service Executed in an Involuntary Case on George Snyder. Service Executed on: 5/23/2022, Answer Due on: 6/13/2022. Add 3 days to the answer due date if service was made through the |

**APPENDIX A005**

| | | mail. Filed by Renee' E. Basista, Managing General Partner George Snyder (aala) (Entered: 05/27/2022) |
|---|---|---|
| 05/30/2022 | [21](#)<br>(2 pgs; 2 docs) | Notice of Appearance and Request for Notice by J. Allen Roth Filed by Debtor U LOCK INC (Attachments: # [1](#) Certificate of Service) (Roth, J.) (Entered: 05/30/2022) |
| 05/31/2022 | [22](#)<br>(7 pgs; 2 docs) | Opposition Response Regarding the Hearing on 06/02/2022. Filed by U LOCK INC (RE: related document(s): [14](#) Motion to Dismiss Case filed by Creditor Christine Biros, Motion for Sanctions, Motion for Relief From Stay, Motion to Abandon, Motion to Expedite Hearing). (Attachments: # [1](#) Certificate of Service) (Roth, J.) (Entered: 05/31/2022) |
| 05/31/2022 | [23](#)<br>(30 pgs) | Exhibit *A in Opposition to Motion* Filed by Debtor U LOCK INC (RE: related document(s): [14](#) Motion to Dismiss Case filed by Creditor Christine Biros, Motion for Sanctions, Motion for Relief From Stay, Motion to Abandon, Motion to Expedite Hearing, [22](#) Response filed by Debtor U LOCK INC). (Roth, J.) (Entered: 05/31/2022) |
| 05/31/2022 | [24](#)<br>(76 pgs) | Opposition Response Regarding the Hearing on 6/2/2022. Filed by Shanni Snyder (RE: related document(s): [14](#) Motion to Dismiss Case filed by Creditor Christine Biros, Motion for Sanctions, Motion for Relief From Stay, Motion to Abandon, Motion to Expedite Hearing). (aala) (Entered: 05/31/2022) |
| 05/31/2022 | [25](#)<br>(3 pgs; 2 docs) | Declaration Under Penalty of Perjury for Non-individual Debtors *in Response to the Emergency Motion filed by Christine Biros for hearing on June 2, 2022 at 9 a.m.* Filed by Debtor U LOCK INC (Attachments: # [1](#) Certificate of Service) (Roth, J.) (Entered: 05/31/2022) |
| 06/01/2022 | [26](#)<br>(92 pgs; 3 docs) | Exhibit Filed by Debtor U LOCK INC (RE: related document(s): [14](#) Motion to Dismiss Case filed by Creditor Christine Biros, Motion for Sanctions, Motion for Relief From Stay, Motion to Abandon, Motion to Expedite Hearing, [22](#) Response filed by Debtor U LOCK INC). (Attachments: # [1](#) Exhibit Correspondence of June 1 2022 sent from counsel for Christine Biros to state court judge advising him that filings are made that cast his actions "in a negative light" # [2](#) Certificate of Service) (Roth, J.) (Entered: 06/01/2022) |
| 06/02/2022 | [27](#)<br>(5 pgs; 3 docs) | Exhibit *Disclosing Police Report Regarding Garbage Truck Fire* Filed by Debtor U LOCK INC (RE: related document(s): [14](#) Motion to Dismiss Case filed by Creditor Christine Biros, Motion for Sanctions, Motion for Relief From Stay, Motion to Abandon, Motion to Expedite Hearing). (Attachments: # [1](#) Exhibit Police Report Regarding Garbage Truck Fire # [2](#) Certificate of Service) (Roth, J.) (Entered: 06/02/2022) |
| 06/03/2022 | [28](#)<br>(6 pgs; 3 docs) | Notice Regarding NOTICE OF PARTIAL NON-OBJECTION TO LIMITED RELIEF FROM THE STAY. *(not consent)* Filed by Debtor U LOCK INC (RE: related document(s): [14](#) Motion to Dismiss Case filed by Creditor Christine Biros, Motion for Sanctions, Motion for Relief From Stay, Motion to Abandon, Motion to Expedite Hearing). (Attachments: # [1](#) Exhibit Trailers that are property of family of |

**APPENDIX A006**

| | | Christine Biros # 2 Certificate of Service) (Roth, J.) (Entered: 06/03/2022) |
|---|---|---|
| 06/03/2022 | 29 (8 pgs; 3 docs) | Response *TO NOTICE OF PARTIAL NON-OBJECTION TO LIMITED RELIEF FROM THE STAY* Regarding the Hearing on no hearing date scheduled. Filed by Christine Biros (RE: related document(s): 14 Motion to Dismiss Case filed by Creditor Christine Biros, Motion for Sanctions, Motion for Relief From Stay, Motion to Abandon, Motion to Expedite Hearing, 22 Response filed by Debtor U LOCK INC, 28 Notice filed by Debtor U LOCK INC). (Attachments: # 1 Exhibit A - Proposed Order # 2 Certificate of Service) (Wenrich, Sarah) (Entered: 06/03/2022) |
| 06/03/2022 | 30 | TEXT ORDER: On June 2, 2022, the Court held a hearing on the Expedited Motion to Dismiss Case, in addition to Motion for Sanctions Against Petitioning Creditor, or in thealternative Motion for Relief from Stay, or in the alternative Motion to Abandon the Movant's Property [Dkt. No. 14]. Based upon statements made on the record at the June 2 hearing, it is hereby ORDERED that the Expedited Motion to Dismiss Case, in addition to Motion for Sanctions Against Petitioning Creditor, or in thealternative Motion for Relief from Stay or in the alternative Motion to Abandon the Movant's Property [Dkt. No. 14] isCONTINUED to July 6, 2022 at 11 a.m. Judge Taddonio Signed on 6/3/2022. (RE: related document(s): 14 Motion to Dismiss Case filed by Creditor Christine Biros, Motion for Sanctions, Motion for Relief From Stay, Motion to Abandon, Motion to Expedite Hearing). Hearing scheduled for 7/6/2022 at 11:00 AM via p01 Courtroom A, 54th Floor, U.S. Steel Tower, Pittsburgh. (hthu) (Entered: 06/03/2022) |
| 06/03/2022 | 31 | TEXT ORDER: On June 2, 2022, the Court held a hearing on the Expedited Motion to Dismiss Case, in addition to Motion for Sanctions Against Petitioning Creditor, or in the alternative Motion for Relief from Stay, or in the alternative Motion to Abandon the Movant's Property [Dkt. No. 14]. Based upon statements made on the record at the June 2 hearing, it is hereby ORDERED that On or before June 3, 2022 at 4 p.m., the parties shall file, under certification of counsel, an order granting limited stay relief to Christine Biros for the purpose of initiating environmental remediation. (RE: related document(s): 14 Motion to Dismiss Case, Motion for Sanctions, Motion for Relief From Stay, Motion to Abandon, Motion to Expedite Hearing). (hthu) (Entered: 06/03/2022) |
| 06/03/2022 | 32 (3 pgs; 2 docs) | Reply *to the Response to the Statement of Non-Objection* Regarding the Hearing on under advisement. Filed by U LOCK INC (RE: related document(s): 29 Response filed by Creditor Christine Biros). (Attachments: # 1 Certificate of Service) (Roth, J.) (Entered: 06/03/2022) |
| 06/03/2022 | 33 (4 pgs; 2 docs) | Proposed Order RE: *(non consent) Limited Relief from Stay* Filed by Debtor U LOCK INC (RE: related document(s): 31 Order -Non-motion related-). (Attachments: # 1 Certificate of Service) (Roth, J.) (Entered: 06/03/2022) |
| 06/03/2022 | 34 (3 pgs) | Hearing Held on 6/2/2022 (RE: related document(s): 14 Motion to Dismiss Case filed by Creditor Christine Biros, Motion for Sanctions, Motion for Relief From Stay, Motion to Abandon, Motion |

**APPENDIX A007**

| | | |
|---|---|---|
| | | to Expedite Hearing). 1. [Text Order] 2. [Text Order] (aala) (Entered: 06/03/2022) |
| 06/03/2022 | [35](#)<br>(1 pg) | 3-Day Transcript Requested by Christine Biros regarding hearing held 06/02/2022. Transcript is being prepared by J&J Court Transcribers, Inc. Estimated completion date is 06/08/2022. (RE: related document(s): [34](#) Hearing Held). (hsmi) (Entered: 06/03/2022) |
| 06/03/2022 | [36](#)<br>(7 pgs; 2 docs) | Order Granting Christine Biros Limited Relief from the Stay. Signed on 6/3/2022. (RE: related document(s): [14](#) Motion to Dismiss Case, Motion for Sanctions, Motion for Relief From Stay, Motion to Abandon, Motion to Expedite Hearing, [22](#) Response, [28](#) Notice). (hthu) (Entered: 06/03/2022) |
| 06/05/2022 | [37](#)<br>(7 pgs) | BNC Certificate of Mailing - PDF Document. (RE: related document(s): [36](#) Order -Non-motion related-). Notice Date 06/05/2022. (Admin.) (Entered: 06/06/2022) |
| 06/08/2022 | [38](#)<br>(38 pgs) | Transcript regarding Hearing Held 06/02/2022. The transcript may be viewed at the Bankruptcy Court Clerk's Office. For information about how to contact the transcriber, call the Clerk's Office or contact the Court Reporter/Transcriber J&J Court Transcribers, Inc., Telephone number 609-586-2311. (RE: related document(s) [35](#) Transcript Request). Notice of Intent to Request Redaction due 6/15/2022. Redaction Request due 6/29/2022. Redacted Transcript Submission due 7/11/2022. Remote electronic access to the transcript is restricted through 9/6/2022. (hsmi) (Entered: 06/08/2022) |
| 06/08/2022 | [39](#)<br>(3 pgs; 2 docs) | Notice of Filing of Transcript. Notice is hereby given that a transcript of the hearing held on 06/02/2022 on Expedited Motion to Dismiss Case, in addition to Motion For Sanctions Against Petitioning Creditor, or in the alternative Motion for Relief from Stay Fee Amount, or in the alternative Motion to Abandon the Movants Property filed by Christine Biros; Amended Exhibit I has been filed. Transcripts are available for inspection only at the Clerk's Office or may be purchased from the Court Transcriber during the 90 day restriction period. (RE: related document(s): [38](#) Transcript). (hsmi) (Entered: 06/08/2022) |
| 06/10/2022 | [40](#)<br>(3 pgs) | BNC Certificate of Mailing - PDF Document. (RE: related document(s): [39](#) Notice of Filing of Transcript). Notice Date 06/10/2022. (Admin.) (Entered: 06/11/2022) |
| 06/17/2022 | [41](#)<br>(2 pgs; 2 docs) | Notice of Appointment of Trustee. (aala) (Entered: 06/17/2022) |
| 06/17/2022 | [42](#)<br>(2 pgs; 2 docs) | Order for Relief Signed on 6/17/2022. Incomplete Filings due by 7/1/2022. Statement of Current Monthly Income FR 122A due by 7/1/2022. List of all Creditors due 6/24/2022. Proofs of Claims due by 8/26/2022. Government Proof of Claim due by 12/14/2022. (aala) Modified on 6/21/2022 (aala). CORRECTIVE ENTRY: THE DEADLINE FOR THE STATEMENT OF CURRENT MONTHLY INCOME FR 122A IS DUE BY 7/5/2022 AND INCOMPLETE FILINGS ARE DUE BY 7/5/2022. THE 7/1/2022 DEADLINE WAS TERMINATED. (Entered: 06/17/2022) |

# APPENDIX A008

| | | |
|---|---|---|
| 06/17/2022 | 43<br>(2 pgs; 2 docs) | ORDER AND NOTICE REGARDING INVOLUNTARY CHAPTER 7 PETITION. Signed on 6/17/2022. (RE: related document(s): 1 Involuntary Petition Chapter 7). IT IS FURTHER ORDERED that if the documents are not filed pursuant to this Order by July 5, 2022, a Rule to Show Cause hearing is to be held on 7/7/2022 at 11:00 AM at p01 Courtroom A, 54th Floor, U.S. Steel Tower, Pittsburgh. cm: All Interested Parties (aala) (Entered: 06/17/2022) |
| 06/19/2022 | 44<br>(3 pgs) | BNC Certificate of Mailing. (RE: related document(s): 41 Notice Appointing Trustee. Notice Date 06/19/2022. (Admin.) (Entered: 06/20/2022) |
| 06/19/2022 | 45<br>(2 pgs) | BNC Certificate of Mailing - PDF Document. (RE: related document(s): 42 Order for Relief -Ch.7-). Notice Date 06/19/2022. (Admin.) (Entered: 06/20/2022) |
| 06/21/2022 | 46 | Deadlines Updated (RE: related document(s): 42 Order for Relief -Ch.7-). Statement of Current Monthly Income FR 122A due by 7/5/2022. Incomplete Filings due by 7/5/2022. (aala) (Entered: 06/21/2022) |
| 06/21/2022 | 47 | Corrective Entry: THE DEADLINE FOR THE STATEMENT OF CURRENT MONTHLY INCOME FR 122A IS DUE BY 7/5/2022 AND INCOMPLETE FILINGS ARE DUE BY 7/5/2022. THE 7/1/2022 DEADLINE WAS TERMINATED. (RE: related document(s): 42 Order for Relief -Ch.7-). (aala) (Entered: 06/21/2022) |
| 06/22/2022 | 48 | Rejection of Appointment by the Trustee. I, Charles O. Zebley, Jr., hereby reject the Appointment of Trustee in the above captioned case for the following reason(s) *Conflict of Interest*. Filed by Charles O. Zebley Jr.. (Zebley, Charles) (Entered: 06/22/2022) |
| 06/22/2022 | 49<br>(2 pgs; 2 docs) | Notice of Appointment of Trustee. (aala) (Entered: 06/22/2022) |
| 06/23/2022 | 50<br>(2 pgs) | BNC Certificate of Mailing - PDF Document. (RE: related document(s): 43 Order -Non-motion related-). Notice Date 06/23/2022. (Admin.) (Entered: 06/24/2022) |
| 06/24/2022 | 51<br>(3 pgs) | BNC Certificate of Mailing. (RE: related document(s): 49 Notice Appointing Trustee. Notice Date 06/24/2022. (Admin.) (Entered: 06/25/2022) |
| 06/30/2022 | 52 | Text Order Rescheduling Hearing: The Court previously issued an order scheduling a show cause hearing for July 7, 2022 at 11am if the debtor failed to complete the petition by July 5, 2022. The continued hearing on the expedited Motion to Dismiss Case [Dkt. NO. 14] is scheduled for July 6, 2022 at 11 am. Therefore, in an effort to efficiently hear both matters on the same day, it is hereby ORDERED that the in-person Show Cause Hearing scheduled for July 7, 2022 is RESCHEDULED to July 6, 2022 at 11 am in Courtroom A 54th Floor U.S. Steel Tower, 600 Grant St., Pittsburgh, PA. Judge Taddonio signed on 6/30/2022. (RE: related document(s): 43 Order -Non-motion related-, Order to Show Cause). Hearing scheduled for |

**APPENDIX A009**

| | | |
|---|---|---|
| | | 7/6/2022 at 11:00 AM via p01 Courtroom A, 54th Floor, U.S. Steel Tower, Pittsburgh. (hthu) (Entered: 06/30/2022) |
| 07/01/2022 | 53<br>(8 pgs; 4 docs) | Motion to Convert Case from Chapter 7 to 11 . Fee Amount $922 Filed by Debtor U LOCK INC. (Attachments: # 1 Notice of Hearing and Deadline to Respond # 2 Proposed Order Proposed Order # 3 Certificate of Service) (Roth, J.) (Entered: 07/01/2022) |
| 07/01/2022 | 54 | Receipt of Motion to Convert Case from Chapter 7 to 11( 22-20823-GLT) [motion,mcn7to11] ( 922.00) filing fee. Receipt number A15972573, amount $ 922.00. (U.S. Treasury) (Entered: 07/01/2022) |
| 07/05/2022 | 55<br>(4 pgs; 2 docs) | Status Report *Relating to Remediation Relief from Stay* Filed by Debtor U LOCK INC (RE: related document(s): 36 Order -Non-motion related-). (Attachments: # 1 Certificate of Service) (Roth, J.) (Entered: 07/05/2022) |
| 07/05/2022 | 56<br>(2 pgs; 2 docs) | Statement of Attorney *Pursuant to F.R.Bk. 2106* Filed by Debtor U LOCK INC (Attachments: # 1 Certificate of Service) (Roth, J.) (Entered: 07/05/2022) |
| 07/05/2022 | 57 | Text Order re: (53 Motion to Convert Case from Chapter 7 to 11). Without further notice or hearing, this pleading will be denied without prejudice if the following action is not taken: THE NOTICE OF HEARING IS TO BE FILED AS A SEPARATE ENTRY UNDER BANKRUPTCY/MISC./HEARING ON A JUDGE TADDONIO CASE FILED BY AN ATTORNEY OR TRUSTEE. This text-only entry constitutes the Court's order and notice on this matter. Judge Taddonio Signed on 7/5/2022. (RE: related document(s): 53 Motion to Convert Case from Chapter 7 to 11). Required corrective action due on or before 7/13/2022. (aala) (Entered: 07/05/2022) |
| 07/05/2022 | 58<br>(2 pgs) | Hearing on NOTICE OF HEARING AND RESPONSE DEADLINE REGARDING MOTION OF U LOCK INC. TO CONVERT CASE FROM CHAPTER 7 TO CHAPTER 11 Filed by Debtor U LOCK INC (RE: related document(s): 53 Motion to Convert Case from Chapter 7 to 11 filed by Debtor U LOCK INC). Hearing scheduled for 8/9/2022 at 02:00 PM (check with court for location). Responses due by 7/19/2022. (Roth, J.) (Entered: 07/05/2022) |
| 07/05/2022 | 59<br>(1 pg) | Summary of Assets and Liabilities Schedules for Non-Individual Filed by Debtor U LOCK INC (Roth, J.) (Entered: 07/05/2022) |
| 07/05/2022 | 60<br>(11 pgs) | Schedule A/B: Property for Non-Individual Filed by Debtor U LOCK INC (Roth, J.) (Entered: 07/05/2022) |
| 07/06/2022 | 61<br>(1 pg) | Schedule D: Creditors Having Claims Secured by Property Filed by Debtor U LOCK INC (Roth, J.) (Entered: 07/06/2022) |
| 07/06/2022 | 62<br>(4 pgs) | Schedule E/F: Creditors Who Have Unsecured Claims for Non-Individual Filed by Debtor U LOCK INC (Roth, J.) (Entered: 07/06/2022) |
| 07/06/2022 | 63 | Schedule G: Executory Contracts and Unexpired Leases Filed by |

**APPENDIX A010**

| | | |
|---|---|---|
| | (5 pgs) | Debtor U LOCK INC (Roth, J.) (Entered: 07/06/2022) |
| 07/06/2022 | [64](#) (1 pg) | Schedule H: Non-Individual- Codebtors *to the extent U Lock acted since 2015 in the capacity as a trustee* Filed by Debtor U LOCK INC (Roth, J.) (Entered: 07/06/2022) |
| 07/06/2022 | [65](#) (19 pgs) | Statement of Financial Affairs Filed by Debtor U LOCK INC (Roth, J.) (Entered: 07/06/2022) |
| 07/06/2022 | [66](#) (1 pg) | Declaration re: *Under Penalty of Perjury for Non-Individual Debtors* Filed by Debtor U LOCK INC (Roth, J.) (Entered: 07/06/2022) |
| 07/06/2022 | [67](#) (3 pgs; 2 docs) | Mailing Matrix Filed by Debtor U LOCK INC (Attachments: # [1](#) Verification of Creditor Matrix) (Roth, J.) (Entered: 07/06/2022) |
| 07/06/2022 | 68 | Text Order re: ([58](#) Hearing on a Judge Taddonio Case Set by Attorney or Trustee). Without further notice or hearing, this pleading will be denied without prejudice if the following action is not taken: THE LOCATION OF THE HEARING MUST BE REFLECTED IN THE DOCKET TEXT. MUST BE REFILED. This text-only entry constitutes the Court's order and notice on this matter. Judge Taddonio Signed on 7/6/2022. (RE: related document(s): [58](#) Hearing on a Judge Taddonio Case Set by Attorney or Trustee). Required corrective action due on or before 7/14/2022. (aala) (Entered: 07/06/2022) |
| 07/06/2022 | [69](#) (3 pgs; 2 docs) | Hearing on MOTION OF U LOCK INC. TO CONVERT CASE FROM CHAPTER 7 TO CHAPTER 11 Filed by Debtor U LOCK INC (RE: related document(s): [53](#) Motion to Convert Case from Chapter 7 to 11 filed by Debtor U LOCK INC). Hearing scheduled for 8/9/2022 at 02:00 PM via p01 Courtroom A, 54th Floor, U.S. Steel Tower, Pittsburgh. Responses due by 7/19/2022. (Attachments: # [1](#) Certificate of Service) (Roth, J.) (Entered: 07/06/2022) |
| 07/06/2022 | 70 | Text Order re: ([53](#) Motion to Convert Case from Chapter 7 to 11, [69](#) Hearing on a Judge Taddonio Case Set by Attorney or Trustee).. Without further notice or hearing, this pleading will be denied without prejudice if the following action is not taken: Counsel shall serve the motion and notice of hearing on all parties listed on the Clerk's office mailing matrix. Counsel shall file amended proof of service in compliance with W.PA.LBR 2002-1 and 5005-6(b). Specifically, the Filing User's name, address, telephone number, email address and state bar registration number should be included in the signature block. This text-only entry constitutes the Court's order and notice on this matter. Judge Taddonio Signed on 7/6/2022. (RE: related document(s): [53](#) Motion to Convert Case from Chapter 7 to 11, [69](#) Hearing on a Judge Taddonio Case Set by Attorney or Trustee). Required corrective action due on or before 7/14/2022. (hthu) (Entered: 07/06/2022) |
| 07/06/2022 | [71](#) (4 pgs; 2 docs) | Application to Employ Robert H. Slone as Counsel to Chapter 7 Trustee Filed by Trustee Robert H. Slone, Trustee. (Attachments: # [1](#) Proposed Order) (Slone, Trustee, Robert) (Entered: 07/06/2022) |
| 07/06/2022 | [72](#) (3 pgs) | Hearing Held on 7/6/22 (RE: related document(s): [14](#) Motion to Dismiss Case filed by Creditor Christine Biros, Motion for |

APPENDIX A011

| | | |
|---|---|---|
| | | Sanctions, Motion for Relief From Stay, Motion to Abandon, Motion to Expedite Hearing). (hthu) (Entered: 07/06/2022) |
| 07/06/2022 | [73](#)<br>(2 pgs) | Order denying without prejudice the Expedited Motion [Dkt No.14] to the extent it seeks to dismiss the bankruptcy case. Order continuing hearing on the Expedited Motion [Dkt.No.14] to August 9, 2022 at 2pm to the extent it seeks stay relief. On or before the close of business on July 7, 2022, the Debtor shall file the declaration re: electronic filing. Judge Taddonio Signed on 7/6/2022. (RE: related document(s): [14](#) Motion to Dismiss Case filed by Creditor Christine Biros, Motion for Sanctions, Motion for Relief From Stay, Motion to Abandon, Motion to Expedite Hearing). Hearing scheduled for 8/9/2022 at 02:00 PM via p01 Courtroom A, 54th Floor, U.S. Steel Tower, Pittsburgh. Parties may participate in the hearing via Zoom video conference in compliance with Judge Taddonio's Procedures (hthu) (Entered: 07/06/2022) |
| 07/06/2022 | [74](#)<br>(2 pgs) | Exhibit A submitted at July 6, 2022 hearing by Debtor U LOCK INC (RE: related document(s): [72](#) Hearing Held). (hthu) (Entered: 07/06/2022) |
| 07/06/2022 | [75](#)<br>(3 pgs) | Amended Certificate of Service Regarding the Hearing on 8/9/2022. Filed by U LOCK INC (RE: related document(s): [53](#) Motion to Convert Case from Chapter 7 to 11, [69](#) Hearing on a Judge Taddonio Case Set by Attorney or Trustee, 70 Order Fixing Deadline to Deny a Motion). (Roth, J.) (Entered: 07/06/2022) |
| 07/07/2022 | [76](#)<br>(1 pg) | Declaration re: *Electronic Filing of Schedules and Statements* Filed by Debtor U LOCK INC (Roth, J.) Modified on 7/7/2022 (aala). CORRECTIVE ENTRY: THE DECLARATION OF ELECTRONIC FILING IS NOT TO BE FILED ELECTRONICALLY. THE EIN NUMBER IS REQUIRED ON THE DOCUMENT. MUST BE REFILED THROUGH THE EDSS SYSTEM PER JUDGE TADDONIO'S SIGNED ORDER 7/6/2022 AT DOCUMENT # 73. (Entered: 07/07/2022) |
| 07/07/2022 | 77 | Corrective Entry: THE DECLARATION OF ELECTRONIC FILING IS NOT TO BE FILED ELECTRONICALLY. THE EIN NUMBER IS REQUIRED ON THE DOCUMENT. MUST BE REFILED THROUGH THE EDSS SYSTEM PER JUDGE TADDONIO'S SIGNED ORDER 7/6/2022 AT DOCUMENT # 73. (RE: related document(s): [76](#) Declaration filed by Debtor U LOCK INC). (aala) (Entered: 07/07/2022) |
| 07/07/2022 | [78](#)<br>(2 pgs; 2 docs) | Order Granting Application to Employ Robert H. Slone, Esq. as Counsel for the Chapter 7 Trustee. (Related Doc # [71](#)) Signed on 7/7/2022. (aala) (Entered: 07/07/2022) |
| 07/07/2022 | 79 | Declaration Re: Electronic Filing (aala) (Entered: 07/07/2022) |
| 07/07/2022 | [80](#)<br>(3 pgs; 2 docs) | Meeting of Creditors 341(a) meeting to be held on 09/09/2022 at 09:00 AM at 341 telephonic hearing. Proofs of Claims due by 8/26/2022. Government Proof of Claim due by 12/14/2022. (aala) (Entered: 07/07/2022) |
| 07/08/2022 | [81](#)<br>(3 pgs) | Certificate of Service *for Order Granting Application to Employ Robert H. Slone, Esq. as Counsel for the Chapter 7 Trustee* Filed by |

**APPENDIX A012**

|  |  |  |
|---|---|---|
|  |  | Trustee Robert H. Slone, Trustee (RE: related document(s): [78](#) Order on Application to Employ). (Slone, Trustee, Robert) (Entered: 07/08/2022) |
| 07/09/2022 | [82](#)<br>(5 pgs) | BNC Certificate of Mailing - Meeting of Creditors. (RE: related document(s): [80](#) Meeting of Creditors Chapter 7 Asset Business/Corporation). Notice Date 07/09/2022. (Admin.) (Entered: 07/10/2022) |
| 07/09/2022 | [83](#)<br>(3 pgs) | BNC Certificate of Mailing - PDF Document. (RE: related document(s): [78](#) Order on Application to Employ). Notice Date 07/09/2022. (Admin.) (Entered: 07/10/2022) |
| 07/12/2022 | 84 | Trustee's Notice of Assets & Request for Notice to Creditors Filed by Robert H. Slone, Trustee. (Slone, Trustee, Robert) (Entered: 07/12/2022) |
| 07/12/2022 | [85](#)<br>(1 pg) | Three-Day Transcript Requested by U LOCK INC regarding hearing held on 07/06/2022. Transcript is being prepared by J&J Court Transcribers, Inc. Estimated completion date is 07/18/2022. (RE: related document(s): [72](#) Hearing Held). (aolo) (Entered: 07/12/2022) |
| 07/15/2022 | [86](#)<br>(11 pgs; 3 docs) | Notice Regarding of Non-Compliance as Directed by Paragraph 12 of the Order at Entry 36. Filed by Debtor U LOCK INC (RE: related document(s): [36](#) Order -Non-motion related-). (Attachments: # [1](#) Exhibit Cease and Desist from North Huntingdon Township # [2](#) Declaration of George Snyder) (Roth, J.) (Entered: 07/15/2022) |
| 07/15/2022 | [87](#)<br>(3 pgs; 2 docs) | Certificate of Service *of Notice of Non-Compliance* Filed by U LOCK INC (RE: related document(s): [86](#) Notice). (Attachments: # [1](#) Mailing Matrix of Persons Served)(Roth, J.) (Entered: 07/15/2022) |
| 07/18/2022 | [88](#)<br>(49 pgs) | Transcript regarding Hearing Held 07/06/2022. The transcript may be viewed at the Bankruptcy Court Clerk's Office. For information about how to contact the transcriber, call the Clerk's Office or contact the Court Reporter/Transcriber J&J Court Transcribers, Inc., Telephone number 609-586-2311. (RE: related document(s) [85](#) Transcript Request). Notice of Intent to Request Redaction due 7/25/2022. Redaction Request due 8/8/2022. Redacted Transcript Submission due 8/18/2022. Remote electronic access to the transcript is restricted through 10/17/2022. (hsmi) (Entered: 07/18/2022) |
| 07/18/2022 | [89](#)<br>(3 pgs; 2 docs) | Notice of Filing of Transcript. Notice is hereby given that a transcript of the hearing held on 07/06/2022 on Continued Expedited Motion to Dismiss Case, in addition to Motion For Sanctions Against Petitioning Creditor, or in the alternative Motion for Relief from Stay Fee Amount, or in the alternative Motion to Abandon the Movant's Property; Order to Show Cause has been filed. Transcripts are available for inspection only at the Clerk's Office or may be purchased from the Court Transcriber during the 90 day restriction period. (RE: related document(s): [88](#) Transcript). (hsmi) (Entered: 07/18/2022) |
| 07/18/2022 | [90](#)<br>(2 pgs; 2 docs) | This matter is before the Court upon the filing of the Notice Regarding Non-Compliance as Directed by Paragraph 12 of the |

**APPENDIX A013**

| | | |
|---|---|---|
| | | Order at Entry 36 [Dkt. No.86] (the Notice) filed by U LOCK INC. It is hereby ORDERED, ADJUDGED AND DECREED that:(1) Any response to the Notice shall be filed on or before July 25, 2022. Order Signed on 7/18/2022. (RE: related document(s): 86 Notice). (aala) (Entered: 07/18/2022) |
| 07/19/2022 | **91** (15 pgs; 5 docs) | Response *In Opposition* Regarding the Hearing on 08/09/22. Filed by Christine Biros (RE: related document(s): 53 Motion to Convert Case from Chapter 7 to 11 filed by Debtor U LOCK INC). (Attachments: # 1 Exhibit A # 2 Exhibit B # 3 Certificate of Service # 4 Mailing Matrix) (Wenrich, Sarah) (Entered: 07/19/2022) |
| 07/19/2022 | **92** (5 pgs; 2 docs) | Response *to Motion to Convert Case from Chapter 7 to 11* Regarding the Hearing on 08/09/22. Filed by Robert H. Slone, Trustee (RE: related document(s): 53 Motion to Convert Case from Chapter 7 to 11 filed by Debtor U LOCK INC, 69 Hearing on a Judge Taddonio Case Set by Attorney or Trustee filed by Debtor U LOCK INC). (Attachments: # 1 Proposed Order) (Slone, Trustee, Robert) (Entered: 07/19/2022) |
| 07/20/2022 | **93** (4 pgs) | BNC Certificate of Mailing - PDF Document. (RE: related document(s): 89 Notice of Filing of Transcript). Notice Date 07/20/2022. (Admin.) (Entered: 07/21/2022) |
| 07/20/2022 | **94** (3 pgs) | BNC Certificate of Mailing - PDF Document. (RE: related document(s): 90 Order -Non-motion related-). Notice Date 07/20/2022. (Admin.) (Entered: 07/21/2022) |
| 07/22/2022 | **95** (5 pgs; 2 docs) | Motion to Compel William Otto to File Appearance. Filed by Petitioning Creditor Shanni Snyder. (Attachments: # 1 Proposed Order) (mgut) (Entered: 07/22/2022) |
| 07/25/2022 | **96** (2 pgs) | Response *to Debtor U Lock's Notice of Non-Compliance* Regarding the Hearing on no hearing date scheduled. Filed by Robert H. Slone, Trustee (RE: related document(s): 86 Notice filed by Debtor U LOCK INC). (Slone, Trustee, Robert) (Entered: 07/25/2022) |
| 07/25/2022 | **97** (14 pgs; 4 docs) | Response *to Debtor U Locks notice of Non-Compliance* Regarding the Hearing on 08/09/2022. Filed by Christine Biros (RE: related document(s): 36 Order -Non-motion related-, 86 Notice filed by Debtor U LOCK INC). (Attachments: # 1 Exhibit A # 2 Certificate of Service # 3 Exhibit Creditor's Mail Matrix) (Wenrich, Sarah) (Entered: 07/25/2022) |
| 07/28/2022 | **98** (2 pgs; 2 docs) | Order Signed on 7/28/2022. ORDERED, ADJUDGED, and DECREED that the Motion will be dismissed on August 5, 2022, without prejudice unless the Movant takes the following corrective action:... (RE: related document(s): 95 Motion to Compel William Otto to file an Appearance). (lfin) (Entered: 07/28/2022) |
| 07/30/2022 | **99** (3 pgs) | BNC Certificate of Mailing - PDF Document. (RE: related document(s): 98 Order -Non-motion related-). Notice Date 07/30/2022. (Admin.) (Entered: 07/31/2022) |
| 08/01/2022 | **104** (438 pgs; 3 docs) | Adversary case 22-2048. Complaint Pursuant to 11 USC 105(a) and 362(k) by U LOCK INC against Christine Biros. Fee Amount $ 350. (Attachments: # 1 Exhibit A -- Contract between U Lock and |

| | | |
|---|---|---|
| | | Biros # 2 Exhibit B -- Decision of Court of Common Pleas # 3 Exhibit C -- Superior Court Opinion # 4 Exhibit D(1) -- State Court Docket Sheet #1 # 5 Exhibit D(2) -- State Court docket sheet pt 2 # 6 Exhibit Superior Court docket sheet # 7 Exhibit F -- Supreme Court of Pennsylvania docket sheet # 8 Exhibit G -- Unilateral Order of January 20 2022 # 9 Exhibit H-- January 25 2022 deed # 10 Exhibit I -- U Lock motion to stay remand of record # 11 Exhibit J -- Biros response to motion to stay # 12 Exhibit K-- March 16 2022 Order of Supreme Court of Pennsylvania # 13 Exhibit L -- U Lock motion to vacate unilateral order # 14 Exhibit M -- April 16 2022 Petition for Writ of Possession (never filed) # 15 Exhibit N -- Motion for Sanctions (never filed) # 16 Exhibit O -- U Lock preliminary objections to petition for possession # 17 Exhibit P -- Transcript of April 22 2022 hearing # 18 Exhibit Q -- May 13 2022 Order Granting Possession and Levy # 19 Exhibit R -- May 13 2022 Order Denying Motion to Vacate Unilateral Order # 20 Exhibit S May 18 2022 Letter from Christine Biros to state judge # 21 Exhibit T -- Transcript May 20 2022 state court hearing # 22 Exhibit U -- May 24 2022 letter from Christine Biros to state judge # 23 Exhibit V -- June 1 2022 letter from Christine Biros to state court judge # 24 Exhibit W -- Letter to state court judge May 5 2022) Nature of Suit: (91 (Declaratory judgment)),(14 (Recovery of money/property - other)) (Roth, J.) (Attachments: # 1 Exhibits A-N # 2 Exhibits O-W) (dpas) (Attachment 1 replaced on 8/5/2022) (dpas). (Attachment 2 replaced on 8/5/2022) (dpas). (Entered: 08/05/2022) |
| 08/03/2022 | 100 (6 pgs; 2 docs) | Declaration re: *Notice of Non-Compliance (Docket Entry 86)* Filed by Debtor U LOCK INC (Attachments: # 1 Certificate of Service) (Roth, J.) (Entered: 08/03/2022) |
| 08/03/2022 | 101 (5 pgs; 2 docs) | NOTICE OF HEARING AND RESPONSE DEADLINE REGARDING MOTION OF SHANNI SNYDER TO COMPEL WILLIAM OTTO TO FILE APPEARANCE (RE: related document(s): 95 Motion to Compel filed by Petitioning Creditor Shanni Snyder). Hearing scheduled for 9/9/2022 at 11:00 AM via p01 Courtroom A, 54th Floor, U.S. Steel Tower, Pittsburgh. Responses due by 8/21/2022. Filed by Shanni Snyder (aala) (Entered: 08/03/2022) |
| 08/04/2022 | 102 (21 pgs; 2 docs) | Exhibit *s to be referenced at hearing on August 9, 2022* Filed by Debtor U LOCK INC (RE: related document(s): 53 Motion to Convert Case from Chapter 7 to 11 filed by Debtor U LOCK INC). (Attachments: # 1 Certificate of Service) (Roth, J.) (Entered: 08/04/2022) |
| 08/04/2022 | 103 (2 pgs; 2 docs) | Order Denying Motion To Compel William Otto to File Appearance - The hearing scheduled for September 9, 2022 is CANCELLED. (Related Doc # 95) Signed on 8/4/2022. (aala) (Entered: 08/04/2022) |
| 08/05/2022 | 105 (14 pgs; 2 docs) | Adversary case 22-02052. Complaint by Shanni Snyder against U LOCK INC. , Biros Irrevocable Life Insurance Trust , Christine Biros , Robert H. Slone , Charles O. Zebley Jr.. Receipt Number NFP, Fee Amount $ 350 . (Attachments: # 1 Letter) Nature of Suit: (91 (Declaratory judgment)) ,(21 (Validity, priority or extent of lien or other interest in property)) (aala) (Entered: 08/05/2022) |
| 08/05/2022 | 106 (6 pgs) | BNC Certificate of Mailing - PDF Document. (RE: related document(s): 101 Order Scheduling Hearing). Notice Date 08/05/2022. (Admin.) (Entered: 08/06/2022) |

| 08/06/2022 | [107](#)<br>(3 pgs) | BNC Certificate of Mailing - PDF Document. (RE: related document(s): [103](#) Order on Motion to Compel). Notice Date 08/06/2022. (Admin.) (Entered: 08/07/2022) |
|---|---|---|
| 08/08/2022 | [108](#)<br>(19 pgs; 3 docs) | DECLARATION OF GEORGE SNYDER IN REFERENCE TO CERTAIN EQUIPMENT Filed by Managing General Partner George Snyder (Attachments: # [1](#) Exhibit # [2](#) Certificate of Service) (aala) (Entered: 08/08/2022) |
| 08/10/2022 | [109](#)<br>(2 pgs) | Hearing Held on 8/9/2022 (RE: related document(s): [14](#) Motion to Dismiss Case filed by Creditor Christine Biros, Motion for Sanctions, Motion for Relief From Stay, Motion to Abandon, Motion to Expedite Hearing, [36](#) Order -Non-motion related-, [53](#) Motion to Convert Case from Chapter 7 to 11 filed by Debtor U LOCK INC, [102](#) Exhibit filed by Debtor U LOCK INC). (jhel) (Entered: 08/10/2022) |
| 08/10/2022 | 110 | TEXT ORDER: On August 9, 2022, a hearing was conducted on the Motion to Convert Case from Chapter 7 to 11 [Dkt. No. 53] ("Motion"). It is hereby ORDERED, ADJUDGED, and DECREED that the Motion is DENIED for the reasons stated on the record. This text-only entry constitutes the Court's order and notice on this matter. Judge Taddonio Signed on 8/10/2022. (jhel) (Entered: 08/10/2022) |
| 08/10/2022 | 111 | TEXT ORDER: On August 9, 2022, a hearing was conducted on the Notice Regarding Non-Compliance as Directed by Paragraph 12 of the Order at Entry 36 [Dkt. No. 86] ("Notice"). It is hereby ORDERED, ADJUDGED, and DECREED that the Notice is DENIED as WITHDRAWN. This text-only entry constitutes the Court's order and notice on this matter. Judge Taddonio Signed on 8/10/2022. (RE: related document(s): [86](#) Notice). (jhel) (Entered: 08/10/2022) |
| 08/10/2022 | 112 | TEXT ORDER: On August 9, 2022, a hearing was conducted on Adversary Proceeding (22-2048-GLT) [Dkt. No. 104] ("Adversary"). It is hereby ORDRED, ADJUDGED, and DECREED, that the Adversary is DISMISSED prejudice for the reasons stated on the record. This text-only entry constitutes the Court's order and notice on this matter. Judge Taddonio Signed on 8/10/2022.. (RE: related document(s): [104](#) Entry). (jhel) (Entered: 08/10/2022) |
| 08/10/2022 | 113 | TEXT ORDER: On August 9, 2022, a hearing was conducted on the continued Expedited Motion to Dismiss Case, in addition Motion for Sanctions, Motion to Abandon the Movants Property Against Petitioning Creditor, or in the alternative Motion for Relief from Stay or in the alternative Motion to Abandon the Movants Property ("Motion"). It is hereby ORDRED, ADJUDGED, and DECREED, that: (1) The Motion is CONTINUED to August 25, 2022, at 11:30 a.m. before Judge Gregory L. Taddonio in Courtroom A, 54th Floor U.S. Steel Tower, 600 Grant Street, Pittsburgh, Pennsylvania. (2) On or before August 23, 2022, the Trustee shall file a status report. (3) Parties that wish to participate in the hearing via Zoom video conference shall comply with Judge Taddonio's Procedures. If the parties already have registered for the hearing, there is no need to re-register for this time change. This text-only entry constitutes the Court's order and notice on this matter. Judge Taddonio Signed on 8/10/2022 (RE: related document(s): [14](#) Motion to Dismiss Case filed by Creditor Christine Biros, Motion for Sanctions, Motion for Relief From Stay, Motion to Abandon, Motion to Expedite Hearing). (jhel) (Entered: 08/10/2022) |

## APPENDIX A016

| Date | Entry | Description |
|---|---|---|
| 08/10/2022 | [114](#)<br>(1 pg) | 3-Day Transcript Requested by U LOCK INC regarding hearing held 08/09/2022. Transcript is being prepared by J&J Court Transcribers, Inc. Estimated completion date is 08/15/2022. (RE: related document(s): [109](#) Hearing Held). (hsmi) (Entered: 08/10/2022) |
| 08/15/2022 | [115](#)<br>(38 pgs) | Transcript regarding Hearing Held 08/09/2022. The transcript may be viewed at the Bankruptcy Court Clerk's Office. For information about how to contact the transcriber, call the Clerk's Office or contact the Court Reporter/Transcriber J&J Court Transcribers, Inc., Telephone number 609-586-2311. (RE: related document(s) [114](#) Transcript Request). Notice of Intent to Request Redaction due 8/22/2022. Redaction Request due 9/6/2022. Redacted Transcript Submission due 9/15/2022. Remote electronic access to the transcript is restricted through 11/14/2022. (hsmi) (Entered: 08/15/2022) |
| 08/15/2022 | [116](#)<br>(3 pgs; 2 docs) | Notice of Filing of Transcript. Notice is hereby given that a transcript of the hearing held on 08/09/2022 on Continued Expedited Motion to Dismiss Case, in addition to Motion For Sanctions Against Petitioning Creditor, or in the alternative Motion for Relief from Stay, or in the alternative Motion to Abandon the Movants Property; Order Granting Christine Biros Limited Relief from the Stay; Notice Regarding Non-Compliance as Directed by Paragraph 12 of the Order at Entry 36; Motion to Convert Case from Chapter 7 to 11; Exhibits to be referenced at hearing on 8/9/22 has been filed. Transcripts are available for inspection only at the Clerk's Office or may be purchased from the Court Transcriber during the 90 day restriction period. (RE: related document(s): [115](#) Transcript). (hsmi) (Entered: 08/15/2022) |
| 08/17/2022 | [117](#)<br>(7 pgs; 3 docs) | Application to Employ Eric E. Bononi, Esq., CPA as Accountant for the Trustee Filed by Trustee Robert H. Slone, Trustee. (Attachments: # [1](#) Exhibit # [2](#) Proposed Order) (Slone, Trustee, Robert) (Entered: 08/17/2022) |
| 08/17/2022 | [118](#)<br>(2 pgs) | Hearing on Trustee's Motion to Employ Accountant Filed by Trustee Robert H. Slone, Trustee (RE: related document(s): [117](#) Application to Employ filed by Trustee Robert H. Slone, Trustee). Hearing scheduled for 9/22/2022 at 10:00 AM via p01 Courtroom A, 54th Floor, U.S. Steel Tower, Pittsburgh. Responses due by 9/6/2022. (Slone, Trustee, Robert) (Entered: 08/17/2022) |
| 08/17/2022 | [119](#)<br>(4 pgs) | BNC Certificate of Mailing - PDF Document. (RE: related document(s): [116](#) Notice of Filing of Transcript). Notice Date 08/17/2022. (Admin.) (Entered: 08/18/2022) |
| 08/22/2022 | [120](#)<br>(2 pgs) | Status Report Filed by Trustee Robert H. Slone, Trustee (RE: related document(s): 113 Hearing Continued). (Slone, Trustee, Robert) (Entered: 08/22/2022) |
| 08/23/2022 | [121](#)<br>(4 pgs; 2 docs) | Notice of Appeal *from Order Denying Motion to Convert*. Fee Amount $ 298. Filed by U LOCK INC (RE: related document(s): 110 Order on Motion to Convert Case from Chapter 7 to Chapter 11). Appellant Designation due by 09/6/2022 for 110 ,. (Roth, J.) (Entered: 08/23/2022) |
| 08/23/2022 | 122 | Receipt of Notice of Appeal( [22-20823-GLT](#) ) [appeal,ntcapl] ( 298.00) filing fee. Receipt number A16028443, amount $ 298.00. (U.S. |

**APPENDIX A017**

| | | |
|---|---|---|
| | | Treasury) (Entered: 08/23/2022) |
| 08/24/2022 | [123](#)<br>(2 pgs; 2 docs) | Letter Requesting Appeal Cover Sheet sent to J. Allen Roth, Esq. (mgut) (Entered: 08/24/2022) |
| 08/24/2022 | [124](#)<br>(2 pgs; 2 docs) | Letter to All Parties Regarding Filing Designations of Record on Appeal. cm: Debtor, J. Allen Roth, Esq., Robert Slone, Esq., Christine Biros, Sarah E. Wenrich, Esq., Shanni Snyder (RE: related document(s): [121](#) Notice of Appeal filed by Debtor U LOCK INC, [123](#) Letter Requesting Appeal Cover Sheet). (mgut) (Entered: 08/24/2022) |
| 08/24/2022 | [125](#)<br>(2 pgs; 2 docs) | Letter of Transmission to District Court. Documents Delivered to District Court. (RE: related document(s): 110 Order on Motion to Convert Case from Chapter 7 to Chapter 11, [121](#) Notice of Appeal filed by Debtor U LOCK INC, [123](#) Letter Requesting Appeal Cover Sheet, [124](#) Letter Regarding Filing Designations). (mgut) (Entered: 08/24/2022) |
| 08/25/2022 | 126 | Receipt of Electronic Notification from The United States District Court in the Western District of Pennsylvania. Miscellaneous/Civil Action No. 2:22-cv-01218. District Court Document No. 1. Name of Judge: Robert J. Colville. (RE: related document(s): [121](#) Notice of Appeal filed by Debtor U LOCK INC). (aala) (Entered: 08/25/2022) |
| 08/26/2022 | [127](#)<br>(1 pg) | Hearing Held on 8/25/2022 (RE: related document(s): [14](#) Motion to Dismiss Case filed by Creditor Christine Biros, Motion for Sanctions, Motion for Relief From Stay, Motion to Abandon, Motion to Expedite Hearing). 1. [Text Order] 2. [Text Order] 3. [Chambers to Issue] (aala) (Entered: 08/26/2022) |
| 08/26/2022 | 128 | TEXT ORDER: On August 25, 2022, the Court held a continued hearing on the Expedited Motion to Dismiss Case, in addition to Motion For Sanctions Against Petitioning Creditor, or in the alternative Motion for Relief from Stay or in the alternative Motion to Abandon the Movants Property [Dkt. No. 14]. Based upon statements made on the record at the August 25 hearing, it is hereby ORDERED that the Expedited Motion [Dkt. No. 14] is DENIED without prejudice with respect to any request for additional relief beyond the Order entered on June 3, 2022 at Dkt. No. 36. Judge Taddonio Signed on 8/26/2022. (RE: related document(s): [14](#) Expedited Motion to Dismiss Case, Motion For Sanctions Against Petitioning Creditor, Motion for Relief from Stay. Fee Amount $188., Motion to Abandon the Movant's Property. Fee Amount $ 188., Motion to Expedite Hearing. (hthu) (Entered: 08/26/2022) |
| 08/26/2022 | 129 | TEXT ORDER: On August 25, 2022, the Court held a continued hearing on the Expedited Motion to Dismiss Case, in addition to Motion For Sanctions Against Petitioning Creditor, or in the alternative Motion for Relief from Stay or in the alternative Motion to Abandon the Movants Property [Dkt. No. 14]. Based upon statements made on the record at the August 25 hearing, it is hereby ORDERED that on or before September 26, 2022, the trustee is directed to review the various alleged stay violations by the parties and determinewhether to file any appropriate causes of action. Judge Taddonio Signed on 8/26/2022. (hthu) (Entered: 08/26/2022) |

**APPENDIX A018**

| | | |
|---|---|---|
| 08/26/2022 | [130](#)<br>(1 pg) | 3-Day Transcript Requested by U LOCK INC regarding hearing held 8/25/2022. Transcript is being prepared by J&J Court Transcribers, Inc. Estimated completion date is 8/31/2022. (RE: related document(s): [127](#) Hearing Held). (aolo) (Entered: 08/26/2022) |
| 08/26/2022 | 131 | The upcoming 341(a) meeting is scheduled to be held by phone. Call 1-866-687-2935 and use access code 3684723 to join the meeting. (Slone, Trustee, Robert) (Entered: 08/26/2022) |
| 08/26/2022 | [132](#)<br>(5 pgs) | BNC Certificate of Mailing - PDF Document. (RE: related document(s): [121](#) Notice of Appeal filed by Debtor U LOCK INC). Notice Date 08/26/2022. (Admin.) (Entered: 08/27/2022) |
| 08/26/2022 | [133](#)<br>(3 pgs) | BNC Certificate of Mailing - PDF Document. (RE: related document(s): [124](#) Letter Regarding Filing Designations). Notice Date 08/26/2022. (Admin.) (Entered: 08/27/2022) |
| 08/26/2022 | [134](#)<br>(3 pgs) | BNC Certificate of Mailing - PDF Document. (RE: related document(s): [125](#) Letter of Transmission to District Court). Notice Date 08/26/2022. (Admin.) (Entered: 08/27/2022) |
| 08/30/2022 | [135](#)<br>(8 pgs; 2 docs) | Motion For Sale of Property under Section 363(b) *(Rights of the Chapter 7 Trustee Regarding Property Located at 14140 U.S. Route 30, North Huntingdon, PA)* Filed by Trustee Robert H. Slone, Trustee. (Attachments: # [1](#) Proposed Order) (Slone, Trustee, Robert) (Entered: 08/30/2022) |
| 08/30/2022 | [136](#)<br>(2 pgs) | Hearing on Motion to Sell Property of the Estate--Rights of the Chapter 7 Trustee Regarding Property Located at 14140 U.S. Route 30, N. Huntingdon, PA Filed by Trustee Robert H. Slone, Trustee (RE: related document(s): [135](#) Motion for Sale of Property under Section 363(b) filed by Trustee Robert H. Slone, Trustee). Hearing scheduled for 10/6/2022 at 10:30 AM via p01 Courtroom A, 54th Floor, U.S. Steel Tower, Pittsburgh. Responses due by 9/19/2022. (Slone, Trustee, Robert) (Entered: 08/30/2022) |
| 08/31/2022 | [137](#)<br>(15 pgs; 3 docs) | Motion For Sale of Property under Section 363(b) Filed by Trustee Robert H. Slone, Trustee. (Attachments: # [1](#) Exhibit # [2](#) Proposed Order) (Slone, Trustee, Robert) (Entered: 08/31/2022) |
| 08/31/2022 | [138](#)<br>(2 pgs) | Hearing on Trustee's Motion to Sell Personal Property of the Estate Filed by Trustee Robert H. Slone, Trustee (RE: related document(s): [137](#) Motion for Sale of Property under Section 363(b) filed by Trustee Robert H. Slone, Trustee). Hearing scheduled for 10/6/2022 at 10:30 AM via p01 Courtroom A, 54th Floor, U.S. Steel Tower, Pittsburgh. Responses due by 9/19/2022. (Slone, Trustee, Robert) (Entered: 08/31/2022) |
| 08/31/2022 | [139](#)<br>(18 pgs) | Transcript regarding Hearing Held 08/25/2022. The transcript may be viewed at the Bankruptcy Court Clerk's Office. For information about how to contact the transcriber, call the Clerk's Office or contact the Court Reporter/Transcriber J&J Court Transcribers, Inc., Telephone number 609-586-2311. (RE: related document(s) [130](#) Transcript Request filed by Debtor U LOCK INC). Notice of Intent to Request Redaction due 9/7/2022. Redaction Request due 9/21/2022. Redacted Transcript Submission due 10/3/2022. Remote electronic access to the |

**APPENDIX A019**

| | | |
|---|---|---|
| | | transcript is restricted through 11/29/2022. (hsmi) (Entered: 08/31/2022) |
| 08/31/2022 | [140](#) (3 pgs; 2 docs) | Notice of Filing of Transcript. Notice is hereby given that a transcript of the hearing held on 08/25/2022 on Continued Expedited Motion to Dismiss Case, in addition to Motion For Sanctions Against Petitioning Creditor, or in the alternative Motion for Relief from Stay, or in the alternative Motion to Abandon the Movants Property and Order Granting Christine Biros Limited Relief from the Stay has been filed. Transcripts are available for inspection only at the Clerk's Office or may be purchased from the Court Transcriber during the 90 day restriction period. (RE: related document(s): [139](#) Transcript). (hsmi) (Entered: 08/31/2022) |
| 09/01/2022 | [141](#) (3 pgs) | Appeal Cover Sheet Filed by U LOCK INC (RE: related document(s): [121](#) Notice of Appeal). (Roth, J.) (Entered: 09/01/2022) |
| 09/01/2022 | [142](#) (1 pg) | Statement of Issues on Appeal, Filed by U LOCK INC (RE: related document(s): [121](#) Notice of Appeal, [141](#) Appeal Cover Sheet). (Roth, J.) (Entered: 09/01/2022) |
| 09/01/2022 | [143](#) (3 pgs; 2 docs) | Order Signed on 9/1/2022. It is hereby ORDERED, ADJUDGED, and DECREED that:1. The State Courts Writ of Possession Order is deemed VOID. (RE: related document(s): [1](#) Involuntary Petition Chapter 7). [14](#) Motion to Dismiss (aala) (Entered: 09/01/2022) |
| 09/02/2022 | [144](#) (4 pgs) | BNC Certificate of Mailing - PDF Document. (RE: related document(s): [140](#) Notice of Filing of Transcript). Notice Date 09/02/2022. (Admin.) (Entered: 09/03/2022) |
| 09/03/2022 | [145](#) (4 pgs) | BNC Certificate of Mailing - PDF Document. (RE: related document(s): [143](#) Order -Non-motion related-). Notice Date 09/03/2022. (Admin.) (Entered: 09/04/2022) |
| 09/06/2022 | [148](#) (3 pgs; 2 docs) | Notice of Appeal . Receipt Number NFP,Fee Amount $ 298. Filed by Shanni Snyder (RE: related document(s): 110 Order on Motion to Convert Case from Chapter 7 to Chapter 11. Appellant Designation due by 9/20/2022 for 110 and for 110 , . (aala) (Entered: 09/07/2022) |
| 09/06/2022 | [149](#) (4 pgs; 2 docs) | Appeal Cover Sheet Filed by Shanni Snyder (RE: related document(s): [148](#) Notice of Appeal). (aala) (Entered: 09/07/2022) |
| 09/07/2022 | [146](#) (10 pgs) | Appellant Designation of Contents For Inclusion in Record On Appeal Filed by U LOCK INC (RE: related document(s): [121](#) Notice of Appeal, [141](#) Appeal Cover Sheet, [142](#) Statement of Issues on Appeal). Appellee designation due by 09/21/2022 for [142](#) and for [141](#) and for [121](#),. Transmission of Designation Due by 10/7/2022 for [142](#) and for [141](#) and for [121](#),. (Roth, J.) (Entered: 09/07/2022) |
| 09/07/2022 | [147](#) (1 pg) | Certificate of No Objection Regarding the Hearing on 9/22/2022. Filed by Trustee Robert H. Slone, Trustee (RE: related document(s): [117](#) Application to Employ filed by Trustee Robert H. Slone, Trustee, [118](#) Hearing on a Judge Taddonio Case Set by Attorney or Trustee filed by Trustee Robert H. Slone, Trustee. (Slone, Trustee, Robert) (Entered: 09/07/2022) |

**APPENDIX A020**

| 09/07/2022 | 150<br>(2 pgs; 2 docs) | Letter Requesting Appeal Cover Sheet (aala) (Entered: 09/07/2022) |
| --- | --- | --- |
| 09/07/2022 | 151<br>(2 pgs; 2 docs) | Letter to All Parties Regarding Filing Designations of Record on Appeal. cm: All Interested Parties (RE: related document(s): 148 Notice of Appeal filed by Petitioning Creditor Shanni Snyder). (aala) (Entered: 09/07/2022) |
| 09/07/2022 | 152<br>(2 pgs; 2 docs) | Letter of Transmission to District Court. Documents Delivered to District Court. (RE: related document(s): 110 Order on Motion to Convert Case from Chapter 7 to Chapter 11, 148 Notice of Appeal filed by Petitioning Creditor Shanni Snyder). (aala) (Entered: 09/07/2022) |
| 09/09/2022 | 153<br>(4 pgs) | BNC Certificate of Mailing - PDF Document. (RE: related document(s): 148 Notice of Appeal filed by Petitioning Creditor Shanni Snyder). Notice Date 09/09/2022. (Admin.) (Entered: 09/10/2022) |
| 09/09/2022 | 154<br>(5 pgs) | BNC Certificate of Mailing - PDF Document. (RE: related document(s): 149 Appeal Cover Sheet filed by Petitioning Creditor Shanni Snyder). Notice Date 09/09/2022. (Admin.) (Entered: 09/10/2022) |
| 09/09/2022 | 155<br>(3 pgs) | BNC Certificate of Mailing - PDF Document. (RE: related document(s): 150 Letter Requesting Appeal Cover Sheet). Notice Date 09/09/2022. (Admin.) (Entered: 09/10/2022) |
| 09/09/2022 | 156<br>(3 pgs) | BNC Certificate of Mailing - PDF Document. (RE: related document(s): 151 Letter Regarding Filing Designations). Notice Date 09/09/2022. (Admin.) (Entered: 09/10/2022) |
| 09/09/2022 | 157<br>(3 pgs) | BNC Certificate of Mailing - PDF Document. (RE: related document(s): 152 Letter of Transmission to District Court). Notice Date 09/09/2022. (Admin.) (Entered: 09/10/2022) |
| 09/12/2022 | 158<br>(2 pgs) | Proof of Publication of Notice of Sale Filed by Trustee Robert H. Slone, Trustee (RE: related document(s): 137 Motion for Sale of Property under Section 363(b) filed by Trustee Robert H. Slone, Trustee, 138 Hearing on a Judge Taddonio Case Set by Attorney or Trustee filed by Trustee Robert H. Slone, Trustee). (Slone, Trustee, Robert) (Entered: 09/12/2022) |
| 09/12/2022 | 159<br>(2 pgs) | Proof of Publication of Notice of Sale Filed by Trustee Robert H. Slone, Trustee (RE: related document(s): 135 Motion for Sale of Property under Section 363(b) filed by Trustee Robert H. Slone, Trustee, 136 Hearing on a Judge Taddonio Case Set by Attorney or Trustee filed by Trustee Robert H. Slone, Trustee). (Slone, Trustee, Robert) (Entered: 09/12/2022) |
| 09/12/2022 | 160 | Trustee Certification of Services Rendered Under 11 U.S.C. Section 330(e). I rendered the following service in the case and am eligible for payment under 11 U.S.C. Section 330(e): Filed a Notice of Assets. I declare under penalty of perjury that the foregoing is true and correct. (Executed on 9/12/2022). Filed by Robert H. Slone, Trustee (RE: related document(s): 84 Notice of Assets & Request for Notice to Creditors). (Slone, Trustee, Robert) (Entered: 09/12/2022) |

**APPENDIX A021**

| | | |
|---|---|---|
| 09/14/2022 | **161**<br>(2 pgs; 2 docs) | Default Order Granting Application to Employ Eric E. Bononi, Esq. as Accountant for the Trustee. (Related Doc 117) Signed on 9/14/2022. (aala) (Entered: 09/15/2022) |
| 09/17/2022 | **162**<br>(3 pgs) | BNC Certificate of Mailing - PDF Document. (RE: related document(s): 161 Order on Application to Employ). Notice Date 09/17/2022. (Admin.) (Entered: 09/18/2022) |
| 09/20/2022 | **163**<br>(2 pgs; 2 docs) | Motion to Withdraw/Dismiss Document *(Motions to Sell Property of the Estate)* Filed by Trustee Robert H. Slone, Trustee (RE: related document(s): 135 Motion for Sale of Property under Section 363(b), 136 Hearing on a Judge Taddonio Case Set by Attorney or Trustee, 137 Motion for Sale of Property under Section 363(b), 138 Hearing on a Judge Taddonio Case Set by Attorney or Trustee). (Attachments: # 1 Proposed Order) (Slone, Trustee, Robert) (Entered: 09/20/2022) |
| 09/20/2022 | 164 | Receipt of Electronic Notification from The United States District Court in the Western District of Pennsylvania. Miscellaneous/Civil Action No. 2:22-cv-1284. District Court Document No. 148. Name of Judge: Robert J. Colville. (RE: related document(s): 148 Notice of Appeal filed by Petitioning Creditor Shanni Snyder). (aala) (Entered: 09/20/2022) |
| 09/21/2022 | **165**<br>(2 pgs; 2 docs) | Notice of Intention to Transmit Partial Appeal. (RE: related document(s): 148 Notice of Appeal filed by Petitioning Creditor Shanni Snyder). Partial Appeal Document Completion Due Date: 10/5/2022. cm: All Interested Parties (aala) (Entered: 09/21/2022) |
| 09/21/2022 | 166 | Text Order re: (163 Motion to Withdraw/Dismiss Document -bk-).. Without further notice or hearing, this pleading will be denied without prejudice if the following action is not taken: The motion appears to be incomplete. Counsel shall refile the motion and proposed order.. This text-only entry constitutes the Court's order and notice on this matter. Judge Taddonio Signed on 9/21/2022. (RE: related document(s): 163 Motion to Withdraw/Dismiss Document -bk-). Required corrective action due on or before 9/29/2022. (hthu) (Entered: 09/21/2022) |
| 09/22/2022 | **167**<br>(3 pgs; 2 docs) | Motion to Withdraw/Dismiss Document *(refiled per corrective entry)* Filed by Trustee Robert H. Slone, Trustee (RE: related document(s): 135 Motion for Sale of Property under Section 363(b), 136 Hearing on a Judge Taddonio Case Set by Attorney or Trustee, 137 Motion for Sale of Property under Section 363(b), 138 Hearing on a Judge Taddonio Case Set by Attorney or Trustee, 163 Motion to Withdraw/Dismiss Document -bk-, 166 Order Fixing Deadline to Deny a Motion). (Attachments: # 1 Proposed Order) (Slone, Trustee, Robert) (Entered: 09/22/2022) |
| 09/22/2022 | **168**<br>(2 pgs; 2 docs) | Letter of Transmission to District Court. Documents Delivered to District Court. (RE: related document(s): 121 Notice of Appeal filed by Debtor U LOCK INC, 141 Appeal Cover Sheet filed by Debtor U LOCK INC, 142 Statement of Issues on Appeal filed by Debtor U LOCK INC, 146 Appellant Designation filed by Debtor U LOCK INC). (aala) (Entered: 09/22/2022) |

**APPENDIX A022**

| | | |
|---|---|---|
| 09/22/2022 | 169 | Receipt of Electronic Notification from The United States District Court in the Western District of Pennsylvania. Miscellaneous/Civil Action No. 2:22-cv-01218. District Court Document No. 5. Name of Judge: Robert J. Colville. (RE: related document(s): 121 Notice of Appeal filed by Debtor U LOCK INC). (aala) (Entered: 09/22/2022) |
| 09/23/2022 | 170 (3 pgs; 2 docs) | Amended Motion to Withdraw/Dismiss Document Filed by Trustee Robert H. Slone, Trustee (RE: related document(s): 135 Motion for Sale of Property under Section 363(b), 136 Hearing on a Judge Taddonio Case Set by Attorney or Trustee, 137 Motion for Sale of Property under Section 363(b), 138 Hearing on a Judge Taddonio Case Set by Attorney or Trustee, 167 Motion to Withdraw/Dismiss Document -bk-). (Attachments: # 1 Proposed Order) (Slone, Trustee, Robert) (Entered: 09/23/2022) |
| 09/23/2022 | 171 (3 pgs) | BNC Certificate of Mailing - PDF Document. (RE: related document(s): 165 Notice of Intention to Transmit Partial Appeal). Notice Date 09/23/2022. (Admin.) (Entered: 09/24/2022) |
| 09/24/2022 | 172 (3 pgs) | BNC Certificate of Mailing - PDF Document. (RE: related document(s): 168 Letter of Transmission to District Court). Notice Date 09/24/2022. (Admin.) (Entered: 09/25/2022) |
| 09/27/2022 | 173 (2 pgs) | Status Report Filed by Trustee Robert H. Slone, Trustee (RE: related document(s): 129 Order -Non-motion related-). (Slone, Trustee, Robert) (Entered: 09/27/2022) |
| 09/27/2022 | 174 (2 pgs; 2 docs) | Order Withdrawing Motion For Sale of Property under Section 363(b) (Related Doc # 135), and Withdrawing Motion For Sale of Property under Section 363(b) (Related Doc # 137),and Granting Motion to Withdraw/Dismiss Document (Related Doc # 170) Hearings scheduled for October 6, 2022 at 10:30 AM are cancelled. Signed on 9/27/2022. (aala) (Entered: 09/27/2022) |
| 09/28/2022 | 175 (20 pgs; 3 docs) | Motion For Sale of Property under Section 363(b) *Tangible and Intangible Personal Property of the Estate* Filed by Trustee Robert H. Slone, Trustee. (Attachments: # 1 Exhibit # 2 Proposed Order) (Slone, Trustee, Robert) (Entered: 09/28/2022) |
| 09/28/2022 | 176 (2 pgs) | Hearing on Motion for Sale of Property-Tangible and Intangible Personal Property of the Estate Filed by Trustee Robert H. Slone, Trustee (RE: related document(s): 175 Motion for Sale of Property under Section 363(b) filed by Trustee Robert H. Slone, Trustee). Hearing scheduled for 11/10/2022 at 10:30 AM via p01 Courtroom A, 54th Floor, U.S. Steel Tower, Pittsburgh. Responses due by 10/17/2022. (Slone, Trustee, Robert) (Entered: 09/28/2022) |
| 09/29/2022 | 177 (2 pgs) | Statement of Issues on Appeal, Filed by Shanni Snyder (RE: related document(s): 148 Notice of Appeal). (aala) (Entered: 09/29/2022) |
| 09/29/2022 | 178 (3 pgs) | BNC Certificate of Mailing - PDF Document. (RE: related document(s): 174 Order on Motion for Sale of Property under Section 363(b)). Notice Date 09/29/2022. (Admin.) (Entered: 09/30/2022) |
| 10/05/2022 | 179 (24 pgs; 2 docs) | Appellant Designation of Contents For Inclusion in Record On Appeal Filed by Shanni Snyder (RE: related document(s): 148 Notice of |

| | | |
|---|---|---|
| | | Appeal). Appellee designation due by 10/19/2022 for 148, . Transmission of Designation Due by 11/4/2022 for 148. . (aala) (Entered: 10/05/2022) |
| 10/07/2022 | 180 (25 pgs) | BNC Certificate of Mailing - PDF Document. (RE: related document(s): 179 Appellant Designation filed by Petitioning Creditor Shanni Snyder). Notice Date 10/07/2022. (Admin.) (Entered: 10/08/2022) |
| 10/10/2022 | 181 (2 pgs) | Proof of Publication of Notice of Sale *(Tribune Review)* Filed by Trustee Robert H. Slone, Trustee (RE: related document(s): 175 Motion for Sale of Property under Section 363(b) filed by Trustee Robert H. Slone, Trustee, 176 Hearing on a Judge Taddonio Case Set by Attorney or Trustee filed by Trustee Robert H. Slone, Trustee). (Slone, Trustee, Robert) (Entered: 10/10/2022) |
| 10/10/2022 | 182 (2 pgs) | Proof of Publication of Notice of Sale *(Westmoreland Law Journal)* Filed by Trustee Robert H. Slone, Trustee (RE: related document(s): 175 Motion for Sale of Property under Section 363(b) filed by Trustee Robert H. Slone, Trustee, 176 Hearing on a Judge Taddonio Case Set by Attorney or Trustee filed by Trustee Robert H. Slone, Trustee). (Slone, Trustee, Robert) (Entered: 10/10/2022) |
| 10/17/2022 | 183 (11 pgs; 4 docs) | Objection *to the Motion for Sale of Assets* Regarding the Hearing on 11/10/2022. Filed by U LOCK INC (RE: related document(s): 175 Motion for Sale of Property under Section 363(b) filed by Trustee Robert H. Slone, Trustee). (Attachments: # 1 Proposed Order # 2 Certificate of Service # 3 Certificate of Service Attachment to Certificate of Service) (Roth, J.) (Entered: 10/17/2022) |
| 10/17/2022 | 184 (5 pgs) | Objection *To The Motion For Sale* Regarding the Hearing on 11/10/2022. Filed by Shanni Snyder (RE: related document(s): 175 Motion for Sale of Property under Section 363(b) filed by Trustee Robert H. Slone, Trustee). (aala) (Entered: 10/18/2022) |
| 10/18/2022 | 185 (4 pgs) | Objection *To Motion for Sale* Regarding the Hearing on 11/10/2022. Filed by George Snyder (RE: related document(s): 175 Motion for Sale of Property under Section 363(b) filed by Trustee Robert H. Slone, Trustee). (aala) (Entered: 10/18/2022) |
| 10/20/2022 | 186 (2 pgs; 2 docs) | Letter of Transmission to District Court. Documents Delivered to District Court. (RE: related document(s): 177 Statement of Issues on Appeal filed by Petitioning Creditor Shanni Snyder, 179 Appellant Designation filed by Petitioning Creditor Shanni Snyder). (aala) (Entered: 10/20/2022) |
| 10/21/2022 | 187 | Receipt of Electronic Notification from The United States District Court in the Western District of Pennsylvania. Miscellaneous Action No. 2:22-cv-01284. District Court Document No. 6. Name of Judge: Robert J. Colville. (RE: related document(s): 148 Notice of Appeal filed by Petitioning Creditor Shanni Snyder, 177 Statement of Issues on Appeal filed by Petitioning Creditor Shanni Snyder, 179 Appellant Designation filed by Petitioning Creditor Shanni Snyder). (aala) (Entered: 10/21/2022) |
| 10/22/2022 | 188 (3 pgs) | BNC Certificate of Mailing - PDF Document. (RE: related document(s): 186 Letter of Transmission to District Court). Notice Date |

**APPENDIX A024**

| | | |
|---|---|---|
| | | 10/22/2022. (Admin.) (Entered: 10/23/2022) |
| 10/25/2022 | [189](#)<br>(7 pgs; 2 docs) | Certification of Counsel Regarding *Stipulated Order for Relief From Stay* Filed by Creditor Christine Biros (Attachments: # [1](#) Stipulated Order) (Wenrich, Sarah) (Entered: 10/25/2022) |
| 10/27/2022 | [190](#)<br>(3 pgs; 2 docs) | Order Setting Hearing on (RE: related document(s): [189](#) Certification of Counsel Regarding filed by Creditor Christine Biros). Hearing scheduled for 11/2/2022 at 03:00 PM via p01 Courtroom A, 54th Floor, U.S. Steel Tower, Pittsburgh. Responses due at the time of the hearing. (hthu) (Entered: 10/27/2022) |
| 10/27/2022 | [191](#)<br>(3 pgs; 2 docs) | Certificate of Service Regarding the Hearing on 11/2/2022. Filed by Creditor Christine Biros (RE: related document(s): [189](#) Certification of Counsel Regarding filed by Creditor Christine Biros, [190](#) Order Scheduling a Hearing). (Attachments: # [1](#) Matrix) (Wenrich, Sarah) (Entered: 10/27/2022) |
| 10/28/2022 | 192 | Receipt of Electronic Notification from The United States District Court in the Western District of Pennsylvania. Miscellaneous/Civil Action No. 2:22-cv-01485. District Court Document No. 1. Name of Judge: Robert J. Colville. (RE: related document(s): [148](#) Notice of Appeal filed by Petitioning Creditor Shanni Snyder). (aala) (Entered: 10/28/2022) |
| 10/28/2022 | [193](#)<br>(3 pgs; 2 docs) | Motion to Continue/Reschedule Hearing On *November 2, 2022* Filed by Debtor U LOCK INC (RE: related document(s): [189](#) Certification of Counsel Regarding, [190](#) Order Scheduling a Hearing). (Attachments: # [1](#) Proposed Order) (Roth, J.) (Entered: 10/28/2022) |
| 10/28/2022 | 194 | Text Order Rescheduling Hearing TIME ONLY: It is hereby ORDERED that the hearing on the Motion for Sale of Property under Section 363(b) filed by Trustee Robert H. Slone, Trustee [Dkt. No. 175] scheduled for November 10, 2022 at 10:30 am is RESCHEDULED to November 10, 2022 at 11:30 am. This text only entry constitutes the Court's Order and Notice in this matter.Judge Taddonio signed on 10/28/2022. Hearing Scheduled for 11/10/2022 at 11:30 AM via p01 Courtroom A, 54th Floor, U.S. Steel Tower, Pittsburgh. (hthu) (Entered: 10/28/2022) |
| 10/28/2022 | [195](#)<br>(2 pgs; 2 docs) | Order Granting Motion To Continue/Reschedule Hearing On (Related Doc # [193](#)) Signed on 10/28/2022. Hearing rescheduled for 11/10/2022 at 11:30 AM via p01 Courtroom A, 54th Floor, U.S. Steel Tower, Pittsburgh. (RE: related document(s): [189](#) Certification of Counsel Regarding). (aala) (Entered: 10/28/2022) |
| 10/30/2022 | [196](#)<br>(3 pgs) | BNC Certificate of Mailing - PDF Document. (RE: related document(s): [195](#) Order on Motion to Continue/Reschedule Hearing). Notice Date 10/30/2022. (Admin.) (Entered: 10/31/2022) |
| 11/03/2022 | [197](#)<br>(3 pgs) | Verified Statement / *Disclosure of Connections in Relation to the Proposed Sale [Doc. No. 175]* Filed by Creditor Christine Biros (Wenrich, Sarah) (Entered: 11/03/2022) |
| 11/03/2022 | [198](#)<br>(1 pg) | Verification of Connections for Shanni Snyder in Relation to Proposed Sale. Filed by Petitioning Creditor Shanni Snyder. (mgut) (Entered: |

**APPENDIX A025**

| | | 11/04/2022 |
|---|---|---|
| 11/07/2022 | [199](#)<br>(3 pgs; 2 docs) | Certification of Counsel Regarding *Designation of Debtor's Tax Return Responsibilities* Filed by Trustee Robert H. Slone, Trustee (Attachments: # [1](#) Stipulation and Consent Order) (Slone, Trustee, Robert) (Entered: 11/07/2022) |
| 11/08/2022 | [200](#)<br>(10 pgs) | Objection *to the Certification Relating to Stipulated Order* Regarding the Hearing on 11/10/2022. Filed by Debtor U LOCK INC (RE: related document(s): [189](#) Certification of Counsel Regarding filed by Creditor Christine Biros). (Roth, J.) (Entered: 11/08/2022) |
| 11/08/2022 | 201 | Text Order re: ([200](#) Objection to the Certification Relating to Stipulated Order).. Without further notice or hearing, this pleading will be denied without prejudice if the following action is not taken: THE PROPOSED ORDER OF COURT SHOULD BE FILED AS AN ATTACHMENT; PLEASE RE-FILE UNDER EVENT CODE PROPOSED ORDER FOUND UNDER BANKRUPTCY/MISCELLANEOUS; LINK TO RELATED DOCUMENT. This text-only entry constitutes the Court's order and notice on this matter. Judge Taddonio Signed on 11/8/2022. (RE: related document(s): [200](#) Objection -Non-motion related-). Required corrective action due on or before 11/16/2022. (lfin) (Entered: 11/08/2022) |
| 11/09/2022 | [202](#)<br>(12 pgs; 2 docs) | Reply *TO OBJECTIONS TO SALE MOTION AND TO VERIFICATION OF CONNECTIONS OF SHANNI SNYDER* Regarding the Hearing on 11/10/22. Filed by Christine Biros (RE: related document(s): [175](#) Motion for Sale of Property under Section 363(b) filed by Trustee Robert H. Slone, Trustee, [183](#) Objection filed by Debtor U LOCK INC, [184](#) Objection filed by Petitioning Creditor Shanni Snyder, [185](#) Objection filed by Managing General Partner George Snyder, [198](#) Verified Statement filed by Petitioning Creditor Shanni Snyder. (Attachments: # [1](#) Exhibit A - Amended Schedules I & J) (Wenrich, Sarah) (Entered: 11/09/2022) |
| 11/09/2022 | [203](#)<br>(3 pgs; 2 docs) | Consent Order Regarding the Designation of Debtor's Tax Return Responsibilities to George Snyder Signed on 11/9/2022. (RE: related document(s): [199](#) Certification of Counsel Regarding). (dpas) (Entered: 11/09/2022) |
| 11/09/2022 | [205](#)<br>(3 pgs) | Petitioning Creditor's Objection to the Consent Order Regarding the Hearing on 11/10/2022. Filed by Petitioning Creditor Shanni Snyder (RE: related document(s): [189](#) Certification of Counsel Regarding filed by Creditor Christine Biros). (mgut) (Entered: 11/10/2022) |
| 11/09/2022 | [206](#)<br>(18 pgs; 2 docs) | Objections of George Snyder to Consent Order Regarding the Hearing on 11/10/2022. Filed by Managing General Partner George Snyder (RE: related document(s): [189](#) Certification of Counsel Regarding filed by Creditor Christine Biros). (Attachments: # [1](#) Exhibit) (mgut) (Entered: 11/10/2022) |
| 11/10/2022 | [204](#)<br>(1 pg) | Proposed Order RE: *Objections to Settlement and Certification of Counsel Regarding Stipulated Order* Filed by Debtor U LOCK INC (RE: related document(s): [200](#) Objection -Non-motion related- filed by Debtor U LOCK INC). (Roth, J.) (Entered: 11/10/2022) |

# APPENDIX A026

| 11/10/2022 | [207](#)<br>(3 pgs; 2 docs) | Notice of Appearance and Request for Notice by John B. Joyce Filed by Petitioning Creditor Shanni Snyder (Attachments: # [1](#) Certificate of Service) (Joyce, John) (Entered: 11/10/2022) |
|---|---|---|
| 11/10/2022 | [208](#)<br>(3 pgs; 2 docs) | Notice of Appearance and Request for Notice by Jeremy J Kobeski Filed by Petitioning Creditor Shanni Snyder (Attachments: # [1](#) Certificate of Service) (Kobeski, Jeremy) (Entered: 11/10/2022) |
| 11/11/2022 | [209](#)<br>(4 pgs) | BNC Certificate of Mailing - PDF Document. (RE: related document(s): [203](#) Order -Non-motion related-). Notice Date 11/11/2022. (Admin.) (Entered: 11/12/2022) |
| 11/14/2022 | [210](#)<br>(12 pgs; 2 docs) | Order Scheduling Hearing (RE: related document(s): [175](#) Motion for Sale of Property under Section 363(b) filed by Trustee Robert H. Slone, Trustee, [183](#) Objection filed by Debtor U LOCK INC, [184](#) Objection filed by Petitioning Creditor Shanni Snyder, [185](#) Objection filed by Managing General Partner George Snyder). Auction at Sale Hearing scheduled for 12/1/2022 at 10:00 AM via p01 Courtroom A, 54th Floor, U.S. Steel Tower, Pittsburgh. Responses due by 11/30/2022. The trustee is directed to file an amended sale motion and notice of sale. Except as otherwise provided in this Order, all other objections to the Motion or the proposed sale are OVERRULED. (bsil) (Entered: 11/14/2022) |
| 11/14/2022 | [211](#)<br>(4 pgs; 2 docs) | Order Denying Stipulated Order for Relief from Stay Signed on 11/14/2022. (RE: related document(s): [189](#) Certification of Counsel Regarding, [200](#) Objection -Non-motion related-, [205](#) Objection -Non-motion related-, [206](#) Objection -Non-motion related-). (bsil) (Entered: 11/14/2022) |
| 11/15/2022 | [212](#)<br>(2 pgs) | Hearing Held on 11/10/2022 (RE: related document(s): [175](#) Motion for Sale of Property under Section 363(b) filed by Trustee Robert H. Slone, Trustee, [189](#) Certification of Counsel Regarding filed by Creditor Christine Biros. 1. [Chambers to Prepare] 2. [Chambers to Prepare] (aala) (Entered: 11/15/2022) |
| 11/15/2022 | [213](#)<br>(13 pgs; 2 docs) | Amended Order Scheduling Hearing on (RE: related document(s): [175](#) Motion for Sale of Property under Section 363(b) filed by Trustee Robert H. Slone, Trustee, [183](#) Objection filed by Debtor U LOCK INC, [184](#) Objection filed by Petitioning Creditor Shanni Snyder, [185](#) Objection filed by Managing General Partner George Snyder). Sale Hearing scheduled for 12/1/2022 at 10:00 AM via p01 Courtroom A, 54th Floor, U.S. Steel Tower, Pittsburgh. Responses due no later than 4 p.m on 11/30/2022. Except as otherwise provided in this Order, all other objections to the Motion or the proposed sale are OVERRULED. (aala) (Entered: 11/15/2022) |
| 11/15/2022 | [214](#)<br>(2 pgs) | Meeting of Creditors Rescheduled by Trustee Filed by Robert H. Slone, Trustee. (Slone, Trustee, Robert) (Entered: 11/15/2022) |
| 11/16/2022 | [215](#)<br>(13 pgs) | BNC Certificate of Mailing - PDF Document. (RE: related document(s): [210](#) Order Scheduling Hearing). Notice Date 11/16/2022. (Admin.) (Entered: 11/17/2022) |
| 11/16/2022 | [216](#)<br>(5 pgs) | BNC Certificate of Mailing - PDF Document. (RE: related document(s): [211](#) Order -Non-motion related-). Notice Date 11/16/2022. (Admin.) (Entered: 11/17/2022) |

# APPENDIX A027

| | | |
|---|---|---|
| 11/17/2022 | [217](#)<br>(11 pgs; 3 docs) | Motion to Sell Property Free and Clear of Liens under Section 363(f) . Re: Tangible and Intangible Personal Property of the Estate. Fee Amount $188 Filed by Trustee Robert H. Slone, Trustee. (Attachments: # [1](#) Proposed Order # [2](#) Exhibit) (Slone, Trustee, Robert) (Entered: 11/17/2022) |
| 11/17/2022 | [218](#)<br>(8 pgs; 2 docs) | Amended Hearing on Trustees Amended Motion for Sale of Tangible and Intangible Personal Property of the Estate Under 11 U.S.C. Section 363(f) Free and Clear of all Liens, Claims and Encumbrances Filed by Trustee Robert H. Slone, Trustee (RE: related document(s): [217](#) Motion to Sell Property Free and Clear of Liens Under Section 363(f) filed by Trustee Robert H. Slone, Trustee). Hearing scheduled for 12/1/2022 at 10:00 AM via p01 Courtroom A, 54th Floor, U.S. Steel Tower, Pittsburgh. Responses due by 11/30/2022. (Attachments: # [1](#) Exhibit) (Slone, Trustee, Robert) (Entered: 11/17/2022) |
| 11/17/2022 | 219 | The undersigned trustee hereby requests postponement of the fee required for filing Trustees Amended Motion for Sale of Tangible and Intangible Personal Property of the Estate Under 11 U.S.C. Section 363(f) Free and Clear of all Liens, Claims and Encumbrances. The fee will be paid at a later date, if there are assets available in the debtor's estate. Filed by Robert H. Slone, Trustee. (Slone, Trustee, Robert) (Entered: 11/17/2022) |
| 11/17/2022 | [220](#)<br>(3 pgs) | Certificate of Service Regarding the Hearing on 12/1/2022. Filed by Trustee Robert H. Slone, Trustee (RE: related document(s): [213](#) Order Scheduling Hearing, [217](#) Motion to Sell Property Free and Clear of Liens Under Section 363(f) filed by Trustee Robert H. Slone, Trustee, [218](#) Hearing on a Judge Taddonio Case Set by Attorney or Trustee filed by Trustee Robert H. Slone, Trustee). (Slone, Trustee, Robert) (Entered: 11/17/2022) |
| 11/17/2022 | [221](#)<br>(14 pgs) | BNC Certificate of Mailing - PDF Document. (RE: related document(s): [213](#) Order Scheduling Hearing). Notice Date 11/17/2022. (Admin.) (Entered: 11/18/2022) |
| 11/18/2022 | 222 | Receipt of Motion to Sell Property Free and Clear of Liens Under Section 363(f)( [22-20823-GLT](#)) [motion,msell] ( 0.00) filing fee. Receipt number POSTPONEMENT REQUESTED, amount $ 0.00. (lkat) Modified on 11/18/2022 (lkat). (Entered: 11/18/2022) |
| 11/28/2022 | [223](#)<br>(2 pgs) | Proof of Publication of Notice of Sale Filed by Trustee Robert H. Slone, Trustee (RE: related document(s): [217](#) Motion to Sell Property Free and Clear of Liens Under Section 363(f) filed by Trustee Robert H. Slone, Trustee, [218](#) Hearing on a Judge Taddonio Case Set by Attorney or Trustee filed by Trustee Robert H. Slone, Trustee). (Slone, Trustee, Robert) (Entered: 11/28/2022) |
| 11/30/2022 | [224](#)<br>(7 pgs; 2 docs) | Notice Regarding Notice of Qualified Bids Regarding Sale of Tangible and Intangible Personal Property of the Estate Under 11 U.S.C. Section 363(f) Free and Clear of Liens, Claims and Encumbrances. Filed by Trustee Robert H. Slone, Trustee (RE: related document(s): [213](#) Order Scheduling Hearing, [217](#) Motion to Sell Property Free and Clear of Liens Under Section 363(f) filed by Trustee Robert H. Slone, Trustee, [218](#) Hearing on a Judge Taddonio Case Set by Attorney or Trustee filed by Trustee Robert H. Slone, Trustee). (Attachments: # [1](#) Exhibit) (Slone, Trustee, Robert) (Entered: 11/30/2022) |

**APPENDIX A028**

| | | |
|---|---|---|
| 11/30/2022 | [225](#)<br>(4 pgs) | Objection *of George Snyder To Motion For Sale* Regarding the Hearing on 12/01/2022. Filed by George Snyder (RE: related document(s): [217](#) Motion to Sell Property Free and Clear of Liens Under Section 363(f) filed by Trustee Robert H. Slone, Trustee). (aala) (Entered: 11/30/2022) |
| 11/30/2022 | [226](#)<br>(7 pgs) | Response *in Opposition (Objection)* Regarding the Hearing on 12/1/2022. Filed by U LOCK INC (RE: related document(s): [217](#) Motion to Sell Property Free and Clear of Liens Under Section 363(f) filed by Trustee Robert H. Slone, Trustee, [218](#) Hearing on a Judge Taddonio Case Set by Attorney or Trustee filed by Trustee Robert H. Slone, Trustee). (Roth, J.) (Entered: 11/30/2022) |
| 11/30/2022 | [227](#)<br>(14 pgs; 3 docs) | Objection *to the Trustees Amended Motion for Sale of Tangible and Intangible Personal Property of the Estate Under 11 U.S.C. Section 363(f) Free and clear of All Liens, Claims and Encumbrances* Regarding the Hearing on 12/01/22. Filed by Shanni Snyder (RE: related document(s): [217](#) Motion to Sell Property Free and Clear of Liens Under Section 363(f) filed by Trustee Robert H. Slone, Trustee). (Attachments: # [1](#) Proposed Order # [2](#) Certificate of Service) (Joyce, John) (Entered: 11/30/2022) |
| 12/01/2022 | [228](#)<br>(21 pgs; 4 docs) | Stipulation By Shanni Snyder and Between Charles O. Zebley, Jr., Chapter 7 Trustee, and Robert H. Slone, Chapter 7 Trustee,. Filed by Petitioning Creditor Shanni Snyder (Attachments: # [1](#) Exhibit A # [2](#) Proposed Order # [3](#) Certificate of Service) (Joyce, John) (Entered: 12/01/2022) |
| 12/01/2022 | 229 | The upcoming 341(a) meeting is scheduled to be held by phone. Call *1-866-687-2935* and use access code *3684723* to join the meeting. Filed by Robert H. Slone, Trustee. (Slone, Trustee, Robert) (Entered: 12/01/2022) |
| 12/02/2022 | [230](#)<br>(2 pgs) | Affidavit Filed by Petitioning Creditor Shanni Snyder (RE: related document(s): [217](#) Motion to Sell Property Free and Clear of Liens Under Section 363(f) filed by Trustee Robert H. Slone, Trustee). (Joyce, John) (Entered: 12/02/2022) |
| 12/02/2022 | [231](#)<br>(11 pgs; 8 docs) | Affidavit *(Verification of Christine Biros)* Filed by Creditor Christine Biros (Attachments: # [1](#) Exhibit 1 # [2](#) Exhibit 2 # [3](#) Exhibit 3 # [4](#) Exhibit 4 # [5](#) Exhibit 5 # [6](#) Exhibit 6 # [7](#) Exhibit 7) (Wenrich, Sarah) (Entered: 12/02/2022) |
| 12/02/2022 | [232](#)<br>(2 pgs) | Hearing Held on 12/01/2022 (RE: related document(s): [217](#) Motion to Sell Property Free and Clear of Liens Under Section 363(f) filed by Trustee Robert H. Slone, Trustee). 1. [Text Order] 2. [Chambers to Prepare] (aala) (Entered: 12/02/2022) |
| 12/02/2022 | [233](#)<br>(4 pgs) | Declaration of George Snyder In Reference To Certain Equipment filed by George Snyder (aala) (Entered: 12/02/2022) |
| 12/02/2022 | [234](#)<br>(5 pgs) | Supplemental Declaration Of George Snyder In Reference To Certain Equipment filed by George Snyder (aala) (Entered: 12/02/2022) |

**APPENDIX A029**

| | | |
|---|---|---|
| 12/02/2022 | [235](#)<br>(5 pgs) | Declaration Of George Snyder In Reference To Certain Equipment filed by George Snyder (aala) (Entered: 12/02/2022) |
| 12/02/2022 | [236](#)<br>(1 pg) | Status Report *With Address for Site Meeting* Filed by Creditor Christine Biros (RE: related document(s): [231](#) Affidavit filed by Creditor Christine Biros). (Wenrich, Sarah) (Entered: 12/02/2022) |
| 12/02/2022 | 237 | TEXT ORDER: It is hereby ORDERED that on or before December 2, 2022 at 10 a.m., George Snyder, Shanni Snyder, and Christine Biros shall each file a sworn affidavit signed under penalty of perjury pursuant to 28 U.S.C Section 1746 detailing the location of the assets listed on the Debtor's schedules and exhibits to the Amended Proof of Hearing dated November 17, 2022. Each party shall affirm that either: (a) they have not removed any property from the Debtor's place of business at 14140 Route 30, North Huntingdon PA; or (b) that, to the extent that they did not remove any property from the Debtor's place of business, where those assets are currently located and under what authority they were removed from the business premises. Judge Taddonio Signed on 12/2/2022. (RE: related document(s): [232](#) Hearing Held). (hthu) (Entered: 12/02/2022) |
| 12/07/2022 | [238](#)<br>(1 pg) | Notice of Appearance and Request for Notice by Robert S. Bernstein Filed by Creditor Christine Biros (Bernstein, Robert) (Entered: 12/07/2022) |
| 12/07/2022 | [239](#)<br>(2 pgs; 2 docs) | Order Continuing Evidentiary Hearing (RE: related document(s): [217](#) Motion to Sell Property Free and Clear of Liens Under Section 363(f) filed by Trustee Robert H. Slone, Trustee). Evidentiary hearing Continued to 12/15/2022 at 10:00 AM at p01 Courtroom A, 54th Floor, U.S. Steel Tower, Pittsburgh. (dpas) (Entered: 12/07/2022) |
| 12/08/2022 | [240](#)<br>(2 pgs) | Meeting of Creditors Rescheduled by Trustee Filed by Robert H. Slone, Trustee. (Slone, Trustee, Robert) (Entered: 12/08/2022) |
| 12/08/2022 | 241 | The upcoming 341(a) meeting is scheduled to be held by phone. Call *1-866-687-2935* and use access code *3684723* to join the meeting. Filed by Robert H. Slone, Trustee. (Slone, Trustee, Robert) (Entered: 12/08/2022) |
| 12/09/2022 | 242 | Update Meeting of Creditors (RE: related document(s): [80](#) Meeting of Creditors Chapter 7 Asset Business/Corporation). 341(a) meeting to be held on 1/6/2023 at 11:00 AM at 341 telephonic hearing. (aala) (Entered: 12/09/2022) |
| 12/09/2022 | [243](#)<br>(1 pg) | Notice of Appearance and Request for Notice by Daniel McArdle Booker Filed by Creditor Christine Biros (Booker, Daniel) (Entered: 12/09/2022) |
| 12/09/2022 | [244](#)<br>(4 pgs) | BNC Certificate of Mailing - PDF Document. (RE: related document(s): [239](#) Order Scheduling Hearing). Notice Date 12/09/2022. (Admin.) (Entered: 12/10/2022) |

**RECEIVED**

APR 2 7 2022

CLERK, U.S. BANKRUPTCY COURT
WEST DIST OF PENNSYLVANIA

Fill in this information to identify the case:

United States Bankruptcy Court for the:

WESTERN _____ District of PENNSYLVANIA
                                    (State)

Case number (if known): _____ Chapter _____

☐ Check if this is an amended filing

## Official Form 205

# Involuntary Petition Against a Non-Individual

12/15

Use this form to begin a bankruptcy case against a non-individual you allege to be a debtor subject to an involuntary case. If you want to begin a case against an individual, use the *Involuntary Petition Against an Individual* (Official Form 105). Be as complete and accurate as possible. If more space is needed, attach any additional sheets to this form. On the top of any additional pages, write debtor's name and case number (if known).

### Part 1:   Identify the Chapter of the Bankruptcy Code Under Which Petition Is Filed

**1. Chapter of the Bankruptcy Code**

Check one:

☒ Chapter 7
☐ Chapter 11

### Part 2:   Identify the Debtor

**2. Debtor's name**

U LOCK INC

**3. Other names you know the debtor has used in the last 8 years**

Include any assumed names, trade names, or *doing business as* names.

U-LOCK INC.
_____
_____

**4. Debtor's federal Employer Identification Number (EIN)**

☐ Unknown

4 7 _ 4 9 9 4 9 1 1
EIN

**5. Debtor's address**

Principal place of business

14140 U.S. Route 30
Number        Street

N Huntingdon        PA    15642
City                State    ZIP Code

Westmoreland
County

Mailing address, if different

_____
Number        Street

_____
P.O. Box

_____
City              State    ZIP Code

Location of principal assets, if different from principal place of business

_____
Number        Street

_____

_____
City              State    ZIP Code

# APPENDIX A031

5

| Debtor | U LOCK INC a/k/a U-LOCK INC. | Case number (if known) _____ |
|---|---|---|
| | Name | |

---

**6.** **Debtor's website** (URL) _____

---

**7.** **Type of debtor**

☒ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))

☐ Partnership (excluding  LLP)

☐ Other type of debtor. Specify: _____

---

**8.** **Type of debtor's business**

*Check one:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))

☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))

☐ Railroad (as defined in 11 U.S.C. § 101(44))

☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))

☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))

☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))

☒ None of the types of business listed.

☐ Unknown type of business.

---

**9.** **To the best of your knowledge, are any bankruptcy cases pending by or against any partner or affiliate of this debtor?**

☒ No

☐ Yes. Debtor _____    Relationship _____

   District _____ Date filed _____    Case number, if known _____
   MM / DD / YYYY

   Debtor _____    Relationship _____

   District _____ Date filed _____    Case number, if known _____
   MM / DD / YYYY

---

**Part 3:**    **Report About the Case**

---

**10.** **Venue**

*Check one:*

☒ Over the last 180 days before the filing of this bankruptcy, the debtor had a domicile, principal place of business, or principal assets in this district longer than in any other district.

☐ A bankruptcy case concerning debtor's affiliates, general partner, or partnership is pending in this district.

---

**11. Allegations**

Each petitioner is eligible to file this petition under 11 U.S.C. § 303(b).

The debtor may be the subject of an involuntary case under 11 U.S.C. § 303(a).

*At least one box must be checked:*

☒ The debtor is generally not paying its debts as they become due, unless they are the subject of a bona fide dispute as to liability or amount.

☒ Within 120 days before the filing of this petition, a custodian, other than a trustee, receiver, or an agent appointed or authorized to take charge of less than substantially all of the property of the debtor for the purpose of enforcing a lien against such property, was appointed or took possession.

---

**12. Has there been a transfer of any claim against the debtor by or to any petitioner?**

☒ No

☐ Yes. Attach all documents that evidence the transfer and any statements required under Bankruptcy Rule 1003(a).

---

# APPENDIX A032

Debtor  U LOCK INC. a/k/a U-Lock Inc.
_____    Case number (if known)_____
Name

| 13. Each petitioner's claim | Name of petitioner | Nature of petitioner's claim | Amount of the claim above the value of any lien |
|---|---|---|---|
| | Shanni Snyder | unpaid wages + liq damage | $ 262,000 |
| | | retaliation under FLSA | $ 100,000 |
| | | interest | $ 13,100 |
| Single creditor case. | | | $ |
| | | Total of petitioners' claims | $ 375,100 |

If more space is needed to list petitioners, attach additional sheets. Write the alleged debtor's name and the case number, if known, at the top of each sheet. Following the format of this form, set out the information required in Parts 3 and 4 of the form for each additional petitioning creditor, the petitioner's claim, the petitioner's representative, and the petitioner's attorney. Include the statement under penalty of perjury set out in Part 4 of the form, followed by each additional petitioner's (or representative's) signature, along with the signature of the petitioner's attorney.

**Part 4:    Request for Relief**

**WARNING** -- Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.  18 U.S.C. §§ 152, 1341, 1519, and 3571.

Petitioners request that an order for relief be entered against the debtor under the chapter of 11 U.S.C. specified in this petition. If a petitioning creditor is a corporation, attach the corporate ownership statement required by Bankruptcy Rule 1010(b). If any petitioner is a foreign representative appointed in a foreign proceeding, attach a certified copy of the order of the court granting recognition.

I have examined the information in this document and have a reasonable belief that the information is true and correct.

| Petitioners or Petitioners' Representative | Attorneys |
|---|---|
| **Name and mailing address of petitioner** | |
| Shanni Snyder | |
| Name | Printed name |
| 14140 US Route 30 | |
| Number    Street | Firm name, if any |
| North Huntingdon        PA        15642 | |
| City                State        ZIP Code | Number    Street |
| **Name and mailing address of petitioner's representative, if any** | |
| | City                State        ZIP Code |
| | Contact phone _____ Email _____ |
| Name | |
| | Bar number _____ |
| Number    Street | |
| | State    _____ |
| City                State        ZIP Code | |
| I declare under penalty of perjury that the foregoing is true and correct. | |
| Executed on  1/25/22 | ✖ |
| MM / DD / YYYY | Signature of attorney |
| ✖ _____ | |
| Signature of petitioner or representative, including representative's title | Date signed _____ |
| | MM / DD / YYYY |

# APPENDIX A033

7

**Fill in this information to identify the case:**

United States Bankruptcy Court for the:

WESTERN _____ District of PENNSYLVANIA
(State)

Case number (if known): 22-20822 ___ Chapter 7

22-20823
(AKE)

**RECEIVED**

MAY 0 9 2022

CLERK, U.S. BANKRUPTCY COURT
WEST DIST OF PENNSYLANIA

☒ Check if this is an amending involuntary filing
Amending Involuntary Petition placed in court mailbox on 4/25/2022.

Official Form 205                    **Amended**                        12/15

# Involuntary Petition Against a Non-Individual

Use this form to begin a bankruptcy case against an non-individual you allege to be a debtor subject to an involuntary case. If you want to begin a case against an individual, use the *Involuntary Petition Against an Individual* (Official Form 105). Be as complete and accurate as possible. If more space is needed, attach any additional sheets to this form. On the top of any additional pages, write debtor's name and case number (if known).

## Part 1:    Identify the Chapter of the Bankruptcy Code Under Which Petition Is Filed

| | | |
|---|---|---|
| 1. **Chapter of the Bankruptcy Code** | *Check one:*<br>☒ Chapter 7<br>☐ Chapter 11 | **1a.** Debtor has fewer than 12 eligible claim holders.<br><br>**1b. Statement per W.Pa.LBR 1003-1: Petitioning Creditor declares under the penalty for perjury that she does not know the precise share structure, identity of the Board of Directors, or the official officers of the Debtor. Based on information, there are between three and five officers and/or Board Members. Two managing control persons appear to be George Snyder and Kash Snyder. There also appears to be closely affiliated control creditors, but the total number of creditors are less than 12.** _____ |

## Part 2:    Identify the Debtor

| | |
|---|---|
| 2. **Debtor's name** | U LOCK INC |
| 3. **Other names you know the debtor has used in the last 8 years**<br><br>Include any assumed names, trade names, or *doing business as* names. | U-LOCK INC. |
| 4. **Debtor's federal Employer Identification Number (EIN)** | ☐ Unknown<br>4 7 _ 4 9 9 4 9 1 1<br>EIN |

**5. Debtor's address**

| Principal place of business | Mailing address, if different |
|---|---|
| 14140 U.S. Route 30<br>Number    Street | Number    Street |
| | P.O. Box |
| N Huntingdon        PA    15642<br>City        State    ZIP Code | City        State    ZIP Code |
| | **Location of principal assets, if different from principal place of business** |
| Westmoreland<br>County | Number    Street |
| | City        State    ZIP Code |

**APPENDIX A034**

10

| | | |
|---|---|---|
| Debtor | U LOCK INC a/k/a U-LOCK INC. | Case number (if known) **22 20822**  ⊕ |
| | Name | **22 - 20833** |

---

**6. Debtor's website (URL)** _____

**7. Type of debtor**

☒ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))

☐ Partnership (excluding LLP)

☐ Other type of debtor. Specify: _____

**8. Type of debtor's business**

*Check one:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))

☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))

☐ Railroad (as defined in 11 U.S.C. § 101(44))

☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))

☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))

☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))

☒ None of the types of business listed.

☐ Unknown type of business.

**9. To the best of your knowledge, are any bankruptcy cases pending by or against any partner or affiliate of this debtor?**

☒ No

☐ Yes. Debtor _____  Relationship _____

District _____ Date filed _____
                                         MM / DD / YYYY
Case number, if known _____

Debtor _____  Relationship _____

District _____ Date filed _____
                                         MM / DD / YYYY
Case number, if known _____

---

**Part 3:   Report About the Case**

**10. Venue**

*Check one:*

☒ Over the last 180 days before the filing of this bankruptcy, the debtor had a domicile, principal place of business, or principal assets in this district longer than in any other district.

☐ A bankruptcy case concerning debtor's affiliates, general partner, or partnership is pending in this district.

**11. Allegations**

Each petitioner is eligible to file this petition under 11 U.S.C. § 303(b).

The debtor may be the subject of an involuntary case under 11 U.S.C. § 303(a).

*At least one box must be checked:*

☒ The debtor is generally not paying its debts as they become due, unless they are the subject of a bona fide dispute as to liability or amount.

☒ Within 120 days before the filing of this petition, a custodian, other than a trustee, receiver, or an agent appointed or authorized to take charge of less than substantially all of the property of the debtor for the purpose of enforcing a lien against such property, was appointed or took possession.

**12. Has there been a transfer of any claim against the debtor by or to any petitioner?**

☒ No

☐ Yes. Attach all documents that evidence the transfer and any statements required under Bankruptcy Rule 1003(a).

---

Official Form 205                     Involuntary Petition Against a Non-Individual                     page 2

# APPENDIX A035

Debtor  U LOCK INC. a/k/a U-Lock Inc.
Name

Case number *(if known)*

22-20822
22-20823

**13. Each petitioner's claim**

| | Name of petitioner | Nature of petitioner's claim | Amount of the claim above the value of any lien |
|---|---|---|---|
| | Shanni Snyder | unpaid wages + liq damage | $ 262,000 |
| | | retaliation under FLSA | $ 100,000 |
| | | interest | $ 13,100 |
| Single creditor case. | | | $ |
| | | Total of petitioners' claims | $ 375,100 |

If more space is needed to list petitioners, attach additional sheets. Write the alleged debtor's name and the case number, if known, at the top of each sheet. Following the format of this form, set out the information required in Parts 3 and 4 of the form for each additional petitioning creditor, the petitioner's claim, the petitioner's representative, and the petitioner's attorney. Include the statement under penalty of perjury set out in Part 4 of the form, followed by each additional petitioner's (or representative's) signature, along with the signature of the petitioner's attorney.

---

**Part 4:    Request for Relief**

**WARNING** -- Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

Petitioners request that an order for relief be entered against the debtor under the chapter of 11 U.S.C. specified in this petition. If a petitioning creditor is a corporation, attach the corporate ownership statement required by Bankruptcy Rule 1010(b). If any petitioner is a foreign representative appointed in a foreign proceeding, attach a certified copy of the order of the court granting recognition.

I have examined the information in this document and have a reasonable belief that the information is true and correct.

**Petitioners or Petitioners' Representative**

**Attorneys**

**Name and mailing address of petitioner**

Shanni Snyder
Name

14140 US Route 30
Number    Street

North Huntingdon              PA         15642
City                          State      ZIP Code

**Name and mailing address of petitioner's representative, if any**

_____
Name

_____
Number    Street

_____
City              State     ZIP Code

Printed name _____

Firm name, if any _____

Number    Street _____

City              State     ZIP Code

Contact phone _____    Email _____

Bar number _____

State _____

I declare under penalty of perjury that the foregoing is true and correct.

Executed on _____
MM / DD / YYYY    05/03/2022

x _____
Signature of petitioner or representative, including representative's title

x _____
Signature of attorney

Date signed _____
MM / DD / YYYY

**APPENDIX A036**

Form 132

**UNITED STATES BANKRUPTCY COURT**           41
**WESTERN DISTRICT OF PENNSYLVANIA**         aala

In re:                                              Bankruptcy Case No.: 22−20823−GLT

                                                    Chapter: 7

**U LOCK INC**
**aka U−LOCK INC.**
47−4994911
    Debtor(s)

**NOTICE OF APPOINTMENT OF INTERIM TRUSTEE**
**AND DETERMINATION OF TRUSTEE BOND**

   Charles O. Zebley Jr. is hereby appointed Interim Trustee for the estate of the above debtor(s). Unless another trustee is elected at the meeting of creditors, convened pursuant to 11 U.S.C §341(a), the Interim Trustee shall serve as Trustee.

   In accordance with 11 U.S.C §322(b), the United States Trustee has determined the amount of the blanket trustee bond and determined the sufficiency of the surety thereon.

Dated: 6/17/22                                      **Andrew R. Vara**
                                                    United States Trustee

                                                    **Joseph S. Sisca**
                                                    Assistant United States Trustee
                                                    Western District of Pennsylvania

---

I Charles O. Zebley Jr., hereby reject appointment as Trustee.

Dated: This _____ day of _____,_____.

                                                    Charles O. Zebley Jr.

# APPENDIX A037

FILED
6/17/22 4:30 pm
CLERK
U.S. BANKRUPTCY
COURT - WDPA

### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE WESTERN DISTRICT OF PENNSYLVANIA

In re:                                   :    Case No. 22-20823-GLT
                                         :    Chapter 7
**U LOCK INC,**                          :
                                         :    Related Dkt. No. 1
          *Debtor.*                      :
                                         :

## ORDER FOR RELIEF UNDER CHAPTER 7

On April 27, 2022, petitioning creditor, Shanni Sue Snyder, commenced this case

by filing an involuntary petition for chapter 7 bankruptcy relief against U LOCK INC.[1]   After

reviewing the docket in this matter, the Court finds that the summons and involuntary petition

were duly served and U LOCK INC has not filed a timely response, despite having appeared before

the Court on June 2, 2022 when the response date was specifically discussed.[2]   Based on the

foregoing, and pursuant to 11 U.S.C. § 303(h), the Court hereby grants the involuntary petition

and issues this Order for Relief under chapter 7 of title 11 of the United State Code.

Dated:  June 17, 2022

_____
GREGORY L. TADDONIO
UNITED STATES BANKRUPTCY JUDGE

Case administrator to mail to:
U LOCK INC
J. Allen Roth, Esq.
Office of the United States Trustee

---

[1]     Dkt. No. 1.
[2]     Dkt. No. 34.

# APPENDIX A038

FILED
6/17/22 4:36 pm
CLERK
U.S. BANKRUPTCY
COURT - WDPA

## IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| In re: | : | Case No. 22-20823-GLT |
| | : | |
| **U LOCK INC.,** | : | Chapter 7 |
| | : | |
| *Debtor.* | : | |
| | : | |

### ORDER AND NOTICE REGARDING
### INVOLUNTARY CHAPTER 7 PETITION

**AND NOW**, this 17th day of June 2022, **U LOCK INC.** and its principal operating

officer, **George Snyder**, are each hereby **ORDERED AND DIRECTED** to file the following

documents pursuant to 11 U.S.C. §§ 329 and 521 and Rules 1007 and 2016 of the Federal Rules

of Bankruptcy Procedure:

(1)    the Schedules and a Summary of Schedules;

(2)    the Statement of Financial Affairs;

(3)    a Statement of Attorney; and

(4)    a Mailing Matrix listing the names and addresses of all parties required by

W.PA.LBR 1007-1.

**IT IS FURTHER ORDERED** that if the above documents are not filed pursuant

to this *Order* by July 5, 2022, a *Rule to Show Cause Why U LOCK INC. and George Snyder Should*

*Not Be Held in Contempt or Sanctioned* is hereby scheduled for July 7, 2022 at 11:00 a.m. in

Courtroom A, 54th Floor, U.S. Steel Tower, 600 Grant St., Pittsburgh, Pennsylvania.

Dated:  June 17, 2022

GREGORY L. TADDONIO

UNITED STATES BANKRUPTCY JUDGE

<u>Case administrator to mail to:</u>
U LOCK INC.
J. Allen Roth, Esq.
Office of the U.S. Trustee

# APPENDIX A039

Form 132

**UNITED STATES BANKRUPTCY COURT**          49
**WESTERN DISTRICT OF PENNSYLVANIA**        aala

In re:                                        Bankruptcy Case No.: 22−20823−GLT

                                              Chapter: 7

**U LOCK INC**
**aka U−LOCK INC.**
47−4994911
    Debtor(s)

**NOTICE OF APPOINTMENT OF INTERIM TRUSTEE**
**AND DETERMINATION OF TRUSTEE BOND**

   Robert H. Slone, Trustee is hereby appointed Interim Trustee for the estate of the above debtor(s). Unless another trustee is elected at the meeting of creditors, convened pursuant to 11 U.S.C §341(a), the Interim Trustee shall serve as Trustee.

   In accordance with 11 U.S.C §322(b), the United States Trustee has determined the amount of the blanket trustee bond and determined the sufficiency of the surety thereon.

Dated: 6/22/22                                **Andrew R. Vara**
                                              United States Trustee

                                              **Joseph S. Sisca**
                                              Assistant United States Trustee
                                              Western District of Pennsylvania

---

I Robert H. Slone, Trustee, hereby reject appointment as Trustee.

Dated: This _____ day of _____,_____.

                                              Robert H. Slone, Trustee

# APPENDIX A040

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

In re:

      U LOCK INC.,                                   Bankr. No. 22-20823-GLT

                Debtor.                      Chapter 7

-----------------------------------------------------------

U LOCK INC.,

                Movant,

      v.

CHRISTINE BIROS,
SHANNI SNYDER,
ROBERT SLONE, TRUSTEE
UNITED STATES TRUSTEE,

                Respondents.

-----------------------------------------------------------

### MOTION OF U LOCK INC. TO CONVERT CASE FROM CHAPTER 7 TO CHAPTER 11

        AND NOW COMES U LOCK INC., debtor herein, by and through its counsel, J.

Allen Roth, Esq., and moves this Court for an Order converting this case from Chapter 7

to Chapter 11, Subchapter V of the United States Bankruptcy Code and 11 USC 706(a):

      1.  The Court has jurisdiction over the Motion pursuant to 28 U.S.C. § 1334.

      2.  Venue is proper before this Court pursuant to 28 U.S.C. §1408.

      3.  The statutory and rule-based predicates for the relief requested herein are

          sections 105(a) and 706(a) of the Bankruptcy Code, Rules 1017(f) and

          9013 of the Federal Rules of Bankruptcy Procedure.

# APPENDIX A041

### background

4. The Debtor is a Pennsylvania corporation.

5. On April 27, 2022, Shanni Snyder commenced an involuntary bankruptcy petition against U Lock.

6. On May 9, 2022, the involuntary petition was amended.

7. On June 17, 2022, this Court entered an Order for Relief.

### discussion

8. The Debtor desires to manage its property and complicated litigation claims that it has as a debtor-in- possession pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code.

9. Pursuant to section 706(a) of the Bankruptcy Code: The debtor may convert a case under this chapter to a case under chapter 11 . . . of this title at any time, if the case has not been converted under section 1112, 1208, or 1307 of this title. Any waiver of the right to convert a case under this subsection is unenforceable. 11 U.S.C. § 706(a).

10. This includes the period prior to and after the entry of an order for relief. Indeed, at least one bankruptcy court has held that a motion to convert is an acceptable response to an involuntary petition, with the order converting the case constituting an order for relief under the chosen chapter. See *In re Source Enterprises, Inc.*, 2006 Bankr. LEXIS 3094 (Bankr. S.D.N.Y. Nov. 8, 2006); see also 11 U.S.C. §348(a).

**APPENDIX A042**

11. Section 706 sets forth only two prerequisites to conversion: (i) that the case has not previously been converted and (ii) that the debtor is eligible for the chapter chosen. See 11 U.S.C. §§ 706(a), (d).

12.  Both of these elements are satisfied in this case.

13. The case has not previously been converted and the Debtor is eligible to be a debtor in chapter 11.

14. A Chapter 11 provides the best mechanism to a meaningful recovery to creditors, shareholders, and to recover of various claims.

15. U Lock intends to quickly and efficiently advance a reorganization of the Debtor under a plan.

16. U Lock has a near absolute right to convert the case pursuant to Section 706(a), which is limited only by extreme circumstances not present here. See, e.g., In re Richardson, 43 Bankr. 636, 638 (Bankr. M.D. Fla. 1984) ("The legislative history of§ 706(a) makes it clear that the debtor has a 'one-time absolute right of conversion of a liquidation case to a reorganization or individual repayment plan.'") (citing H.R. Rep. No. 595, 95th Cong., 1st Sess. 380 (1977); S. Rep. No. 989, 95th Cong., 2d Sess. 94 (1978)); In re Premier General Holdings, Ltd., 427 B.R. 592, 600 (Bankr. W.D. Tex. 2010) ("[E]ven if an order for relief is entered on a petitioning creditor's involuntary chapter 7 petition, the debtor has a near unbridled right to convert the case to chapter 11").

17. Indeed courts have recognized a debtor's right to select the chapter under which the bankruptcy will proceed. In re Holdco Capital Grp., 2011 Bankr.

**APPENDIX A043**

LEXIS 988, at *24 (Bankr. N.D. Ind. March 29, 2011) (holding that a
subsequent voluntary petition would not result in the dismissal of an
existing contested involuntary petition, but that the debtor's choice of
chapter would be honored.).

18. Accordingly, an order converting the Partnership's bankruptcy case to a
case administered under chapter 11 of the Bankruptcy Code is warranted
and should be entered

WHEREFORE, for the reasons set forth herein U Lock Inc. respectfully requests
that the Court enter an order (a) converting this bankruptcy case to a case administered
under chapter 11 of the Bankruptcy Code, Subchapter V and (b) granting such other
and further relief as the Court deems just and proper.

Date of Service: July 1, 2022

Respectfully submitted,

/s/ J. Allen Roth, Esq.

J. Allen Roth
805 S. Alexandria St
Latrobe PA  15650
(724) 537-0939
lawmatters@yahoo.com

# APPENDIX A044

Information to identify the case:

Debtor

## U LOCK INC

Name

EIN:  47‑4994911

United States Bankruptcy Court  WESTERN DISTRICT OF PENNSYLVANIA

Date case filed for chapter:    7    4/27/22

Case number:  22‑20823‑GLT

## Official Form 309D (For Corporations or Partnerships)
## Notice of Chapter 7 Bankruptcy Case ‑‑ Proof of Claim Deadline Set    10/20

For the debtor listed above, a case has been filed under chapter 7 of the Bankruptcy Code. An order for relief has been entered.

This notice has important information about the case for creditors, debtors, and trustees, including information about the meeting of creditors and deadlines. Read both pages carefully.

The filing of the case imposed an automatic stay against most collection activities. This means that creditors generally may not take action to collect debts from the debtor or the debtor's property. For example, while the stay is in effect, creditors cannot sue, assert a deficiency, repossess property, or otherwise try to collect from the debtor. Creditors cannot demand repayment from debtors by mail, phone, or otherwise. Creditors who violate the stay can be required to pay actual and punitive damages and attorney's fees.

To protect your rights, consult an attorney. All documents filed in the case may be inspected at the bankruptcy clerk's office at the address listed below or through PACER (Public Access to Court Electronic Records at https://pacer.uscourts.gov).

The staff of the bankruptcy clerk's office cannot give legal advice.

Do not file this notice with any proof of claim or other filing in the case.

| | | |
|---|---|---|
| 1. **Debtor's full name** | U LOCK INC | |
| 2. **All other names used in the last 8 years** | aka U‑LOCK INC. | |
| 3. **Address** | 14140 U.S. Route 30<br>N. Huntingdon, PA 15642 | |
| 4. **Debtor's attorney**<br>Name and address | J. Allen Roth<br>805 S Alexandria Street<br>Latrobe, PA 15650 | Contact phone 724‑537‑0939<br>Email: lawmatters@yahoo.com |
| 5. **Bankruptcy trustee**<br>Name and address | Robert H. Slone, Trustee<br>223 South Maple Avenue<br>Greensburg, PA 15601 | Contact phone 724‑834‑2990<br>Email: robertslone223@gmail.com |
| 6. **Bankruptcy clerk's office**<br>Documents in this case may be filed at this address.<br>You may inspect all records filed in this case at this office or online at https://pacer.uscourts.gov. | U.S. Bankruptcy Court<br>5414 U.S. Steel Tower<br>600 Grant Street<br>Pittsburgh, PA 15219 | Hours open:<br>Mon. ‑ Fri. Pittsburgh Office: 9:00a.m. ‑ 4:30p.m. Erie Office: 9:00a.m. ‑ 4:30p.m.<br><br>Contact phone 412‑644‑2700<br><br>Date: 7/7/22 |
| 7. **Meeting of creditors**<br>The debtor's representative must attend the meeting to be questioned under oath.<br>Creditors may attend, but are not required to do so. | **September 9, 2022 at 09:00 AM**<br><br>The meeting may be continued or adjourned to a later date. If so, the date will be on the court docket. | Location:<br>**341 Meeting will be conducted by phone, please consult the docket or, case trustee for call information.** |

For more information, see page 2 >

Official Form 309D (For Corporations or Partnerships) **Notice of Chapter 7 Bankruptcy Case ‑‑ Proof of Claim Deadline Set**    page 1

# APPENDIX A045

Debtor  **U LOCK INC**                                                    Case number **22−20823−GLT**

| 8. | **Deadlines**<br>The bankruptcy clerk's office must receive proofs of claim by the following deadlines. | **Deadline for all creditors to file a proof of claim Filing deadline: 8/26/22 (except governmental units):** |
|---|---|---|
| | | **Deadline for governmental units to file a proof   Filing deadline: 12/14/22 of claim:** |
| | | A proof of claim is a signed statement describing a creditor's claim. A proof of claim form may be obtained at www.uscourts.gov or any bankruptcy clerk's office. If you do not file a proof of claim by the deadline, you might not be paid on your claim. To be paid, you must file a proof of claim even if your claim is listed in the schedules that the debtor filed. |
| | | Secured creditors retain rights in their collateral regardless of whether they file a proof of claim. Filing a proof of claim submits the creditor to the jurisdiction of the bankruptcy court, with consequences a lawyer can explain. For example, a secured creditor who files a proof of claim may surrender important nonmonetary rights, including the right to a jury trial. |
| 9. | **Creditors with a foreign address** | If you are a creditor receiving a notice mailed to a foreign address, you may file a motion asking the court to extend the deadlines in this notice. Consult an attorney familiar with United States bankruptcy law if you have any questions about your rights in this case. |
| 10. | **Liquidation of the debtor's property and payment of creditors' claims** | The bankruptcy trustee listed on the front of this notice will collect and sell the debtor's property. If the trustee can collect enough money, creditors may be paid some or all of the debts owed to them, in the order specified by the Bankruptcy Code. To ensure you receive any share of that money, you must file a proof of claim, as described above. |

Official Form 309D (For Corporations or Partnerships) **Notice of Chapter 7 Bankruptcy Case –– Proof of Claim Deadline Set**          page **2**

# APPENDIX A046

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re:<br><br>U LOCK INC,<br><br>　　　　Debtor. | Bankr. No. 22-20823-GLT<br><br>Chapter 11 |
| U LOCK INC,<br><br>　　　　Movant,<br>v.<br><br>CHRISTINE BIROS, ROBERT SLONE,<br>SHANNI SNYDER, and UNITED STATES<br>TRUSTEE,<br><br>　　　　Respondents. | Related Doc. No.: 53<br><br>Response Deadline: July 19, 2022<br>Hearing: August 9, 2022 at 2:00 pm |

## RESPONSE IN OPPOSITION TO MOTION OF U LOCK INC. TO CONVERT CASE FROM CHAPTER 7 TO CHAPTER 11

AND NOW comes Christine Biros ("Biros"), by and through her undersigned counsel, and files this response in opposition to *Motion of U Lock Inc. to Convert Case from Chapter 7 to Chapter 11* [Doc. No. 53] (the "Motion") and in support thereof, avers as follows:

1.　　　Contrary to the assertion made by U Lock Inc (the "Debtor") in its Motion, the facts and circumstances in play in this Case support the denial of the Motion. In addition to the broad discretion granted to the Court to deny a debtor's request to convert a case if conversion would be futile, the Court must also consider whether this Debtor has received the requisite authority to consent to the bankruptcy and convert the case to Chapter 11. *See* W.D.Pa. L.B.R. 1002-10.[1]

---

[1] While this case was not commenced as a voluntary case, the Debtor's decision to consent to the bankruptcy and take action to convert this Case to a Chapter 11 case requires the same duly authorized consent.

1

# APPENDIX A047

**I.     The totality of the circumstances weighs in favor of denying the Debtor's request to convert this Case to a case under Chapter 11**

2.     The right to convert a case under chapter 7 to a case under chapter 11, 12, or 13 is not absolute and has various limits, including precluding conversion where bad faith exists or where the conversion would be futile and result in a conversion back to a chapter 7 case or a dismissal. *See Marrama v. Citizens Bank*, 549 U.S. 365 (2007) ( "the broad authority granted to bankruptcy judges to take any action that is necessary or appropriate 'to prevent an abuse of process' described in § 105(a) of the Code, is surely adequate to authorize an immediate denial of a motion to convert filed under § 706 in lieu of a conversion order that merely postpones the allowance of equivalent relief and may provide a debtor with an opportunity to take action prejudicial to creditors"); *Kearney v. Unsecured Creditors Comm.*, 625 B.R. 83, 85-86 (10th Cir. 2021) (holding that where a case would immediately be re-converted, the Court did not abuse its discretion in denying the debtor's motion to convert); *Daughtrey v. Rivera (In re Daughtrey)*, 896 F.3d 1255 (11th Cir. 2018) (holding that where there would be cause to either dismiss or re-convert the case under 11 U.S.C. § 1112(b)(4), the bankruptcy court properly denied the debtor's request to convert the case to Chapter 11).

3.     While *Marrama* dealt with the question of conversion from a chapter 7 to a chapter 13 case, courts in the Third Circuit have held that the reasoning of *Marrama* and the language of 11 U.S.C. § 706(a) apply in equal force when the requested chapter for conversion is chapter 11. *See Nimoityn v. Schubert (In re Nimoityn)*, Case No. 20 -144667, 2022 U.S. Dist. LEXIS 30351*, at *4 (Feb. 22, 2022).

4.     Additionally, the legislative history of 706(b) expressly explains that:

Subsection (b) permits the court, on request of a party in interest and after notice and a hearing, to convert the case to chapter 11 at any time. ***The decision whether***

2

**APPENDIX A048**

38

*to convert is left in the sound discretion of the court*, based on what will most inure to the benefit of all parties in interest.

H.R. Rep. No. 95-595, at 380 (1977), as reprinted in 1978 U.S.C.C.A.N. 5963; S. Rep. No. 95-989, at 94 (1978), as reprinted in 1978 U.S.C.C.A.N. 5787 (emphasis added).

5.      The conversion of this Case to chapter 11 would be futile and the Debtor's request for conversion should be denied.

6.      If this Case were to be converted, it would likely be immediately re-converted to Chapter 7 or dismissed pursuant to 11 U.S.C. § 1112(b)(1) for "cause."

7.      "Cause" includes substantial or continuing loss to or diminution of the estate and the absence of a reasonable likelihood of rehabilitation, gross mismanagement of the estate, or failure to maintain appropriate insurance that poses a risk to the estate or to the public. 11 U.S.C. § 1112(b)(4). Each of these factors standing alone gives rise to cause to convert or dismiss a chapter 11 case. All of these circumstances are present in this Case.

8.      First, the parties controlling the Debtor have continued to take action against property of the estate, notwithstanding the fact that a trustee has been appointed and the Debtor is no longer in possession. For example, these parties have caused certain equipment owned by the Debtor to be removed from the real property located at 14140 U.S. Route 30, North Huntingdon, Pennsylvania (the "Property") on which the Debtor is allegedly operating its business. Upon information and belief, such equipment has been returned. However, it is unclear whether property of the estate will be depleted by these same parties in the future if the case is converted to chapter 11 and the Debtor is permitted to remain in possession of the estate and its assets.

9.      Further, the Debtor's legal fees alone in this case – which will only increase upon conversion to a Chapter 11 Case – will certainly outweigh the Debtor's revenue at approximately $1,000 per month. Upon conversion, the Debtor will be required to address the outstanding

3

**APPENDIX A049**

citations against the Property which require remediation and clean-up in order for the Debtor to continue any operations. With the meager income alleged, the Debtor will not be able to afford the work necessary.

10.    The Debtor has also been ordered to pay outstanding taxes on the Property and to "keep such taxes current during the pendency of its occupancy of the Property." A true and correct copy of this Order is attached hereto as **Exhibit A**. At this time, the outstanding taxes on the Property exceed $20,000. A true and correct copy of the real estate tax lien certificate related to the Property is attached hereto as **Exhibit B**. The Debtor's income is insufficient to pay outstanding taxes or to continue to keep any such taxes current during any continued occupancy of the Property.

11.    The estate has already been diminished and will continue to be depleted if the Case is converted.

12.    With the minimal income expected from the Debtor's alleged business and an absence of meaningful business operations, there is not a reasonable likelihood of rehabilitation.

13.    There are also numerous issues related to the Debtor's current occupancy of the Property in question. The Property upon which the Debtor allegedly operates its business is located on property owned by the Movant. This is problematic because, as the Court is aware, the Debtor does not have the Movant's permission to remain on the Property and there is no lease that the Debtor may assume which would permit it to remain on the Property.

14.    A separate issue relates to the Debtor's failure to obtain an occupancy permit to operate its business on the Property. In order to obtain such a permit, the Movant's consent would be required.

4

# APPENDIX A050

15.     Due to the diminution of the estate and the lack of a reasonable likelihood of rehabilitation, the Case will be ripe for conversion or dismissal for "cause" under 11 U.S.C. § 1112(b)(4)(A).

16.     Further, the Debtor has failed to file any tax returns for any of the approximately seven years that it has been in existence. In addition to this, the Movant has reason to believe that the Debtor has failed to observe any corporate formalities that are required for a corporation to operate a business in Pennsylvania. Such lack of corporate formalities and failure to ever file tax returns amounts to gross mismanagement.

17.     Therefore, the Case would also be poised for conversion or dismissal for "cause" under 11 U.S.C. § 1112(b)(4)(B).

18.     Additionally, at the hearing held in this Case on July 6, 2022, the Debtor acknowledged that it did not have any insurance related to its operations. Such failure to obtain the requisite insurance contributes to the finding of gross mismanagement, but also rises to cause to dismiss or convert a Chapter 11 case on that basis alone pursuant to 11 U.S.C § 1112(b)(4)(C).

19.     For all of these reasons, it is likely that conversion of this Case would result in the almost immediate dismissal or conversion back to a Chapter 7 case.

20.     As such, conversion of this Case to a Chapter 11 case would be a "futile and wasted act" and should be denied. *In re Home Network Builders, Inc.,* Case No. 06-3355, 2006 U.S. Dist. LEXIS 89541*, at *10-11 (D.N.J. Nov. 22, 2006). *See In re Ryan,* 267 B.R. 635, 637 (Bankr. N.D. Iowa 2001) (citing *In re Finney,* 992 F.2d 43, 45 (4th Cir. 1993)) (same).

21.     With regard to what the Debtor refers to as "complex litigation" in the Motion, all of the litigation pertaining to Property has been appealed to completion with the final

# APPENDIX A051

determination being that Biros is the owner. Despite the Debtor's assertions otherwise, there is no remaining residual litigation.

22.     Any litigation assets of the estate can be brought by the trustee without issue. Further, there is nothing to preclude the Debtor from assisting the trustee or providing input regarding any such litigation if necessary.

23.     Additionally, if the Trustee is responsible for liquidating assets of the estate, including litigating any meritorious claims of the estate, this neutral party will resolve concerns regarding conflicts of interest pertaining to the potential pursuit of actions against certain parties as opposed to others.

24.     Due to the circumstances described above, this Case should not be converted and the Debtor's Motion should be denied in its entirety.

**II.     The Debtor has failed to provide any corporate authority for filing, or converting this Case to, a Chapter 11 case**

25.     By consenting to the bankruptcy and attempting to proceed with a Chapter 11 case, the Debtor has essentially filed a voluntary bankruptcy case.

26.     As such, the local rules require that the Debtor must file a "duly attested resolution authorizing the commencement of the bankruptcy case executed by the body whose approval is required for the commencement of a bankruptcy case under applicable law." W.D.Pa. L.B.R. 1002-10.

27.     No such corporate resolution has been filed.

28.     Under the applicable statute, authority for a corporation to file a voluntary bankruptcy petition can only be provided by resolution of the corporate board of directors. *See Be-Fit Health & Racquet, Inc. v. Healthtime Racquet & Fitness Club, Inc. (In re Be-Fit Health & Racquet, Inc.)*, Case No. 97-31273F (Bankr. E.D. Pa. Nov. 14, 1997) (relying on 15 Pa. C.S.A. §

**APPENDIX A052**

1903(a)). The authority to file does not rest with any particular corporate officer. *In re Penny Saver, Inc.,* 15 B.R. 252, 253 (Bankr. E.D. Pa 1981); *see also, e.g., In re American Intern. Industries, Inc.,* 10 B.R. 695 (Bankr. S.D.Fla. 1981); *In re Al-Wyn Food Distributors, Inc.*, 8 B.R. 42 (Bankr. M. D. Fla. 1980).

29.    The Debtor has provided no documentation regarding the requisite authority to consent to this bankruptcy or to convert the case to a Chapter 11 case.

30.    The schedules filed by the Debtor do not mention a board of directors, shareholders, or include any indication of which parties' authority is required to make decisions on behalf of the corporation.

31.    As such, the current documentation provided by the Debtor does not provide the necessary authority to consent to, or convert the Case to a Chapter 11, bankruptcy.

32.    Even if the Debtor does file a purported corporate resolution in the future, the Court and the Trustee should carefully consider whether any such resolution is in accordance with the requisite formalities of a corporation in Pennsylvania.

## <u>CONCLUSION</u>

33.    The right of a debtor to convert a case from Chapter 7 to Chapter 11 is far from absolute and courts routinely deny requests from debtors to convert such cases where the conversion would be futile. Here, it is clear that the conversion would be futile because the facts and circumstances would provide for immediate re-conversion or dismissal for cause under 11 U.S.C. § 1112(b). Further, the lack of corporate authority that is required to consent to the Case raises additional questions regarding whether the Debtor has the ability to consent to the Case, nonetheless request to convert it to Chapter 11.

7

# APPENDIX A053

34.     As the Court has acknowledged, this Case is very contentious. It is in the best interest of all of the creditors and the estate for the Trustee to remain in place and for the Case to proceed under Chapter 7 as a conversion will only result in the further depletion of assets of the estate as well as the likely re-conversion or dismissal of that Case.

35.     For all of these reasons, the Court should use its discretion to deny the Motion so that the Trustee can efficiently liquidate the estate for the benefit of creditors.

WHEREFORE, the Debtor respectfully requests that this court enter an order (i) denying the Debtor's *Motion of U Lock Inc. to Convert Case from Chapter 7 to Chapter 11* [Doc. No. 53], and (ii) granting such other and further relief as the Court may deem just and proper.

Dated: July 19, 2022

Respectfully submitted,
BERNSTEIN-BURKLEY, P.C.

/s/  *Sarah E. Wenrich*
Robert S. Bernstein (PA ID No. 34308)
rbernstein@bernsteinlaw.com
Sarah E. Wenrich (PA ID No. 325834)
swenrich@bernsteinlaw.com
601 Grant Street, Floor 9
Pittsburgh, PA 15219
Telephone: (412) 456-8108
Facsimile: (412) 456-8135

*Counsel for Christine Biros*

8

**APPENDIX A054**

**IN THE SUPREME COURT OF PENNSYLVANIA
WESTERN DISTRICT**

CHRISTINE BIROS, AN INDIVIDUAL,    :    No. 259 WAL 2021
                                        :
                 Respondent           :
                                          :
                                        :
                 v.                      :
                                        :
                                        :
U LOCK INC., A PENNSYLVANIA       :
CORPORATION,                         :
                                        :
                 Petitioner            :

## ORDER

**PER CURIAM**

     **AND NOW**, this 16th day of March, 2022, the Application to Stay Remand of Record

Pending United States Supreme Court Review is **GRANTED**. Additionally, in accordance

with Pa.R.A.P. 2572(d), Petitioner is hereby instructed to pay all accrued and unpaid real

estate taxes and to keep such taxes current during the pendency of its occupancy of the

Property.

A True Copy Nicole Traini
As Of 03/16/2022

Attest: *Nicole Traini*
Chief Clerk
Supreme Court of Pennsylvania

# APPENDIX A055

Denyel D. O'Brien
Director

Linda Kuchar
Deputy Director

Tim Andrews
Solicitor

Phone
724-830-3428

Office Hours
Monday Through Friday
8:30 AM to 4:00 PM

Case Case 22-cv-01218-RJC Document 142 Filed 12/15/22 Page 56 of 139 Desc
Exhibit B   Page 1 of 3



Tax Claim Bureau
40 N. Pennsylvania Ave. Suite 109
Greensburg, PA 15601

DATE:  7/19/2022                                                                        PAGE     1

TIME:  9:24:35              **REAL ESTATE TAX LIEN CERTIFICATE**

| THIS DOCUMENT CERTIFIES THAT THE TAXES/COSTS DUE ON THE PROPERTY DESCRIBED BELOW, AS SHOWN BY THE RECORDS PROCESSED IN OUR OFFICE AS OF 7/19/22 ARE AS FOLLOWS. |
|---|

******** DIST/CTL  54   9485 ********

BIROS CHRISTINE                          MAP NO    54 03 10 0 103
3001 JACKS RUN RD                        SITUS     14140 RT 30 E
MC KEESPORT PA 15131

                                         PROPERTY BLDGS PCL 2
                                         DESC    21.0976 AC
                                                 SHANE PLAN
              N HUNTINGDON TWP                                        CERT MAIL-R/C  93850165
65650    NORWIN                          BOOK/PAGE0220   3085         CERT MAIL-SALE 94372326
                                         LAND USE C
STATUS  C                                ACREAGE      21.097
                                         VALUE       46,410  VALUE C&G    46,410

| DATE | CODE | DESCRIPTION | RECEIPT NO | TAX | PENALTY | INTEREST | CHARGES | PAYMENTS | BALANCE DUE | INT ADDED EACH MO |
|---|---|---|---|---|---|---|---|---|---|---|
| 1/30/18 | 200 | COU-N HUNTINGDON TWP | 974.15 | | 97.42 | 116.96 | 1188.53 | | | .00 |
| 1/30/18 | 300 | CBT-N HUNTINGDON TWP | 539.28 | | 53.93 | 64.64 | 657.85 | | | .00 |
| 1/30/18 | 400 | SCH-NORWIN | 3601.42 | | 360.14 | 432.16 | 4393.72 | | | .00 |
| | | | | 2017 TAX TOTAL | | | 6240.10 | | | |
| 1/30/18 | 201 | COU-FILING FEE | | | | | 45.00 | | | |
| 2/05/18 | 205 | REMINDER COST | | | | | .80 | | | |
| 4/03/18 | 202 | POSTAGE RET & CLAIM | | | | | 5.45 | | | |
| 4/03/18 | 242 | ARCHIVE FEE | | | | | 4.00 | | | |
| 10/04/18 | 205 | REMINDER COST | | | | | .80 | | | |
| 5/07/19 | 203 | RECORD REVIEW FEE | | | | | 10.00 | | | |
| 5/07/19 | 206 | SALE PREPARATION | | | | | 25.00 | | | |
| 5/07/19 | 207 | POSTAGE SALE NOTICE | | | | | 12.00 | | | |
| | | | | 2017 FEE TOTAL | | | 103.05 | | | |
| 5/28/19 | | PAYMENT RECEIVED: | 804461 | | | | | 6343.15- | | |
| | | | | 2017 PAYMENT TOTAL | | | 6343.15- | | | |
| | | | 2017 YEAR TOTALS & BALANCE | | | 6343.15 | | 6343.15- | .00 | |
| 1/22/19 | 200 | COU-N HUNTINGDON TWP | 974.15 | | 97.42 | 29.24 | 1100.81 | | | .00 |
| 1/22/19 | 300 | CBT-N HUNTINGDON TWP | 539.28 | | 53.93 | 16.16 | 609.37 | | | .00 |
| 1/22/19 | 400 | SCH-NORWIN | 3712.80 | | 371.28 | 387.88 | 4471.96 | | | .00 |
| | | | | 2018 TAX TOTAL | | | 6182.14 | | | |
| 1/22/19 | 201 | COU-FILING FEE | | | | | 45.00 | | | |
| 2/28/19 | 205 | REMINDER COST | | | | | .85 | | | |
| 4/02/19 | 242 | ARCHIVE FEE | | | | | 4.00 | | | |
| 4/02/19 | 202 | POSTAGE RET & CLAIM | | | | | 5.65 | | | |
| 11/01/19 | 205 | REMINDER COST | | | | | .80 | | | |
| 6/05/20 | 203 | RECORD REVIEW FEE | | | | | 10.00 | | | |
| 6/05/20 | 206 | SALE PREPARATION | | | | | 25.00 | | | |
| 6/05/20 | 207 | POSTAGE SALE NOTICE | | | | | 12.00 | | | |
| 7/08/20 | 209 | POSTING UPSET SALE | | | | | 65.00 | | | |
| 7/08/20 | 210 | ADVERTISING | | | | | 10.00 | | | |
| 8/14/20 | 220 | PROOF OF MAIL FEE | | | | | 2.00 | | | |
| | | | | 2018 FEE TOTAL | | | 180.30 | | | |
| 5/28/19 | | PAYMENT RECEIVED: | 804461 | | | | | 3656.85- | | |
| 9/09/20 | | PAYMENT RECEIVED: | 840566 | | | | | 2705.59- | | |
| | | | | 2018 PAYMENT TOTAL | | | 6362.44- | | | |

# APPENDIX A056

| DATE | CODE | DESCRIPTION | RECEIPT NO | TAX | PENALTY | INTEREST | CHARGES | PAYMENTS | BALANCE DUE | INT ADDED EACH MO |
|------|------|-------------|-----------|-----|---------|----------|---------|----------|-------------|-------------------|
| | | 2018 YEAR TOTALS & BALANCE | | | | | 6362.44 | 6362.44- | .00 | |
| 1/22/20 | 200 | COU-N HUNTINGDON TWP | 974.15 | | 97.42 | 219.30 | 1290.87 | | | 7.31 |
| 1/22/20 | 300 | CBT-N HUNTINGDON TWP | 539.28 | | 53.93 | 121.20 | 714.41 | | | 4.04 |
| 1/22/20 | 400 | SCH-NORWIN | 3824.18 | | 382.42 | 860.40 | 5067.00 | | | 28.68 |
| | | 2019 TAX TOTAL | | | | | 7072.28 | | | |
| 1/22/20 | 201 | COU-FILING FEE | | | | | 45.00 | | | |
| 2/04/20 | 205 | REMINDER COST | | | | | .80 | | | |
| 5/14/20 | 242 | ARCHIVE FEE | | | | | 4.00 | | | |
| 5/14/20 | 202 | POSTAGE RET & CLAIM | | | | | 5.80 | | | |
| 5/17/21 | 203 | RECORD REVIEW FEE | | | | | 10.00 | | | |
| 5/17/21 | 206 | SALE PREPARATION | | | | | 25.00 | | | |
| 5/17/21 | 207 | POSTAGE SALE NOTICE | | | | | 12.00 | | | |
| 7/01/21 | 209 | POSTING UPSET SALE | | | | | 65.00 | | | |
| 7/01/21 | 210 | ADVERTISING | | | | | 10.00 | | | |
| 8/17/21 | 220 | PROOF OF MAIL FEE | | | | | 2.00 | | | |
| | | 2019 FEE TOTAL | | | | | 179.60 | | | |
| | | 2019 YEAR TOTALS & BALANCE | | | | | 7251.88 | .00 | 7251.88 | 40.03 |
| | | ESTIMATED BALANCE DUE NEXT MONTH | | | | | | | 7291.91 | |
| 1/26/21 | 200 | COU-N HUNTINGDON TWP | 997.35 | | 99.74 | 134.64 | 1231.73 | | | 7.48 |
| 1/26/21 | 300 | CBT-N HUNTINGDON TWP | 542.53 | | 54.25 | 73.26 | 670.04 | | | 4.07 |
| 1/26/21 | 400 | SCH-NORWIN | 3935.57 | | 393.56 | 531.36 | 4860.49 | | | 29.52 |
| | | 2020 TAX TOTAL | | | | | 6762.26 | | | |
| 1/26/21 | 201 | COU-FILING FEE | | | | | 45.00 | | | |
| 2/09/21 | 205 | REMINDER COST | | | | | .80 | | | |
| 4/13/21 | 242 | ARCHIVE FEE | | | | | 4.00 | | | |
| 4/14/21 | 202 | POSTAGE RET & CLAIM | | | | | 5.90 | | | |
| 5/17/22 | 203 | RECORD REVIEW FEE | | | | | 10.00 | | | |
| 5/17/22 | 206 | SALE PREPARATION | | | | | 25.00 | | | |
| 5/17/22 | 207 | POSTAGE SALE NOTICE | | | | | 13.00 | | | |
| 7/01/22 | 209 | POSTING UPSET SALE | | | | | 65.00 | | | |
| 7/01/22 | 210 | ADVERTISING | | | | | 12.00 | | | |
| | | 2020 FEE TOTAL | | | | | 180.70 | | | |
| | | 2020 YEAR TOTALS & BALANCE | | | | | 6942.96 | .00 | 6942.96 | 41.07 |
| | | ESTIMATED BALANCE DUE NEXT MONTH | | | | | | | 6984.03 | |
| 1/19/22 | 200 | COU-N HUNTINGDON TWP | 997.35 | | 99.74 | 44.88 | 1141.97 | | | 7.48 |
| 1/19/22 | 300 | CBT-N HUNTINGDON TWP | 542.53 | | 54.25 | 24.42 | 621.20 | | | 4.07 |
| 1/19/22 | 400 | SCH-NORWIN | 3935.57 | | 393.56 | 177.12 | 4506.25 | | | 29.52 |
| | | 2021 TAX TOTAL | | | | | 6269.42 | | | |
| 1/19/22 | 201 | COU-FILING FEE | | | | | 45.00 | | | |
| 2/10/22 | 205 | REMINDER COST | | | | | .85 | | | |
| 4/04/22 | 242 | ARCHIVE FEE | | | | | 4.00 | | | |
| 4/04/22 | 202 | POSTAGE RET & CLAIM | | | | | 6.25 | | | |
| | | 2021 FEE TOTAL | | | | | 56.10 | | | |
| | | 2021 YEAR TOTALS & BALANCE | | | | | 6325.52 | .00 | 6325.52 | 41.07 |
| | | ESTIMATED BALANCE DUE NEXT MONTH | | | | | | | 6366.59 | |
| | | CLAIM TOTALS | | | | | 33225.95 | 12705.59- | 20520.36 | 122.17 |
| | | ESTIMATED TOTAL DUE NEXT MONTH | | | | | | | 20642.53 | |

MISC RECEIPTS - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

| DATE | CODE | DESCRIPTION | RECEIPT NO | CHARGES |
|------|------|-------------|-----------|---------|
| 4/23/19 | 960 | LIEN CERTIFICATE | 801274 | 15.00 |
| 5/20/19 | 960 | LIEN CERTIFICATE | 803746 | 15.00 |
| 6/12/19 | 960 | LIEN CERTIFICATE | 806067 | 15.00 |
| 2/10/22 | 960 | LIEN CERTIFICATE | 877079 | 15.00 |
| 4/18/22 | 960 | LIEN CERTIFICATE | 883783 | 15.00 |
| 4/22/22 | 960 | LIEN CERTIFICATE | 884304 | 15.00 |
| 5/17/22 | 960 | LIEN CERTIFICATE | 886316 | 15.00 |

# APPENDIX A057

| DATE | CODE | DESCRIPTION | RECEIPT NO | TAX | PENALTY | INTEREST | CHARGES | PAYMENTS | BALANCE DUE | INT ADDED EACH MO |
|------|------|-------------|-----------|-----|---------|----------|---------|----------|-------------|-------------------|
| 5/20/22 | 960 | LIEN CERTIFICATE | 886573 | | | | | | 15.00 | |

CREDIT CARD TRANSACTIONS - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - ---- - - - - - - - -

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | **BANKRUPTCY NO. 22-20823-GLT** |
| **U LOCK INC.** | ) | |
| | ) | **CHAPTER 7** |
| **DEBTOR** | ) | |
| ************************************ *** ) | | **DOCUMENT NO.** |
| **U LOCK, INC.** | ) | |
| | ) | |
| **MOVANT** | ) | |
| | ) | **HEARING DATE: 8/9/22 @2:00 PM** |
| vs. | ) | **COURTROOM A—PITTSBURGH** |
| | ) | |
| **CHRISTINE BIROS, SHANNI SNYDER,** | ) | |
| **ROBERT H. SLONE, TRUSTEE, AND** | ) | |
| **UNITED STATES TRUSTEE,** | ) | |
| | ) | |
| **RESPONDENTS** | ) | |

**RESPONSE OF ROBERT H. SLONE, TRUSTEE TO MOTION OF U LOCK, INC.**
**TO CONVERT CASE FROM CHAPTER 7 TO CHAPTER 11**

AND NOW, comes Robert H. Slone, Trustee, by and through his attorneys, Mahady and Mahady—Robert H. Slone, Esquire, and files this Response to the Motion of U Lock, Inc. to Convert Case from Chapter 7 to Chapter 11, stating as follows:

1. Admitted.

2. Admitted.

3. Admitted.

4. Admitted.

5. Admitted.

6. Admitted.

7. Admitted.

8. Through reviewing financial information and other documents provided to the Trustee by the Debtor, the Trustee has determined that such information shows that the Debtor generates very little money from its operation, as follows:

   a.    Official Form 207 shows that from the beginning of the fiscal year to filing date, the Debtor's gross revenue was $8,400.00.

# APPENDIX A059

b.    Upon requesting the Debtor's bank statements, the Trustee received two (2) sets of bank statements from two (2) accounts the Debtor holds at Citizens Bank. Debtor's Citizens Bank checking account ending xxx380-2 appears to be the operating account of the Debtor. The deposits and credits in this account from January 1, 2022 to June 30, 2022 total $2,610.00. Debtor's second Citizens Bank account ending in xxxx278-5 shows a balance of $64.00 on the June 2021 statement and a balance of $31.00 on the May 2022 statement. There were no transactions in this account other than a $3.00 monthly bank service charge.

c.    Official Form 207 reports Debtor's total gross revenue as $13,200.00 for the year 2021 and $12,000.00 for the year 2020.

d.    The amount turned over to the Trustee from the Debtor pursuant to Court Order was the total of $1,895.00.

9.  Debtor has not filed any income tax returns. U Lock, Inc. was formed in 2015.

10. The Debtor has had no insurance coverage on its property.

11. Schedule G purports to list all the Debtor's Lessees and the amounts owing at the time of filing. It does not appear that there were any collection activities on the Lessees who have substantial outstanding rents due.

12. The assets Debtor listed in Schedule A/B were not complete. The Trustee, along with auctioneer Mark Ferry, toured the Debtor's premises located at 14140 Route 30, North Huntingdon, PA on July 12, 2022 with George Snyder. Mr. Snyder walked the premises with the Trustee and the auctioneer and pointed out other items that were assets of the estate and were not listed on Schedule A/B. At that time, the Trustee noticed that the machinery and equipment on the premises was in extremely poor condition and thus would not be much value to the estate if exposed to sale.

13. The Debtor claims to have complicated litigation claims which are listed as an attachment to Schedule A/B.

# APPENDIX A060

14. The Trustee questions the purpose of this case being converted from Chapter 7 to Chapter

11 or why the involuntary petition was not contested.

WHEREFORE, the Trustee respectfully requests that the case of U Lock, Inc. be dismissed.


Respectfully submitted,


Dated:  July 19, 2022            /s/ ROBERT H. SLONE
                                 Robert H. Slone, Esquire
                                 PA I.D. No. 19963
                                 MAHADY & MAHADY
                                 223 South Maple Avenue
                                 Greensburg, PA 15601
                                 (724) 834-2990
                                 robertslone223@gmail.com

**APPENDIX A061**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | **BANKRUPTCY NO. 22-20823-GLT** |
| U LOCK INC. | ) | |
| DEBTOR | ) | **CHAPTER 7** |
| ************************************ *** | ) | |
| U LOCK, INC. | ) | **DOCUMENT NO.** |
| MOVANT | ) | |
| | ) | **HEARING DATE: 8/9/22 @2:00 PM** |
| vs. | ) | **COURTROOM A—PITTSBURGH** |
| | ) | |
| CHRISTINE BIROS, SHANNI SNYDER, | ) | |
| ROBERT H. SLONE, TRUSTEE, AND | ) | |
| UNITED STATES TRUSTEE, | ) | |
| | ) | |
| RESPONDENTS | ) | |

**CERTIFICATE OF SERVICE FOR RESPONSE OF ROBERT H. SLONE, TRUSTEE TO**
**MOTION OF U LOCK, INC. TO CONVERT CASE FROM CHAPTER 7 TO CHAPTER 11**

I certify under penalty of perjury that I served the above captioned pleading(s) on the parties at the addresses specified below on July 19, 2022 by the following:

Service by First-Class Mail:

Office of the U.S. Trustee
Liberty Center, Suite 970
1001 Liberty Avenue
Pittsburgh, PA 15222

Christine Biros
435 Miller Lane
Pittsburgh, PA 15239

Shanni Snyder
14390 Route 30, Unit H
North Huntingdon, PA 15642

J. Allen Roth, Esquire
805 S. Alexandria Street
Latrobe, PA 15650

Sarah Wenrich, Esquire
Bernstein Burkley
707 Grant Street
Suite 2200 Gulf Tower
Pittsburgh, PA 15219

Law Firm of William E. Otto
PO Box 701
Murrysville, PA 15668

EXECUTED ON: __July 19, 2022__    By:    __/s/ ROBERT H. SLONE__
Robert H. Slone, Esquire
PA I.D. No. 19963
MAHADY & MAHADY
223 South Maple Avenue
Greensburg, PA 15601
(724) 834-2990
robertslone223@gmail.com

# APPENDIX A062

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

IN RE:                                                   )

                                                            )        **BANKRUPTCY NO. 22-20823-GLT**

**U LOCK INC.**                                   )

                             DEBTOR           )        **CHAPTER 7**

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\* \*\*\***   )

**U LOCK, INC.**                                 )        **DOCUMENT NO.**

                       **MOVANT**             )

                                                            )        **HEARING DATE: 8/9/22 @2:00 PM**

         **vs.**                                        )        **COURTROOM A—PITTSBURGH**

                                                            )

**CHRISTINE BIROS, SHANNI SNYDER,**  )

**ROBERT H. SLONE, TRUSTEE, AND**     )

**UNITED STATES TRUSTEE,**              )

                                                            )

         **RESPONDENTS**                    )

## ORDER OF COURT

         AND NOW, to wit, this _____ day of _____ 2022, upon consideration of the Trustee's Response to the Motion of U Lock, Inc. to Convert Case from Chapter 7 to Chapter 11, it is hereby ORDERED, ADJUDGED and DECREED that the above-referenced Chapter 7 case is dismissed without prejudice.

                                                            BY THE COURT:

                                                            _____

                                                            GREGORY L. TADDONIO
                                                            UNITED STATES BANKRUPTCY JUDGE

# APPENDIX A063

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

In re:  U LOCK INC. a/k/a            )
U-LOCK INC.                          )        Bankruptcy 22-20823-GLT
                                     )
              Debtor.                )        Chapter 7
                                     )
----------------------------------------------- )

## EXHIBITS IN SUPPORT OF MOTION TO CONVERT CASE TO CHAPTER 11, SUBPART V

The attached exhibits will be referenced at the hearing on the Motion to

Convert from Chapter 7 to 11, Subpart V and other matters scheduled for

August 9, 2022.  These exhibits are being provided in advance pursuant to

Paragraph 11 of the General Procedures Established for Cases Assigned to

Judge Gregory L. Taddonio.

Respectfully submitted,

/s/ J. Allen Roth, Esq.

_____
J. Allen Roth, Esq. (PA ID 30348)
805 S. Alexandria Street
Latrobe PA  15650
(724) 537-0939
lawmatters@yahoo.com

COUNSEL FOR DEBTOR U LOCK INC.

# APPENDIX A064

# COMMERCIAL LINES COMMON POLICY DECLARATIONS

**INSURANCE IS PROVIDED BY THE COMPANY DESIGNATED BY AN "X":**  Stock
Company

☐ **PENN-AMERICA INSURANCE COMPANY**

☐ **PENN-STAR INSURANCE COMPANY**

☒ **PENN PATRIOT INSURANCE COMPANY**  --
**State Control Number**

**Bala Cynwyd, Pennsylvania 19004**

NEW

Renewal of Number

Rewrite of Number

**POLICY NUMBER:** PAV0389594

**1.** **NAMED INSURED:** ULOCK INC

**DBA:**

**MAILING ADDRESS:** 14140 STATE ROUTE 30

North Huntingdon, PA  15642

**2.** **POLICY PERIOD:** From _____ July 22, 2022 _____ To _____ July 22, 2023 _____ at 12:01 A.M.
Standard Time at your mailing address shown above.

**3.** **FORM OF BUSINESS:** Corporation  **OTHER DESC:**

**4.** **BUSINESS DESCRIPTION:** MINI-WAREHOUSES

IN RETURN FOR THE PAYMENT OF THE PREMIUM, AND SUBJECT TO ALL THE TERMS OF THIS POLICY WE
AGREE WITH YOU TO PROVIDE THE INSURANCE AS STATED IN THIS POLICY.

**5.** THIS POLICY CONSISTS OF THE FOLLOWING COVERAGE PARTS FOR WHICH A PREMIUM IS INDICATED.
THIS PREMIUM MAY BE SUBJECT TO ADJUSTMENT.

| | | **PREMIUM** |
|---|---|---|
| Commercial General Liability Coverage Part | $ | 891.00 |
| Commercial Property Coverage Part | $ | 1,836.00 |
| Commercial Crime Coverage Part | $ | NOT COVERED |
| Commercial Inland Marine Coverage Part | $ | NOT COVERED |
| Professional Liability Coverage Part | $ | NOT COVERED |
| Liquor Liability Coverage Part | $ | NOT COVERED |
| Commercial Umbrella Coverage Part | $ | NOT COVERED |
| Owners Contractors Protective Coverage Part | $ | NOT COVERED |
| TRIA | $ | NOT COVERED |

**6.** **TOTAL PREMIUM PAYABLE AT INCEPTION** $ 2,727.00

| | | |
|---|---|---|
| Policy Fee | $ | 150.00 |
| Surplus Lines Tax | $ | 80.13 |
| Inspection Fee | $ | 150.00 |
| Stamping Fee | $ | 20.00 |
| | $ | |
| | $ | |
| Other: | $ | |
| **TOTAL** | $ | 3,127.13 |

**7.** FORM(S) AND ENDORSEMENT(S) MADE A PART OF THIS POLICY AT THE TIME OF ISSUE:*

_____ AS PER FORM S1007 (12/2000) SCHEDULE OF FORMS AND ENDORSEMENTS ATTACHED _____

*Omits applicable Forms and Endorsements if shown in specific Coverage Part/Coverage Form Declarations.

THESE DECLARATIONS TOGETHER WITH THE COMMON POLICY CONDITIONS, COVERAGE PART
DECLARATIONS, COVERAGE PART COVERAGE FORM(S) AND FORMS AND ENDORSEMENTS, IF ANY, ISSUED
TO FORM A PART THEREOF, COMPLETE THE ABOVE NUMBERED POLICY.

**Agency Code:** 02714
USG Insurance Services, Inc. - Canonsburg
1000 Town Center Way  **By**
Canonsburg, PA  15317  **Authorized Representative**
ak            07/25/2022

S1100(09/2016)  Page 1 of 1

# APPENDIX A065

## COMMERCIAL LINES COMMON POLICY DECLARATIONS
### SCHEDULE OF FORMS AND ENDORSEMENTS

| POLICY NUMBER: | NAMED INSURED: |
|---|---|
| PAV0389594 | ULOCK INC |

### Form / Endorsement No. / Edition Date

COMMON POLICY

| | | |
|---|---|---|
| NAA105 | [05-22] | GLOBAL INDEMNITY PRIVACY NOTICE |
| NAA238 | [05-22] | IMPORTANT NOTICE FOR POLICYHOLDERS REGARDING PUBLIC HEALTH EMERGENCY |
| NAA169 | [05-22] | CLAIMS REPORTING PROCEDURES |
| S1100 | [09-16] | PENN-AMERICA COMMON POLICY DECLARATIONS |
| IL0017 | [11-98] | COMMON POLICY CONDITIONS |
| IL0021 | [09-08] | NUCLEAR ENERGY LIABILITY EXCLUSION ENDORSEMENT |
| IL0120 | [10-13] | PA CHANGES - DEFENSE COSTS |
| IL0910 | [07-02] | PA NOTICE |
| EAA204 | [02-15] | PA SERVICE OF SUIT |
| EAA100 | [01-12] | IN WITNESS CLAUSE |
| EAA146 | [12-09] | TERRORISM EXCLUSION |
| S1003 | [08-91] | MINIMUM EARNED PREMIUM |
| S2003 | [08-02] | PA COMBINED PROVISIONS ENDORSEMENT |
| PA01230 | [04-90] | ASBESTOS EXCLUSION |
| IL0003 | [09-08] | CALCULATION OF PREMIUM |
| IL0985 | [12-20] | DISCLOSURE PURSUANT TO TERRORISM RISK INSURANCE ACT |
| EPA1739 | [06-15] | CHANGES - ACTUAL CASH VALUE |

COMMERCIAL GENERAL LIABILITY

| | | |
|---|---|---|
| S2000 | [06-01] | GL COVERAGE PART DECLARATIONS |
| CG0001 | [04-13] | CGL COVERAGE FORM |
| CG2107 | [05-14] | EXCLUSION - ACCESS OR DISCLOSURE OF CONFIDENTIAL OR PERSONAL INFORMATION AND DATA-RELATED LIABILITY - LIMITED BODILY INJURY EXCEPTION NOT INCLUDED |
| CG2109 | [06-15] | EXCLUSION - UNMANNED AIRCRAFT |
| CG2147 | [12-07] | EMPLOYMENT RELATED PRACTICES EXCL |
| CG2155 | [09-99] | TOTAL POLLUTION EXCLUSION WITH A HOSTILE FIRE EXCEPTION |
| CG2132 | [05-09] | COMMUNICABLE DISEASE EXCLUSION |
| CG2167 | [12-04] | FUNGI OR BACTERIA EXCLUSION |
| CG2196 | [03-05] | SILICA OR SILICA-RELATED DUST EXCLUSION |
| CG2229 | [11-85] | EXCL - PROPERTY ENTRUSTED |
| CG2426 | [04-13] | AMENDMENT OF INSURED CONTRACT DEFINITION |
| EPA1631 | [01-18] | TOTAL EXCLUSION - PROFESSIONAL SERVICES |
| EPA1691 | [09-12] | ANTI-STACKING ENDORSEMENT |
| EPA1833 | [01-18] | NONCOOPERATION WITH AUDIT |
| EPA2016 | [03-22] | EXCLUSION - CYBER AND DATA LIABILITY |
| CG4014 | [12-19] | CANNABIS EXCLUSION |

COMMERCIAL PROPERTY

| | | |
|---|---|---|
| S3000 | [08-09] | COMMERCIAL PROPERTY COVERAGE PART |

**APPENDIX A066**

# COMMERCIAL LINES COMMON POLICY DECLARATIONS
## SCHEDULE OF FORMS AND ENDORSEMENTS

| POLICY NUMBER: | NAMED INSURED: |
|---|---|
| PAV0389594 | ULOCK INC |

### Form / Endorsement No. / Edition Date

|  |  | DECLARATIONS |
|---|---|---|
| CP0010 | [10-12] | BUILDING AND PERSONAL PROPERTY COVERAGE FORM |
| CP0090 | [07-88] | COMMERCIAL PROPERTY CONDITIONS |
| CP0140 | [07-06] | EXCLUSION OF LOSS DUE TO VIRUS OR BACTERIA |
| CP1030 | [09-17] | CAUSE OF LOSS - SPECIAL FORM |
| CP1033 | [10-12] | THEFT EXCLUSION |
| CP1075 | [12-20] | CYBER INCIDENT EXCLUSION |
| CP9903 | [12-19] | CANNABIS EXCLUSION |
| EPA1925 | [12-18] | SINKHOLE COLLAPSE EXCLUSION |

S1007 (12-2000)

Page 2 of 2

# APPENDIX A067

RESOLUTION OF U LOCK INC.

At a meeting of the shareholders on June 30, 2022, in Westmoreland County, Pennsylvania:

WHEREAS, Shanni Snyder commenced an involuntary bankruptcy under Chapter 7 of the Bankruptcy Court which, because of a lack of defense to the allegation of insolvency, it did not answer, and as the Corporation is insolvent and unable to pay its debts when due,

and WHEREAS, the Corporation and its creditors would best be served by reorganization of the Corporation under Chapter 11 of the Bankruptcy Code, Subchapter V, Small Business Recorganization, considering that benefit to the creditors and the Company would be best had by invoking the Pennsylvania Uniform Voidable Transactions Act or similar avoidance and preferential transfer laws available under the bankruptcy code and federal law to void the purported involuntary transfer of U Lock's property, obtain available financing, and pay the creditors in full, it is hereby:

RESOLVED, that the Corporation authorizes as soon as practicable counsel J Allen Roth to convert the case to reorganization pursuant to Chapter 11 of the Bankruptcy Code, Subchapter V, Small Business Reorganization. The Corporation consents to reorganization.

Present:      George Snyder      345,000,000 outstanding shares
              Kash Snyder        75,000,000 outstanding shares (telephonically)

Quorum: 98.82% of shareholders voting for resolution. 1.18% not present.

The undersigned hereby certifies that he is  the custodian of the books and records of U Lock Inc., a corporation duly formed pursuant to the laws of the Commonwealth of Pennsylvania, and that the foregoing is a true record of a resolution duly adopted at a meeting of the shareholders with a quorum present exceeding 98.82% of the outstanding share of U Lock's stock and that said resolution is now in full force and effect without modification or rescission.

George Snyder
Majority shareholder

**APPENDIX A068**

J. MICHAEL LEVESQUE

July 23, 2022

USAAG Systems
████████████
Glastonbury, CT   06033

J. Allen Roth, Esq.
805 S. Alexandria
Latrobe, PA   15650

Robert Slone, Esq.
223 South Maple Avenue
Greensburg, PA   15601

        In re:  U Lock, No. 22-20823 (Bk. W.D. Pa.)

Gentlemen,

I have visited the U Lock site several times over the past few years and am familiar with the location and property.

I am aware that USAAG has tentatively agreed to inject sufficient capital into U Lock Inc. to allow it to pay off all of its creditors the amounts they are due in full pursuant to a prospective bankruptcy plan.

In the event the United States Bankruptcy Court for the Western District of Pennsylvania allows U Lock Inc. to reorganize and to secure its assets lien free, I will accept the position as President of U Lock Inc.

Through my experience as a former Mayor of West Warwick, Rhode Island, a town with almost the exact population as North Huntingdon, Pennsylvania, along with other governmental and real estate experience, I believe U Lock can become prosperous fairly quickly.   Under my guidance and direction, U Lock will be debt free, supervised, compliant, and profitable.

Yours truly,

J. Michael Levesque

██████████████ WARWICK   RHODE ISLAND ████ USA

# APPENDIX A069

# J. Michael Levesque



Warwick, RI
USA

## PERSONAL

Born            , 1953
Kent County Memorial Hospital – Warwick, RI
Son of Arthur A. and Gloria (Paull) Levesque (Deceased)
Married to the former Celeste A. Vanasse and father of three children: Lindsay-Mae; July 1, 1977, Zachary Paull; August 11, 1980 and Aubrey Elizabeth; July 28, 1989

## EDUCATION

| | |
|---|---|
| 1975 | Bachelor of Arts Degree – Political Science |
| | St. Michael's College, Colchester, Vermont |
| 1971 | High School Diploma – College Preparatory |
| | Bishop Hendricken High School, Warwick, RI   02886 |
| 1967 | Grammar School |
| | St. James School, West Warwick, RI   02893 |

## ORGANIZATIONS

Involved in a wide range of civic organizations as well as fundraising activities for community-based organizations.
Licensed Real Estate Agent
Notary Public
Newspaper columnist and Associate Publisher of The Rhode Island Echo
Political Analyst for WJAR-TV on occasion

## POLITICAL AND GOVERNMENTAL OFFICES AND AFFILIATIONS

| | | |
|---|---|---|
| 2020+ | BOARD MEMBER | RI Heritage Hall of Fame |
| 2015 | BOARD MEMBER | NE Group Foundation |
| 2015 | MEMBER | Station Fire Advisory Committee |
| 2013 | CO-CHAIRMAN | West Warwick Centennial Ball |
| 1998-2006 | CO-FOUNDER | Narragansett Indian Casino Drive |
| 1998-2002 | CO-CHAIR | West Warwick 2000 |
| 1990-1992 | MEMBER | Children's Crusade Board |
| 1986-1992 | MEMBER | Industry-Education-Labor Council of RI |
| 1986-1987 | MEMBER | RI Adult Education Literacy Council |
| 1986-1987 | MEMBER | RI Strike Force for Literacy |
| 1979-1998 | MEMBER | West Warwick GOP Committee |
| 1986-1988 | MEMBER | Republican National Committee |
| 1986 | DELEGATE | White House Conference on Business |
| 1985-1986 | CHAIRMAN | West Warwick Charter Commission |

# APPENDIX A070

| 1982-1984 | MEMBER | West Warwick Town Council |
| 1980 | MEMBER | Davies Vocational School Advisory |
| 1980 | CHAIRMAN | RIGOP Energy Commission |
| 1979 | CHAIRMAN | West Warwick Alternate Tax Committee |
| 1977 | MEMBER | West Warwick Charter Review Committee |

## SPECIAL AWARDS

1991-1992   PRESIDENTIAL APPOINTMENT
Reappointed by President Bush to the National Commission for Employment Policy

1990   PRESIDENTIAL APPOINTMENT
Appointed by President Bush to the United States Presidential Observer Delegation to the National elections in Haiti

1989-1991   PRESIDENTIAL APPOINTMENT
Appointed by President Reagan to the National Commission for Employment Policy

1986   PRESIDENTIAL APPOINTMENT
Appointed by President Reagan as a Presidential Delegate (100 Nationwide) to the White House Conference on Small Business

## AWARDS/HONORS

Various awards and honors from a variety of professional, governmental and civic organizations.

## EMPLOYMENT

2012-Present   PRINCIPAL
XM AMERICAS MANAGEMENT, LLC.
378 Main Street, East Greenwich, RI 02818
A principal in this company that is contracted to expand a major money remittance company based in the Middle East into the Americas and the Caribbean.

2007-Present   PRINCIPAL
CHURCHILL LINCOLN INTERNATIONAL, LLC.
378 Main Street, East Greenwich, RI 02818
A principal in this company that brings a wide range of companies, in a cross section of fields, to do business in the Middle East and North Africa.
Clients include major entertainment, construction related and financial companies, as well as North American companies in the energy business.

2003-Present   PRINCIPAL
THE LINCOLN GROUP, LLC.
461 Main Street, East Greenwich, RI 02818
Business consultant for various companies in a wide variety of fields.

# APPENDIX A071

Clients include companies involved in gaming, energy, solid waste management, construction, manufacturing, and government service, both domestically and internationally.

2001-2005     DIRECTOR OF BUSINESS DEVELOPMENT
              O. AHLBORG & SONS, INC.
              48 Molter Street, Cranston, RI 02910
              Responsible for all business development and public affairs for this
              large Rhode Island based construction company.

1996-1998     VICE PRESIDENT
              CARDINAL INTERNATIONAL TRADE, LTD.
              17 Industrial Drive, Smithfield, RI 02917
              Involved in all areas of this international trade company whose main
              focus was on the manufacture, sale and distribution of Nicaraguan cigars.
              Duties included extensive travel throughout Latin America.

1993-1996     PRESIDENT
              LEVESQUE ASSOCIATES, LTD.
              920 Main Street, Coventry, RI 02816
              A small consulting firm with an emphasis on privatization programs for
              developing countries in Latin America and the Pacific Rim.

1988-1992     MAYOR
              TOWN OF WEST WARWICK, RHODE ISLAND
              Was the first Mayor elected in the Town's history. Served two terms
              before accepting the Party's nomination to be a candidate for the office
              of Governor.

1987-1988     CHAIRMAN
              RHODE ISLAND REPUBLICAN PARTY
              Elected unanimously by the Rhode Island Republican State Central
              Committee to oversee Party activities.

1987          DIRECTOR
              RHODE ISLAND DIVISION OF JOB DEVELOPMENT AND
              TRAINING/STATE JTPA LIASON
              Responsible for the administration of all areas of the federally funded
              Job Training Partnership Act for the State of Rhode Island. Served also
              as liason to the United States Department of Labor.

1977-1985     VICE PRESIDENT
              CRYSTALITE EMBEDMENTS, INC.
              6 Industrial Drive, Smithfield, RI 02917
              Concerned with all areas of this plastic manufacturing corporation.
              Duties included extensive travel throughout the US and Canada.

# APPENDIX A072



July 23, 2022


J. Allen Roth, Esq.
805 S. Alexandria
Latrobe, PA  15650

Robert Slone, Esq.
223 South Maple Avenue
Greensburg, PA 15601

      In re:  U Lock, No. 22-20823 (Bk. W.D.Pa.)

Dear Mr. Roth and Mr. Slone:

In the event U Lock Inc. was able to reorganize and regain control of its assets through
payment in full to its creditors, I would be pleased to participate on the Board of
Directors of the reorganized enterprise.

I did visit U Lock Inc. in Pennsylvania, met with George Snyder, and familiarized myself
with the area and potential development opportunities.  Through my experience and
understanding of real estate, I can assist U Lock in its successful development.


Very truly yours,

    *DP*

Don Parsons

cc:    USAAG

# APPENDIX A073

# DON PARSONS



don@98co█████████n

### PROFILE

With the ability to make unbiased decisions, manage numbers, and keep healthy percentage of profit for each company, Don has proven his ability to multi-task and complete the task at hand

### EXPERIENCE

#### Designated Broker/Owner, Cullinan Real Estate, Newport, RI — 2020-Present

Cullinan burst onto the luxury marketplace in 2020 and has proven to become a threat to real estate agencies with more than 100 years of experience. Cullinan is a luxury real estate brand created to market and sell the most exclusive homes throughout the country.  Currently preparing listings in RI, CA, CT, NY, PA, and WV, this company is destined to become the top luxury brand in country.  Cullinan Real Estate has already acquired a portfolio of listings from top real estate developers throughout the country.

#### Owner, Anytime Realty, Johnston, RI — 2014-Present

Within seven years of its conception, Anytime Realty has gown to one of the top real estate firms in the state and specializes in residential and commercial brokerage with a staff of twenty plus seasoned agents. A healthy percentage of profit margin, and the ability to think on the fly and adjust with the changing market has allowed Anytime Realty to continue to be ranked highly in sales and customer service statistics.

#### Owner, Moe's Moving & Storage, Smithfield, RI — 2020- Present

Since its conception, Moe's Moving has grown from a single crew operation to a robust fleet of top of the line moving vehicles, and crew. Moe's Moving has swiftly become the exclusive mover of many professional athletes, celebrities and top producing real estate agents, and has successfully completed long distance and local moves for thousands of clients.  Currently holding licenses throughout the US and in RI, MA, CT, NH, and FL, Moe's Moving has the ability to grow.  Moe's operates a state of the art warehouse facility and with the current staff and crew in place, Moe's Moving has over 30 years of combined experience and expertise in the moving and storage industry.

#### Owner, Pure Water Transport, Coventry, RI — 2021-Present

Acquired with 50 years of business knowledge and experience as the top water transport company within the state of Rhode Island, Pure Water

## APPENDIX A074

Transport is currently operating in RI, MA and CT.  With new management and an updated fleet of trucks, Pure Water Transport is poised to be the exclusive water transport company in the tri-state area.

**Keynote Speaker, Bryant University and Providence College — Present**
Over the last decade, Don has been an honored guest at some of the most prestigious business colleges throughout Rhode Island as a keynote speaker. With a passion for education and entrepreneurship, his speeches have inspired and lead young business professionals to greatness.  As a mentor, Don has taken a serious role in the education of up and coming entrepreneurs.

**EDUCATION AND ACCOLADES**
**Greater Providence Board of REALTORS — President, 2020**
**Greater Providence Board of REALTORS — REALTOR of the year, 2017**
**Rhode Island Association of REALTORS- Board of Directors**
**Greater Providence Board of REALTORS — Board of Directors**
**Make-A-Wish Board of Directors**
**Bryant University, Leadership Excellence Certificate Program, 2019**
**National Association of REALTORS — Certified Instructor**
**Rhode Island Association of REALTORS — Certified Instructor**

**SKILLS**
Don brings to the table the ability to take a hand's on approach in the management of multiple businesses.  He also possesses a large network of connections including politicians, business owners, and entrepreneurs.  With extensive experience in marketing and negotiations, he is able to lead a company to success.  The ability to adapt with movement in the markets has allowed Don to grow each business substantially.  He possesses an international reach with contacts in the Middle East, and throughout the country including major key cities such as Boston, New York, Miami, Los Angeles, Aspen and Houston.

# APPENDIX A075



**USAAG SYSTEMS CO**

**GLASTONBURY CT**

July 12, 2022

J. Allen Roth, Esq.
805 S. Alexandria Street
Latrobe PA 15650

      In re:      Confidential Letter of Intent
              14140 U.S. 30, North Huntingdon, Pennsylvania

Dear Mr. Roth:

USAAG Systems Co. is an accredited investor. It has fully reviewed the *U Lock* bankruptcy matter along with certain lawsuits filed in the Court of Common Pleas of Westmoreland County.

USAAG Systems Co. is willing to infuse the capital necessary for U Lock to either emerge from bankruptcy or have its bankruptcy dismissed,, satisfy the unsecured loan Ms. Biros provided to U Lock Inc. along with fair interest. We would provide the seed money and assistance for U Lock to either develop the property or enter into a joint venture to develop the property. USAAG Systems Co. would expect to receive at least a seventy-five percent (75%) equity stake in U Lock Inc. to do so.

Alternatively, USAAG Systems Co. is willing to provide U Lock a mortgage to pay Ms. Biros the funds along with interest. USAAG would provide terms and guidance for U Lock to enable U Lock to develop the property.

However, as USAAG Systems Co. must be able to provide U Lock with seed capital and cover other expenses, this Letter of Intent is contingent upon Ms. Biros receiving no more than the actual amount she provided,any property taxes she paid between 2015 and present, along with the capped Pennsylvania simple interest rate of six percent (6%). *Furthermore, we cannot consider compensation to Ms. Biros for the current remediation activities without first evaluating a site plan.*

Finally, we note our extreme concern relating to the dumping or development activities occurring on the property. If it is found that these current activities caused significant environmental damage or would materially increase the costs of simple remediation, we reserve the right to modify or rescind this offer.

The funds earmarked for this project are liquid, deposited in an FDIC insured bank, and ready to be transmitted to escrow or the bankruptcy trustee forthwith.

Very truly yours,

Dave Carter
Vice President

---Allen and George:

   This plan is flexible. We could infuse the entire amount owed to all creditors including the Christine Biros unsecured loan and the Shanni Snyder judgment so long as its capped at what they are entitled to-- federal prejudgment or post-judgment. In this case, based on calculations, we'd ask for 80% of the reorganized enterprise and the existing shareholders receive 20%. We'd guide the reorganized company to develop nicely with Mike Levesque and Don Parsons on board.

          --Dave

# APPENDIX A076

# ✴ Citizens™

US702 | BR002
ROP 450
P.O. Box 7000
Providence, RI 02940

USA AG SYSTEMS CO
GLASTONBURY CT

**Savings Account
Statement**

**Page 1 of 3**

Beginning July 01, 2022
through July 31, 2022

## Questions? Contact us today:

**CALL:**
Savings Account Customer
Service
1-800-922-9999

**VISIT:**
Access your account online:
citizensbank.com

**MAIL:**
Citizens
Customer Service Center
P.O. Box 42001
Providence, RI 02940-2001

**USA AG SYSTEMS CO**



## Business Savings for

### Balance Calculation

| | | |
|---|---|---|
| Previous Balance | | 850,808.47 |
| Withdrawals & Debits | - | 499.00 |
| Deposits & Credit | + | .00 |
| Interest Paid | + | 7.22 |
| **Current Balance** | = | 850,316.69 |

### Balance

| | |
|---|---|
| Average Daily Balance | 850,373.85 |

### Interest

| | |
|---|---|
| Current Interest Rate | .01% |
| Annual Percentage Yield Earned | .01% |
| Number of Days Interest Earned | 31 |
| Interest Earned | 7.22 |
| Interest Paid This Year | 19.97 |

You can waive the monthly maintenance fee of $4.99 by maintaining a minimum daily balance of $500 in your account.
Your minimum daily balance used to qualify this statement period is: $850,309
A New Account waiver is active on your account so monthly maintenance fees are not currently being assessed. Your first four
monthly maintenance fees will be waived as a courtesy.

## TRANSACTION DETAILS FOR SAVINGS ACCOUNT ENDING 6498

| Date | Amount | Description | |
|---|---|---|---|
| | | | **Previous Balance** |
| 07/05 | 499.00 | ONLINE TRANSFER TO CHECKING 0024996386 | **850,808.47** |
| 07/29 | 7.22 | Interest | **Total Transactions** |
| | | | - 491.78 |

Please See Additional Information on Next Page

Member FDIC ⌂ Equal Housing Lender

# APPENDIX A077

## Business Savings

| Daily Balance | | | | | | | Current Balance |
|---|---|---|---|---|---|---|---|
| Date | Balance | Date | Balance | Date | Balance | = | 850,316.69 |
| 07/05 | 850,309.47 | 07/29 | 850,316.69 | | | | |

## NEWS FROM CITIZENS

Why wait for a statement to see your banking activity? Download our Mobile Banking App* today to see your account info when it is convenient for you. Plus, better manage your money with personalized insights in the app to better balance spending and saving.
*Wireless carrier charges may apply.

# APPENDIX A078

Case 2:22-cv-01208-RJC Document 24 Filed 12/16/22 Page 79 of 139



**APPENDIX A079**

Case 2:22-cv-01216-RJC   Document 24   Filed 12/16/22   Page 80 of 139



**APPENDIX A080**

GARBAGE PUSHED IN MANHOLE



PILE CREATED DURING SO-CALLED REMEDIATION PROCESS (STILL THERE)

# APPENDIX A081

Case 22-20823-GLT Doc 109 Filed 08/10/22 Entered 08/10/22 11:22:37 Desc Main
Document Page 1 of 2

FILED
8/10/22 11:19 am
CLERK
U.S. BANKRUPTCY
COURT - WDPA

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | | |
|---|---|---|---|
| In re: | : | Case No.: | 22-20823-GLT |
| | : | Chapter: | 7 |
| U LOCK INC | : | | |
| | : | | |
| | : | Date: | 8/9/2022 |
| *Debtor(s).* | : | Time: | 02:00 |

### PROCEEDING MEMO

**MATTER:**      # 14 Con't Expedited Motion to Dismiss Case , in addition to Motion For Sanctions
                Against Petitioning Creditor, or in the alternative Motion for Relief from Stay or in the alternative
                Motion to Abandon the Movants Property.
            # 36 - Order Granting Christine Biros Limited Relief from the Stay
                # 86 - Notice Regarding Non-Compliance as Directed by Paragraph 12 of the Order at Entry 36
                    filed by Debtor
                        # 96 - Response filed by Robert Slone, Trustee
                        # 97 - Response filed by Christine Biros
                # 100 - Declaration re: Notice of Non-Compliance Docket Entry 86 filed by Debtor

            # 53 Motion to Convert Case from Chapter 7 to 11 filed by the Debtor
                        # 91 - Response filed by Christine Biros
                        #92 - Response filed by Trustee Slone
            # 102 - Exhibits to be referenced at hearing on 8/9/22 filed by the Debtor

**APPEARANCES:**

| | | |
|---|---|---|
| | Debtor: | J. Allen Roth, George Snyder |
| | Trustee: | Robert H. Slone |
| | Petitioning Creditor: | Shanni Snyder, Charles Zebley |
| | Christine Biros: | Sarah Wenrich, William Otto, Christine Biros |

**NOTES:** [2:16 p.m.]

Slone: So far, I've received $1,895 from the Debtor. I have received bank statements that show gross revenue $6,210, which is inconsistent with the Schedules. There are a limited number of assets in the Debtor's possession. After reviewing the pleadings, I have directed the tenants to pay rent to me. The problem is that there are no leases in place, so it is difficult to enforce the payment obligations. No tax returns have been filed since the business's formation.

Court: I received a declaration from Mr. Snyder that indicated property removed from the Debtor's site.

Slone: Tenants have removed some of their personal property from the lockers. Most equipment listed in the Debtor's Schedules are not in operating condition. I took someone to examine the property and there is no expectation that an auction would generate funds.

Court: On the notice of non-compliance, there is an allegation that certain property has been destroyed.

Slone: Limited remediation has taken place. I don't believe there have been other issues.

Roth: The non-compliance related to an attempt to collect against the Debtor even after the bankruptcy was filed.

Court: You're talking about your adversary proceeding. Are there any outstanding issues with the cease-and-desist letter?

Roth: No.

Court: I am going to consider the notice as withdrawn. To the extent there are issues involving access to the property or interference with the debtor's estate, the chapter 7 trustee is equipped to handle it, and if not, to bring it to the Court's attention.

S. Snyder: I have something to say about the transparency of the process with creditors.

Court: You haven't filed a response to the notice of non-compliance, so I'm not sure you have standing.

Roth: [Delivers argument in favor of motion to convert].

Court: Have you discussed any case conversion with your trustee or destruction of assets with Trustee Slone?

# APPENDIX A082

78

Roth: We have not gotten to that point.

Court: And you believe that there is case law that support you to collaterally attack the constructive trust? You can get over *Rooker-Feldman* and *res judicata* issues?

Roth: Yes. We believe the prior transfer is voidable.

Court: And how is this a viable business, even with the infusion of new money? What would be the reorganization purpose for this entity?

Roth: The property is probably worth at least $1 million.

Court: If there is a viable claim to attack the constructive trust, why can't the trustee initiate that action?

Roth: We think we can handle those efforts.

Slone: I don't believe conversion would accomplish anything.

Wenrich: The real property belongs to Ms. Biros. Any reorganization purpose relies on the real property. We also raise issue with the authenticity of exhibits filed by the Debtor.

Court: [Delivers ruling on the motion to convert]. I will deny the Debtor's motion to convert. Moving to the adversary proceedings, it's the respective trustees/ that should initiate those actions. Have you had any conversation with the trustee?

Roth: I have not.

Slone: I have no interest in pursuing a stay violation action.

Court: I actually have three parties before me that may have violated the stay.

Otto: If you look at the state court docket, I did not act on the writ of possession that was issued by the state judge. I brought a sanctions action against Mr. Snyder and Mr. Roth individually as opposed to the Debtor.

Court: I am inclined to dismiss the stay violation adversary proceeding because it was brought on behalf of U Lock, and only the trustee can bring such action unless derivative standing is obtained. I will also deny the motion to intervene by Ms. Snyder.     This is a claim belonging to her bankruptcy estate.

Zebley: There is a meeting of creditors on Friday. I believe Ms. Snyder has a pre-petition claim against the Debtor.

Court: I am also inclined to dismiss Ms. Snyder's adversary proceeding. I will keep the motion to dismiss open.

**OUTCOME:**

1. The *Motion to Convert Case from Chapter 7 to 11* [Dkt. No. 53] is DENIED for the reasons stated on the record. [Text Order].

2. The *Notice Regarding Non-Compliance as Directed by Paragraph 12 of the Order at Entry 36* [Dkt. No. 86] is DENIED as WITHDRAWN. [Text Order].

3. The Adversary Proceeding (22-2048-GLT) [Dkt. No. 104] is DISMISSED without prejudice for the reasons stated on the record.

4.  The the Motion for Leave to Intervene or Join, in addition to Motion to Add Party [Dkt. No. 3] in adversary 22-2048 is DENIED without prejudice as the underlying adversary is dismissed. [Text Order].

4. The Adversary Proceeding (22-02052-GLT) [Dkt. No. 105] is DISMISSED without prejudice for the reasons stated on the record.

5. On or before August 23, 2022, the trustee shall file a status report. [Text Order].

6. The *Con't Expedited Motion to Dismiss Case, in addition to Motion For Sanctions   Motion to Abandon the Movants Property Against Petitioning Creditor, or in the alternative Motion for Relief from Stay or in the alternative Motion to Abandon the Movants Property* [Dkt. No. 14] is CONTINUED to August 25, 2022 at 11:30 a.m. [Text Order].

**DATED:**  8/9/2022

# APPENDIX A083

FILED
8/15/22 3:34 pm
CLERK
U.S. BANKRUPTCY
COURT - WDPA

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF PENNSYLVANIA

```
IN RE:                    .    Case No. 22-20823-GLT
                          .
                          .
U LOCK INC,               .    5414 U.S. Steel Tower
                          .    600 Grant Street
                          .    Pittsburgh, PA 15219
        Debtor.           .
                          .    August 9, 2022
. . . . . . . . . . . . . ..   2:14 p.m.
```

TRANSCRIPT OF [#14] CONTINUED EXPEDITED MOTION TO DISMISS CASE,
IN ADDITION TO MOTION FOR SANCTIONS AGAINST PETITIONING
CREDITOR, OR IN THE ALTERNATIVE MOTION FOR RELIEF FROM STAY, OR
IN THE ALTERNATIVE MOTION TO ABANDON THE MOVANTS PROPERTY;
[#36] ORDER GRANTING CHRISTINE BIROS LIMITED RELIEF FROM THE
STAY; [#86] NOTICE REGARDING NON-COMPLIANCE AS DIRECTED BY
PARAGRAPH 12 OF THE ORDER AT ENTRY 36; [#53] MOTION TO CONVERT
CASE FROM CHAPTER 7 TO 11; [#102] EXHIBITS TO BE REFERENCED AT
HEARING ON 8/9/22
BEFORE HONORABLE GREGORY L. TADDONIO
UNITED STATES BANKRUPTCY COURT JUDGE

APPEARANCES:

For the Debtor:          Law Office of J. Allen Roth
                         By:  J. ALLEN ROTH, ESQ.
                         805 S Alexandria Street
                         Latrobe, PA 15650

For Christine Biros:     Bernstein-Burkley, P.C.
                         By:  SARAH ELIZABETH WENRICH, ESQ.
                         601 Grant Street, 9th Floor
                         Pittsburgh, PA 15219


ECRO:                    Hayley Smith

Proceedings recorded by electronic sound recording, transcript
produced by transcription service.

**J&J COURT TRANSCRIBERS, INC.**
**268 Evergreen Avenue**
**Hamilton, New Jersey 08619**
**E-mail:  jjcourt@jjcourt.com**

**(609) 586-2311      Fax No. (609) 587-3599**

# APPENDIX A084

APPEARANCES (Cont'd):

For Christine Biros in    The Law Firm of William E. Otto
the State Court Action:  By:  WILLIAM E. OTTO, ESQ.
                         P.O. Box 701
                         Murrysville, PA 15668

For Shanni Snyder,       By:  SHANNI SNYDER, PRO SE
Petitioning Creditor:    14390 Route 30, Unit H
                         North Huntingdon, PA 15642

TELEPHONIC APPEARANCES:

Chapter 7 Trustee:       Mahady & Mahady
                         By:  ROBERT H. SLONE, Trustee
                         223 South Maple Avenue
                         Greensburg, PA 15601

Chapter 7 Trustee for    Zebley Mehalov & White, P.C.
Shanni Snyder acting as  By:  CHARLES O. ZEBLEY, JR., ESQ.
Creditor:                P.O. Box 2124
                         Uniontown, PA 15401

                         - - -

# APPENDIX A085

```
 1            THE COURT:  All right.  The next matter is Case

 2  Number 22-20823, U LOCK INC.

 3            I'm going to take appearances first here in the --

 4  I'll start over here, appearances for the debtor.

 5            MR. ROTH:  I'm sorry.

 6            THE COURT:  Would you like to enter your appearance,

 7  please?

 8            MR. ROTH:  Allen Roth on behalf of debtor.  Good

 9  afternoon.

10            THE COURT:  And this is Mr. Snyder?

11            MR. SNYDER:  Yes, it is.

12            THE COURT:  All right.  Good afternoon.

13            MS. SNYDER:  Shanni Snyder for myself.  Your Honor,

14  would you like us to keep masks on, or are they okay off?

15            THE COURT:  If you're comfortable, you can remove

16  them, as long as you're distant from everyone else.

17            MS. SNYDER:  Thank you, Your Honor.

18            THE COURT:  All right.  I'll take appearances over

19  here.

20            MS. WENRICH:  Hi, Your Honor.  Sarah Wenrich here on

21  behalf of Christine Biros.  I'm also here with Ms. Biros, as

22  well as William Otto.

23            THE COURT:  All right.  Good afternoon.  All right.

24  Let me take appearances by video, please.

25            MR. SLONE:  Robert Slone, Chapter 7 Trustee for
```

**APPENDIX A086**

4

1  U LOCK.

2          THE COURT:  Good afternoon.

3          MR. ZEBLEY:  Your Honor, Charles Zebley.  I'm the

4  Chapter 7 Trustee for Shanni Snyder.  We would be here as a

5  creditor.

6          THE COURT:  All right.  Good afternoon.  Any other

7  appearances on the Zoom call?

8                  (No audible response)

9          THE COURT:  All right.  We are here on a number of

10  matters.  I have a continued hearing on the expedited motion to

11  dismiss the case, or in addition for sanctions against the

12  petitioning creditor, or a motion for relief from stay filed by

13  Christine Biros.

14          I have a notice regarding a non-compliance with my

15  order granting limited stay relief that was filed by U LOCK at

16  Docket Number 86.

17          In addition, this is also the time set for the

18  hearing on the motion to convert the case from Chapter 7 to

19  Chapter 11 filed by the debtor, U LOCK, and I have responses in

20  opposition by Christine Biros and Trustee Slone.

21          And last, but not least, I think it's worth noting

22  that I have two adversary proceedings that were filed, as well;

23  an Adversary Number 22-2048 by U LOCK against Christine Biros

24  for a stay violation, as well as an Adversary Number 22-2052,

25  which was by Shanni Snyder against U LOCK for a declaratory

**APPENDIX A087**

1 judgment. I also have a motion to intervene filed by Ms.

2 Snyder in Adversary 22-2048.

3 So, you have all kept yourselves quite busy since we

4 were last together, and I have a number of items to tend to,

5 and I think we will need to go through them with some care.

6 But let me first get an update from the Chapter 7 Trustee, Mr.

7 Slone, on where things are from his perspective, and then I

8 want to get into the notice of non-compliance. Trustee Slone.

9 MR. SLONE: Can you hear me?

10 THE COURT: I can.

11 MR. SLONE: Your Honor, so far I've received from the

12 debtor $1895. That was the monies that they had from different

13 rents, et cetera, some sales. That money has been deposited.

14 I also got all the bank statements for the January 1,

15 2022 to June 30, 2022, and it shows the gross deposits of

16 $2,610, and that's for the six-month period, Your Honor.

17 The bankruptcy schedule said that the gross revenue

18 was $8,400. I don't know where the other money was, or is.

19 The -- also, the Official Form 207 reports the gross revenues

20 for 2021 at 13,200, and the year 2020 at 12,000. So, it's not

21 a lot of business being handled in this case, Your Honor.

22 I've taken Mr. Mark Ferry, an auctioneer and

23 liquidator, down to the site. We went through with George

24 Snyder, looked at all the assets. The amount of assets that

25 are owned, or claimed to be owned, by U LOCK at this time is

**APPENDIX A088**

6

1  not a lot, Your Honor.  In fact, Mr. Ferry would not conduct an

2  auction down there, and he thought the best thing to do would

3  be to get a surplus guy down there to hunt for the metal.

4  There's not a lot of value there at this time, Your Honor.

5           In looking at a lot of the pleadings that were filed,

6  I've sent letters out to all the people that had rented down

7  there asking them to pay money, what monies that they owed,

8  which were according to the information I received from U LOCK.

9           Now, the one problem is, there are no leases, and

10 little or no records for me to enforce any of these.  So, I've

11 asked the people to pay.  I haven't received any monies over

12 the last three or four weeks from any of these people.  I don't

13 know how I would go about trying to prove my case, Your Honor,

14 at this point.

15          Basically, that's what's happened so far.  Also, no

16 tax returns have been filed since the company was formed in

17 2015.  So, that's another difficulty that we had.

18          THE COURT:  I received a declaration today that was

19 filed by Mr. Snyder that suggested that there was property

20 being removed from the site.  Are you aware of anything like

21 that?

22          MR. SLONE:  There may have -- I didn't receive that.

23 There was a -- I got a paper and met with George -- or Glenn

24 Mowry (phonetic) who had equipment down there.  I showed him

25 the list of what belonged to U LOCK, and he's debating whether

**APPENDIX A089**

1   some of that is his equipment or not, Your Honor.  I told him

2   that he would have to get me some type of proof to show what

3   was his, and told him not to take anything off the property,

4   Your Honor.

5            Some of the other people who rent may have taken some

6   of their items out of their lockers, Your Honor.

7            THE COURT:  Out of the storage lockers?

8            MR. SLONE:  Yes.

9            THE COURT:  Okay.  But what about debtor assets that

10  would have some value, have those been secured, or are they --

11  I mean, I guess you're telling me there is no assets with any

12  significant value?

13           MR. SLONE:  That's what Mr. Ferry concluded, Your

14  Honor.

15           THE COURT:  So, the -- some of these assets that are

16  listed in this declaration, excavator, or trailer, these items

17  don't have --

18           MR. SLONE:  All the items that were --

19           THE COURT:  -- a fork truck?

20           MR. SLONE:  All the items that were listed in their

21  schedules, plus the additional items that we looked over, most

22  are not in any type of operating condition, Your Honor, and Mr.

23  Ferry felt that they weren't worth a lot.  All these items were

24  out in the open, basically.  There's 20 some acres there.

25           THE COURT:  Okay.

**APPENDIX A090**

8

1          MR. SLONE:  And they were spread over the -- over

2    those acreage.

3          THE COURT:  All right.  Thank you.  All right.  Well,

4    let me go back to this notice of non-compliance.  You know,

5    there's an allegation that there's been destruction of

6    scheduled property and a cease and desist letter.  Is there any

7    concerns that the Trustee wishes to raise to the Court that I

8    should be aware of in terms of what's going on with the

9    property there?

10          MR. SLONE:  Well, there are -- there were some

11    limited remediation efforts being taken by the Biros people as

12    per the prior order of Court.  Apparently, they needed

13    something from the Township to go forward, and I believe

14    they've gotten that permission from the Township, but the Biros

15    attorney could further address that, Your Honor, but I don't

16    believe there's any other issues.

17          THE COURT:  All right.  Well, let me go to Mr. Roth.

18    You filed this notice regarding non-compliance.  I've got a

19    Chapter 7 Trustee who's -- has oversight over the estate assets

20    at this point, has not indicated an issue with anything that's

21    gone on at this point.  Why should I consider anything over and

22    above that at this stage?

23          MR. ROTH:  I'm sorry.  I had trouble hearing the last

24    thing you said.

25          THE COURT:  What are you attempting to raise with the

**APPENDIX A091**

 1  Court at this point with respect to the notice of non-
 2  compliance?
 3          MR. ROTH:  Well, Your Honor, the non-compliance I
 4  think had to do with what was going on in the court
 5  proceedings, and they were continuing to try to collect even
 6  after the bankruptcy was filed, and we believe that they
 7  violated --
 8          THE COURT:  Collect what?
 9          MR. ROTH:  What's that?
10          THE COURT:  Collect what?
11          MR. ROTH:  Well, they went into court proceedings
12  asking to get funds and to get transfers made to them by the
13  State Court even after we filed this.
14          THE COURT:  Okay.  You're talking about your
15  adversary proceeding.  I'm talking about you filed a notice of
16  non-compliance suggesting that Ms. Biros was violating the stay
17  relief order with respect to the Phase I testing, and you
18  referenced a cease and desist letter that was issued by North
19  Huntingdon Township.  Is there any outstanding or remaining
20  issues that pertain to that at this point?
21          MR. ROTH:  Could I ask my client that?
22          THE COURT:  Well, I mean, you're counsel for the
23  debtor, and you're the one that filed it, so I'm assuming
24  you're up to speed on this.
25          MR. ROTH:  I understand.  At this point I don't think

1   there's anything to argue there.

2           THE COURT:  All right.  All right.  Well, then I'm

3   going to consider the notice to be addressed and withdrawn at

4   this point.  If there is a further issue -- I mean, all the

5   issues raised in the notice of non-compliance are issues that

6   if they are a problem, I expect the Trustee to raise to my

7   attention as the estate fiduciary.

8           I'm satisfied with the report I received from Mr.

9   Slone today that he's on top of things, that he's examined the

10  property, he's found that there's nothing to secure at this

11  point.  But if there is something in the future, I expect him

12  to raise that with me at this point.  So, that's going to

13  address that item at this point.  Let's get into --

14          MS. SNYDER:  May I speak as a creditor, as well?

15          THE COURT:  Well, you did not file anything with

16  respect to the notice of non-compliance, so I don't know that

17  you have any standing to raise anything with that at this

18  point.

19          MS. SNYDER:  But the creditors -- there's no

20  transparency with the creditors because Ms. Biros is implying

21  that the Trustee granted her permission to destroy the

22  scheduled tanks, and I think a motion to abandon it should be

23  required first.

24          THE COURT:  Well, it may very well be that the

25  Trustee does file a motion to abandon, but at this point, if

**APPENDIX A093**

11

1  you've got an issue with the way Mr. Slone is administering the

2  estate, you can raise that with me, but at this point I'm --

3  I've received the representation that he's examined the

4  property.  He does not find that there's anything there that is

5  worth protecting at this point, and he also -- I'm not hearing

6  anything of any substance to suggest that there is property

7  that's being destroyed to the point that that would have an

8  adverse impact on the estate.

9         MR. ROTH:  Judge, can I add something here?

10        THE COURT:  All right.  What is it?

11        MR. ROTH:  Well, under the guise of remediation, what

12  they were doing is, they were destroying things and destroying

13  items that could have some value to U LOCK, and that's what we

14  didn't want to see happening.

15        THE COURT:  All right.  Well, you heard Trustee Slone

16  say that he brought an expert onto the property.  He did not

17  find anyone -- anything there with any value, other than

18  perhaps scrap value.

19        MR. ROTH:  Okay.

20        THE COURT:  Do you have reason to believe that there

21  is an asset there that could be sold for more than what scrap

22  value would be?

23        MR. ROTH:  Well, my client tells me there is, but I'm

24  not sure what that is.  Could we have him testify?

25        THE COURT:  I'm not going to get into that today, but

APPENDIX A094

1  --

2          MR. ROTH:  Okay.

3          THE COURT:  -- I just need to get an overview on some

4  of this stuff because there's a number of issues that I need to

5  address.  I'm holding back right now on where I am on some of

6  this because I just -- I -- this is not going down the path

7  that it should be going down, and I am completely surprised at

8  the actions I've been seeing some of these parties taking here

9  in light of -- well, I'll leave it at that.

10         Let me hear about the motion to convert from a 7 to

11 11.  This is your motion, Mr. Roth -- I'm sorry.  Mr. Roth.

12         MR. ROTH:  I'm sorry.  I couldn't quite hear that

13 again.  I'm sorry.

14         THE COURT:  You can begin the presentation of your

15 motion to convert from Chapter 7 to Chapter 11.

16         MR. ROTH:  Motion to what?  I'm sorry.

17         THE COURT:  You filed a motion to convert.

18         MR. ROTH:  Right.  This property was purchased by

19 U LOCK in good faith because the company was reliant on -- and

20 because the company was reliant on Ms. Biros for its funding,

21 when the disputes arose it never had the opportunity to

22 develop.

23         So, we filed a motion to convert from Chapter 7 to

24 Chapter 11.  This allows for the Trustee to be in a limited

25 role to assist, but provides a small business entity to be in

**APPENDIX A095**

13

1    possession.

2           We believe that as a basis for the constructive trust

3    to Ms. Biros on her unsecured loan was U LOCK's insolvency.

4    Now, we believe that the constructive trusts are voidable under

5    the Pennsylvania constructive trust voidable law and under

6    bankruptcy law.  And we believe we have bankruptcy cases which

7    says that constructive trusts can be held to be voidable, and

8    what that does is, makes those people become unsecured

9    creditors that get constructive trust.

10          Our plan would be to invoke those laws and then allow

11   there to be an infusion of $850,000 to pay off all the

12   creditors in this case.  That would pay off Shanni Snyder, and

13   that would pay off Ms. Biros, and give them interest -- all

14   pre-judgment interest on all those items, and if we could have

15   that happen we believe that we could make this a viable

16   concern.

17          We have insurance on the property currently, and in

18   addition to that, we have an individual named John Michael

19   Levesque who is willing to become the president of the entity,

20   and to run this operation.

21          Now, Mr. Levesque is -- has extensive government and

22   business consulting in his history.  He was the mayor of a town

23   in Rhode Island, and that town was about the same size as North

24   Huntingdon, which is where U LOCK is located.

25          With regard to the taxes that are owed, we believe

**APPENDIX A096**

14

1   that those taxes will all be cleaned up within 90 days, and we

2   can file a plan within 45 days and initiate the adversary to

3   reverse the 20 -- January '22 judgment, which is giving us the

4   problem here.

5           So, we believe -- and the other thing that will

6   happen then is that the investors in U LOCK would retain about

7   20 percent of U LOCK, but the rest of it would then be

8   distributed to the people who are helping them do all these

9   things.

10          So, we believe that this could be an ongoing and a

11  thriving concern, especially with the help of the individual,

12  and we therefore are asking that the case be transferred.

13          THE COURT:  All right.  Have you discussed with

14  Trustee Slone any cause of action that you claim might exist on

15  behalf of U LOCK to somehow void the constructive trust?

16          MR. ROTH:  Again, I don't believe we have discussed

17  that with him at this point.

18          THE COURT:  Is there a reason why you haven't?

19          MR. ROTH:  Well, I've had discussions with him, but

20  we never got to the point where we were discussing that

21  particular issue.

22          THE COURT:  And you believe that there is case law

23  that would suggest that you can collaterally attack the State

24  Court judgments?

25          MR. ROTH:  I believe, yes, we -- I believe we can do

**APPENDIX A097**

15

1  that, yes.

2         THE COURT:  That does not run afoul of <u>Rooker-Feldman</u>

3  or res judicata?

4         MR. ROTH:  I don't believe it does.

5         THE COURT:  Explain to me how that would work.  What

6  would be the basis to believe that there is an ability to

7  collaterally attack that?

8         MR. ROTH:  I couldn't quite hear that question again.

9         THE COURT:  What is the legal basis that you rely on

10 to suggest that there still is another method of attack on that

11 constructive trust?

12        MR. ROTH:  Well, we believe that the transfer is

13 voidable, okay, and that's what we would intend to pursue is

14 the claimant is voidable.

15        And that occurred on January 22nd, I believe, with an

16 order of court is what created the constructive trust.

17        THE COURT:  All right.  What about the business

18 itself?  Mr. Slone had suggested that at most there was $2600

19 deposited into the debtor's bank accounts in the first six

20 months of the year.

21        MR. ROTH:  Yes, we understand that.

22        THE COURT:  Are there any other funds that the debtor

23 has, or is that the sum and substance of the debtor's proceeds?

24        MR. ROTH:  Well, we understand that the company has

25 not been making a whole lot of money in the past, and we

**APPENDIX A098**

16

1  understand that there are not big dollars there, but with the

2  infusion of $850,000, which this firm is willing to do to help

3  this company move along, I believe that then it will become a

4  thriving business, especially with the help of Mr. Levesque to

5  help that happen.

6          THE COURT:  What kind of thriving business?  I mean,

7  are you talking about a self-storage business, or are you

8  talking about development of the property?

9          MR. ROTH:  Well, I think part of what they're

10  contending to do is to develop the property in better and more,

11  and better ways than the way it's been developed so far.

12          THE COURT:  Okay.  But right now there's no --

13  there's no real business there, is there not?

14          MR. ROTH:  Just some lockers and things that people

15  store in.

16          THE COURT:  Okay.  But Mr. -- I mean, do you have any

17  reason to dispute that Mr. Slone said that there's no leases,

18  and so there's no ability to enforce payment against somebody

19  who has items stored there?

20          MR. ROTH:  That's my understanding.

21          THE COURT:  Okay.  And so as a result, $2,000 in

22  revenue over the course of six months is probably the best this

23  business can hope for?

24          MR. ROTH:  Well, that -- so far, until we make

25  further development.

**APPENDIX A099**

 1            THE COURT:  Okay.  But what I'm trying to understand

 2  is what would be the reorganizational purpose of converting

 3  this to an 11?  It doesn't sound like there's a business there

 4  to salvage.

 5            So, to the extent that there are a bundle of rights

 6  that the debtor has, why should I not just let the Trustee sell

 7  those rights, and then either your client or somebody else can

 8  buy them and do with them what they want?

 9            MR. ROTH:  Well, I would suggest this, I'm not sure

10  this quite answers your question, but the property is worth a

11  good bit of money.  It's worth a lot more than the $300,000

12  that was put into it.  It's probably worth a couple of million

13  dollars, and we believe if we develop that site, that it could

14  serve to generate a good bit of money.

15            THE COURT:  Okay.  But if there was an actual claim

16  there to the property and it's viable, why wouldn't the Chapter

17  7 Trustee be in a position to bring that claim on behalf of the

18  estate?

19            MR. ROTH:  I'm sorry.  I had trouble hearing again.

20  I'm really sorry about that.

21            THE COURT:  If there is indeed a viable claim to

22  challenge the constructive trust, why is the Chapter 7 Trustee

23  not equipped to pursue that claim on behalf of the bankruptcy

24  estate?

25            MR. ROTH:  Well, they could, but we think that if it

**APPENDIX A100**

1  was transferred to an 11, then we could reorganize, and we

2  would have much more productive earnings in the future,

3  especially with the help of this gentleman with all the

4  experience with governmental and things.

5          THE COURT:  Okay.  Anything else at this point on the

6  motion to convert?

7          MR. ROTH:  Nothing further.

8          MS. SNYDER:  May I say something about the

9  reorganization?

10          THE COURT:  Well, again, Ms. Snyder, I don't think

11  you filed anything with respect to the motion to convert.  Did

12  you file a response to the motion to convert?

13          MS. SNYDER:  It was their motion.

14          THE COURT:  Right.  So, if you don't file a response,

15  that doesn't give you a ticket to say anything in the court.

16  You got to preserve your right.  So, that's what the response

17  is for.

18          All right.  Let me hear from the Trustee with respect

19  to the motion to convert.  Mr. Slone.  Oh, you're on mute.

20          MR. SLONE:  Okay.  Your Honor, first of all, I don't

21  believe converting will accomplish anything.  I don't even

22  think that U LOCK should be in bankruptcy at all.  I think the

23  case should be dismissed.

24          However, I had brought up the issue prior of selling

25  the right for any cause of action I might have.  If the U LOCK

**APPENDIX A101**

19

1  people want to buy it and pursue those claims, that's fine.  I

2  don't think I'm going to be -- I don't think we have the

3  ability to overturn the lower court's decision, Your Honor, but

4  I'm willing to sell those rights, and they can pursue that,

5  Your Honor.

6          THE COURT:  All right.  Nothing --

7          MR. SLONE:  And if they have somebody that will fund

8  them for 800 and some thousand dollars, they should have enough

9  money to give a payment to me.

10          THE COURT:  All right.  Anything else?

11          MR. SLONE:  No, sir.

12          THE COURT:  All right.  Thank you.  All right.  Let

13  me hear from Ms. Biros with respect to the motion to convert.

14          MS. WENRICH:  Thank you, Your Honor.  So, my

15  pleadings say most of our argument, but I do want to address a

16  couple of things.

17          First off, with regard to the real property, at the

18  end of the day the real property as it stands is Ms. Biros',

19  and any claim that U LOCK has for a potential successful

20  reorganization relies on that property.  There is no lease to

21  be assumed.  They have no legal interest in the property.

22  There's just nothing there that would make a reorganization

23  make sense.

24          Additionally, with regard to the constructive trust,

25  it was actually created in 2019.  It goes back to the Court of

# APPENDIX A102

20

1    Common Pleas opinion where they said that the property was held
2    in constructive trust for the benefit of Ms. Biros at that
3    point, so it's, you know, January 2022 is just the date that
4    the deeds were released from escrow, but the constructive trust
5    happened way back in 2019.

6           As to the proposed exhibits that were filed by the
7    debtor in support of their motion, there's a big concern with
8    regard to authenticity of some of those documents.  We have no
9    one here to testify to authenticate them, and in particular the
10   entity with the alleged funding, the USAAG, done some research,
11   I cannot find any trace of this company in Connecticut, in
12   Pennsylvania, I can't find any evidence of -- I think that one
13   was maybe Dave Carter -- related to USAAG, I just -- I can't
14   find anything.  I'd like to think that I'm good at doing
15   research after three years of law school, but I came up empty.

16          And I just think right now there are so many
17   questions based upon items that have been in the pleading and
18   there has been truly utter lack of candor with the Court in
19   many of these pleadings.  And I don't think that putting the
20   debtor back in a position where they are running the company
21   will benefit any party in interest.

22          THE COURT:  All right.  Thank you.

23          All right, Mr. Roth, anything further from you?

24          MR. ROTH:  Nothing further.

25          THE COURT:  All right.  Well, presently before the

**APPENDIX A103**

99

21

1  Court is the U LOCK motion to convert the case from Chapter 7

2  to Chapter 11 relying on Section 706(a) of the Bankruptcy Code.

3       I would note that this is not a mandatory provision.

4  The right to convert is not absolute, and despite that motions

5  under 706(a) are to be granted liberally with the presumption

6  that they are filed in good faith, but that is subject to

7  706(d) which provides that, quote, a case may not be converted

8  to a case under another chapter of this title unless the debtor

9  may be a debtor under such chapter.  And that was a provision

10 that the Supreme Court relied upon quite extensively when it

11 rendered its decision in Marrama v. Citizens Bank of

12 Massachusetts, 549 U.S. 365.  It's a Supreme Court case from

13 2007, where it found that debtor could not convert from a 7 to

14 a 13 as a matter of right when the debtor was not eligible to

15 be a Chapter 13 debtor due to actions that had occurred

16 previously.

17      So, I do find that the Court has discretion to deny a

18 Section 706(a) motion if there is a showing of bad faith, an

19 illegitimate purpose, or it would not further the best

20 interests of creditors of the estate.

21      And here I look at the record that I have in front of

22 me, I first note the debtor did not timely bring a motion to

23 convert, and the timing is somewhat prejudicial.  The

24 involuntary was filed on April 27th, 2022, the initial hearing

25 on Ms. Biros' motion to dismiss was on June 2nd, 2022, and the

**WWW.JJCOURT.COM**

# APPENDIX A104

1    answer to the involuntary petition was due on June 13th.  And

2    in the absence of an answer, I issued an order for relief on

3    June 17th, 2022.

4           This motion to convert was not filed until July 1st,

5    17 days after the answer date, and after a Trustee was already

6    appointed.

7           There's no reason given for this delay and

8    furthermore, I note after looking at the motion to convert and

9    after listening to argument here today, I'm still not getting a

10   real substantive reason given for conversion.

11          This business is admittedly, quote, strapped

12   financially.  That's based on Mr. Snyder's testimony in the

13   July 6th hearing, Docket Number 88 at Page 23.  And I had no

14   explanation as to how the debtor will reorganize or what funds

15   it will utilize.  I have representations of apparently some

16   additional funding that will come in if the debtor is given a

17   chance to reorganize, but as my questioning has alluded to and

18   I think Mr. Slone has also hit upon, it's not clear to me why

19   the debtor if it wished to go down that road could use that

20   funding to acquire assets from this bankruptcy estate through a

21   liquidation sale and then be on its way, and why there would be

22   a need to convert the case to an 11 and go through the cost,

23   expense and delay of doing a plan just to achieve the same

24   result.  It would be much more efficient and better for all

25   involved, including creditors of the estate, to keep this in a

**APPENDIX A105**

23

1  7 for that basis.

2          It also seems to me based on the discussions here

3  today and at previous hearings that U LOCK's true purpose is to

4  develop the property, not to engage in a self-storage business,

5  which admittedly generates little to nominal value, $2600 in

6  receipts for the first six months of the year.  Statement of

7  financial affairs suggests revenues of no more then $1,000 a

8  month, and as a result, I'm not convinced that there is a

9  business to reorganize around.

10         The Trustee only has $2,000 on hand.  Certainly not

11 worthy of the expense necessary to do a Chapter 11 and the

12 retention of all professionals that are necessary to get a

13 Chapter 11 case up and running, and that's separate and apart

14 from U.S. Trustee fees that would be accrued on that -- in that

15 case while it's running.

16         Furthermore, I think there are reasons to keep this

17 in a Chapter 7.  Admittedly at the last hearing, the debtor

18 indicated there was no insurance in place as of July 6th.

19 There is a representation now in the record that there is

20 insurance.  If I accept that as true, I still find that there

21 is acknowledgment that the debtor has never filed tax returns

22 dating back to its formation in at least 2015, which is

23 problematic.  And I also have many reasons to believe and to

24 want to have a Trustee in place.

25         The docket here, the docket in the state court, is

**APPENDIX A106**

24

1  replete with contentious litigation.  Parties going at it on

2  every conceivable issue, and as a result, it would be helpful

3  to have a Trustee there as a buffer to look out for the best

4  interests of the estate, not necessarily of a particular party.

5          Furthermore, those parties have raised a new issue

6  with me every week and, quite frankly, I don't have a lot of

7  faith in the debtor's ability to self-manage here in the

8  Chapter 11.

9          Assuming that the debtor indeed did get insurance,

10 the debtor did not get that insurance until compelled to do so

11 through questioning in this court.  And then I have numerous

12 irregularities with the bankruptcy expectations here.  I've got

13 U LOCK commencing an adversary proceeding on behalf of the

14 debtor even though a Trustee has been appointed and before

15 conversion has been granted.

16          I have Shanni Snyder who seems to be acting as an

17 extension of U LOCK, and Ms. Snyder has brought her own claims

18 which seemingly would belong to her bankruptcy estate and

19 seemingly has done so without consulting her Chapter 7 Trustee

20 or seeking approval or the ability to do that on her own.

21          And, finally, I think the cost of a Chapter 11 estate

22 is just not worth the benefit that would be attained by

23 obtained by converting.  As I indicated before, my lack of

24 faith in the debtor's management at this point, in fact I think

25 I said this at a prior hearing, if I were to convert the case I

**WWW.JJCOURT.COM**

# APPENDIX A107

 1  was probably going to be inclined to want to appoint a Trustee,

 2  and I just don't see the benefit of having a Chapter 11 Trustee

 3  and that layer of administrative expense added onto the cost of

 4  what's a very modest estate.

 5         So, for that reason, I think the case is best served

 6  in a 7.  There's no business to be compromised while it's in a

 7  7 because I'm not convinced that the self-storage business has

 8  any great revenue stream and seems to be rather informal as it

 9  is.  So at best, this is a debtor who has claims, tenuous that

10  they may be to the real property, but that's really the nuts

11  and bolts of what this estate asset is.  So, on that basis, I'm

12  going to deny the motion to convert.

13         So, what I want to do now go into is these adversary

14  proceedings and some of the actions of the parties.  You know,

15  I've got this adversary that was filed on behalf of U LOCK, and

16  right now -- I thought it was pretty clear at the last hearing

17  that the Trustee stands in the shoes of U LOCK.  So, it is only

18  the Trustee who can bring that adversary at this point.

19         So, Mr. Roth, what is the basis for me considering to

20  allow that adversary to proceed at this point given that the

21  Trustee is not the one bringing that action?

22         MR. ROTH:  Well, Your Honor, if the Trustee is not

23  going along with it, then I guess we're kind of stuck with it.

24         THE COURT:  Well, have you consulted with the Trustee

25  on that?

**APPENDIX A108**

1           MR. ROTH:  Pardon me?

2           THE COURT:  Have you consulted with the Trustee about

3  bringing that action?  I mean, just so we're clear -- and Mr.

4  Slone's on here.  I mean, the allegation is that there was a

5  stay violation by what happened in state court, and if the

6  Trustee is in agreement that there's an action to be brought

7  there, then the Trustee can bring it.

8           So, have you had a conversation with Mr. Slone about

9  that?

10          MR. ROTH:  We have not talked about that, Your Honor.

11          THE COURT:  All right.  Well that's problem number

12 one.  You cannot usurp the power of a Trustee and take

13 possession of an estate asset on your own.  Do you realize

14 that?

15          MR. ROTH:  Yes, Your Honor.

16          THE COURT:  That itself is a stay violation.  All

17 right, Mr. Slone, are you aware of the allegations in the

18 adversary?

19          MR. SLONE:  (No audible response).

20          THE COURT:  I didn't -- I don't know if you're on

21 mute again.

22          MR. SLONE:  Well, I've read what he wrote and I

23 called Mr. Roth and told him to withdraw it, Your Honor.  If --

24 like I said before, if they want to pursue these claims, you

25 know, they can buy them from me.  I'm not pursuing these

**APPENDIX A109**

1   claims, Your Honor.

2           THE COURT:  You're not pursuing a stay violation?

3           MR. SLONE:  Well, I don't know that there -- in fact

4   there was a stay violation, Your Honor.

5           THE COURT:  Well, I don't know, maybe there is a

6   difference of opinion there.  I -- based on what I've seen so

7   far, I think this is a curious case where I've got three

8   parties here, and all three of you have violated the stay.

9           I think Ms. Biros may have violated the stay by

10  asking the state court to issue a further court order while the

11  bankruptcy was pending.  I think I raised questions about that

12  the very first hearing.  I'm not sure what the explanation is

13  for that but yet, you know, again, that's my preliminary

14  observation, I'll give Ms. Biros an opportunity to be heard on

15  that.

16          Mr. Roth, I think you may have violated the stay by

17  taking possession of an asset and trying to pursue a claim on

18  behalf of U LOCK where there is a Chapter 7 Trustee involved.

19          And, Ms. Snyder, I think you did the very same thing.

20  You've got Mr. Zebley, who is the trustee of your personal

21  bankruptcy estate, who reopened the case to administer an

22  asset, and now you are trying to usurp his authority by

23  bringing an adversary action yourself.

24          MS. SNYDER:  I believe I have standing because I own

25  portion of it -- a portion of it.

**APPENDIX A110**

28

1          THE COURT:  You may have an ability to receive
2  proceeds of it, but that doesn't give you the ability to
3  control the asset.
4          MS. SNYDER:  Well, I --
5          THE COURT:  It is the Trustee's asset to administer.
6          MS. SNYDER:  I believed he would -- he would, and I
7  still had --
8          THE COURT:  Well, have you had discussion with Mr.
9  Zebley about bringing this adversary case?
10         MS. SNYDER:  We e-mailed and I e-mailed Mr. Slone, as
11  well.
12         THE COURT:  All right.  But did Mr. Zebley say that
13  you could proceed with this adversary on his behalf?
14         MS. SNYDER:  I'm not sure.
15         THE COURT:  All right.  I'll take that as a no.  So,
16  what I'm telling you is this --
17         MS. SNYDER:  Could we ask --
18         THE COURT:  -- I am -- I was very close to
19  considering dismissing this case because based on what Mr.
20  Slone has indicated there is no real value here.  Now, perhaps
21  if there is some value to be gained from the sale of the claims
22  or the sale of the residual assets, perhaps there's something
23  to be gained there.  But to me, the only benefit of keeping
24  this action open is to adjudicate what I see are perhaps three
25  separate stay violations.  This is something I've never seen

**APPENDIX A111**

1  before where every single party could have violated the stay.

2          MR. OTTO:  Pardon me, Your Honor.  May I speak?

3          THE COURT:  You may.

4          MR. OTTO:  Your Honor, I represented Ms. Biros in the

5  state court action.  If you look at the Court of Common Pleas

6  docket, what you will find is that the petition for writ of

7  possession and the issuance of the writ of possession were all

8  done prior to --

9          THE COURT:  Yes, that's a misapplication of the law.

10 I read what Judge Smail said about that and that's --

11 unfortunately I hate to disagree with a judicial colleague, but

12 once you put something --

13         MR. OTTO:  But, Your Honor, may I --

14         THE COURT:  -- in order -- just because you started

15 the process doesn't give you the ability to continue the

16 process.

17         MR. OTTO:  That's not my point, Your Honor.  My point

18 is that the notice of the bankruptcy was not filed until after

19 the writ of possession was issued, and no action was taken on

20 it.  It was mailed to me and I held it and did not take any

21 action on it.  All of that took place prior to the suggestion

22 of bankruptcy and filed in the state court action.

23         In other words, the -- Judge Smail, who issued the

24 writ of possession, did not have notice of the bankruptcy

25 filing until after that writ of possession was issued.

**APPENDIX A112**

30

1        I'm not going to argue whether a stay was committed
2   -- or a violation of the stay was committed, you can look at
3   the calendar and determine that, but it was certainly not a
4   willful violation of the stay.

5        THE COURT:  All right.  Well, I have to look back and
6   I admit that it's been awhile since I looked at that
7   transcript, but I just recall that there was discussion on the
8   record in that transcript of there being a bankruptcy and what
9   actions the State Court could or could not do in light of that
10  bankruptcy.

11       MR. OTTO:  That was a motion that I filed for
12  sanctions against Mr. Roth and Mr. Snyder, not against U LOCK.
13  And the sanctions motion was related to actions that they had
14  both taken during the course of the trial and the appeal, but
15  it was not against U LOCK.  In fact, I specifically stated that
16  we were not attempting to take any action against U LOCK
17  because of the stay.

18       THE COURT:  All right.

19       MR. OTTO:  I'll be happy to provide whatever
20  information --

21       THE COURT:  Yes, I will give every party an
22  opportunity to respond to where we are at this point, so.  I'm
23  not making any determinations on that today.

24       All right.  So, again, you know, I said this the
25  first day, that I felt like this case is the wild, wild west,

**APPENDIX A113**

1  and now it's been brought into my courtroom, where everyone's

2  just taking unilateral actions, and no one's paying attention

3  to what their obligations are, what their rights are and what

4  abilities they truly have.

5          All right.  Let me hear -- let me ask this at this

6  point.  At this point, I'm inclined to just outright deny

7  Adversary 22-2048, which is the stay violation brought by

8  U LOCK because it was not pursued by the Chapter 7 Trustee on

9  behalf of the U LOCK estate.  So, any reason why I should keep

10 that adversary on my calendar at this point, Mr. Roth?

11         MR. ROTH:  No.  No, Your Honor.

12         THE COURT:  All right.  Very well.  Then I'm going to

13 deny that adversary, and commensurate with that I will deny the

14 motion to intervene that was filed by Ms. Snyder.

15         Ms. Snyder, I'm inclined to deny your adversary on

16 the basis that you do not control the claim that belongs to

17 your bankruptcy estate, although you may have an interest in

18 the proceeds that the estate garners from that claim.  So, is

19 there any reason why I should not dismiss your adversary at

20 this point?

21         MS. SNYDER:  Because it was also post-bankruptcy.

22         THE COURT:  All right.  Because you filed the case

23 after the bankruptcy was closed?

24         MS. SNYDER:  Well, the January of 2022 dates were

25 issued, and then the bankruptcy was filed, so my lien is still

**APPENDIX A114**

1 superior to her's -- to Ms. Biros'.

2          THE COURT:  All right.  Well, I'm not making any

3 determination on the nature and extent of priority of the lien

4 until I know that you are the one who actually possesses the

5 lien.

6          MS. SNYDER:  Okay.

7          THE COURT:  And right now I believe that that is an

8 asset of your estate --

9          MR. ZEBLEY:  Your Honor, can I speak --

10          THE COURT:  -- it wasn't disclosed.  All right, Mr.

11 Zebley.

12          MR. ZEBLEY:  Here's where we are with Ms. Snyder's

13 case.  There's a meeting of creditors on Friday.  I think Ms.

14 Snyder has a claim that arose prior to her filing of bankruptcy

15 against U LOCK for work she did for U LOCK, and that work

16 continued after she filed and after the case closed.  She

17 obtained a default judgment against U LOCK.

18          In her bankruptcy so far no creditors have filed any

19 claims, and we'll have to see what happens.  It's a Chapter 7

20 case.  I think the appropriate thing to do myself is to dismiss

21 her case now as premature.  She should in her own case file an

22 application for abandonment which would have brought the matter

23 before the Court and she could have asked the Court's

24 permission in her case to appear in the U LOCK case.

25          But that's where we are right now.  I have no intent

**APPENDIX A115**

33

1  of -- as of today, of filing an action.  We'll see after the

2  meeting of creditors if my opinion changes.

3          THE COURT:  All right.  Ms. Snyder, anything further

4  from you?

5          MS. SNYDER:  No, thank you, Your Honor.

6          THE COURT:  All right.  Well, again, I'm going to

7  deny Adversary 22-2052 as that was commenced without the

8  requisite authority of the Chapter 7 Trustee who has control

9  over that asset at this point.

10         All right.  Well, that leaves me with the original

11 motion to dismiss and like I said, potential stay violations

12 involving the remaining parties here, so.

13         Mr. Slone, when do you intend to make a final

14 conclusion as to what you intend to do with respect to the

15 estate assets at this point?

16         MR. SLONE:  Your Honor, I will confer with Mr. Roth

17 -- Allen Roth and see if they want to purchase any causes of

18 action.  The other assets we either abandon or get a liquidator

19 in there for salvage value.  But I wanted to wait to see what

20 happened today, but I will contact Mr. Roth and see if we can

21 proceed there.  Otherwise, I'll just -- I can abandon and maybe

22 file this as a no distribution case, Your Honor.

23         THE COURT:  All right.  You can also discuss whether

24 there is a resolution of any stay violation between the estate

25 and Mr. Roth for commencing the adversary, as well.

# APPENDIX A116

1          MR. SLONE:  Okay.

2          THE COURT:  Related to that, Mr. Zebley, you can have

3  a discussion with Ms. Snyder about any resolution of any stay

4  violation that may have occurred with respect to her

5  commencement of the adversary proceeding.  Since that is a

6  Judge Bohm case, that would not be something for me to decide,

7  but it would be something to address in that case, but if the

8  parties can reach a resolution of that, you're welcome to do

9  so.

10          And then last, but not least, I will also deal with

11  and address whether there has been a stay violation with

12  respect to the conduct of Ms. Biros with respect to the state

13  court proceedings and these events which transpired prior to

14  the first motion to -- first hearing on the motion to dismiss

15  after the involuntary was started.

16          But at this point, if the Trustee wishes to broker a

17  sale of assets, he's welcome to do so.  If there is an

18  inability to reach a resolution, then I will consider

19  dismissing this case, reserving solely the jurisdiction on any

20  ancillary 362 motions that might need to be addressed for

21  willful violations of the stay.

22          All right.  Anything else that the parties wish to

23  address or raise at this point in these proceedings?

24          MS. WENRICH:  Your Honor, if I may, I know my motion

25  is pending with regard to relief from stay and abandonment.  I

**APPENDIX A117**

1  understand the way it's been teed up that it likely doesn't

2  make sense.  I know you're not inclined to abandon the property

3  at this time, but I do want to make clear that my client would

4  also like the opportunity to purchase any potential claims or

5  assets, as well, and I also just want to put on the record that

6  we reserve all rights if there is litigation commenced against

7  my client that's vexatious, we reserve the right to seek any

8  sanctions necessary.

9        THE COURT:  Well, I want everyone to think twice

10 about what they file in this court.  You know, we're not

11 shooting from the hip here.  There needs to be a sound legal

12 basis for any document that's filed with this court or any

13 request for relief, and you darn well better be sure that you

14 have the ability to bring the action that you proceed with.  It

15 does not belong to somebody else or some other estate.

16       With that said, I'm keeping the motion to dismiss

17 open because that is a vehicle upon which I will dismiss the

18 case if I find it reaches that point, but I certainly expect

19 too that if the Trustee is looking to liquidate or sell the

20 remaining assets including any bundle of rights or causes of

21 action that the estate may have, he will entertain offers from

22 all quarters and not necessarily just the parties in this room.

23 And I expect that Trustee Slone with his experience in dealing

24 with these types of estates will do that.

25       So, if there's nothing further then, I'll consider

# APPENDIX A118

36

 1  this matter to be concluded.  I'm sorry.  Is there something

 2  else?

 3          MS. WENRICH:  I'm sorry, Your Honor.  One more thing.

 4  I -- there was a second notice regarding the compliance with

 5  the relief from stay order that Mr. Roth filed on behalf of the

 6  debtor.

 7          THE COURT:  You said a second notice?

 8          MS. WENRICH:  Yes.  I believe it was on August 3rd.

 9          No, I'm sorry, Your Honor.  It may have just been the

10  declaration regarding additional issues alleging non-

11  compliance.  I'm just -- I wasn't sure how you wanted to handle

12  that.

13          THE COURT:  No, that looks like that was just a

14  declaration that was filed.  I'm viewing that in conjunction

15  with the notice of non-compliance --

16          MS. WENRICH:  Okay.

17          THE COURT:  -- which I'm deeming to be withdrawn at

18  this point.

19          MS. WENRICH:  Okay.  Thank you, Your Honor.  Sorry

20  about that.

21          MS. SNYDER:  Your Honor, may I just say one more

22  thing?

23          THE COURT:  Good ahead.

24          MS. SNYDER:  So I did believe that in excess of

25  80,000 belonged to me, so my apologies to the Court.  I just

**APPENDIX A119**

1  wanted to file that to preserve my rights to their respect.

2          THE COURT:  Well, I understand that but again, I

3  thought we had a clear discussion about this before, that that

4  claim is not in your control at this point.  That is a claim

5  that belongs your estate, even if you have rights to a portion

6  of the proceeds.

7          MS. SNYDER:  Okay.

8          THE COURT:  And so, it's not something that you can

9  just unilaterally proceed with without prejudicing the

10  bankruptcy estate and without getting clearance or guidance

11  from Trustee Zebley.

12          I mean, the two you should be on the same team.

13          MS. SNYDER:  Yes.

14          THE COURT:  And it's -- that's not something that

15  sits well with me when I see that there is subversive actions

16  being taken to undercut the authority of a Chapter 7 Trustee.

17          MS. SNYDER:  Okay.  I apologize, Your Honor.

18          THE COURT:  All right.  Anything further from any of

19  the parties?

20          MR. ROTH:  Nothing further.

21          THE COURT:  All right.  Well, then I expect the

22  parties to straighten up here.  I've had enough of this and

23  it's detracting from, you know, resolving this matter and

24  seeing if there's anything here to be liquidated and to

25  preserve -- or to proceed with the expeditious resolution of

# APPENDIX A120

38

1  this estate.

2        So, with that, I'll issue a bundle of orders for the

3  reasons I've stated on the record here today, and then I'll

4  wait to hear from Trustee Slone with respect to his further

5  efforts to liquidate the remaining assets of this estate.

6        With that, we'll consider this matter to be concluded

7  for now.  Thank you very much, everyone.

8        ALL ATTORNEYS:  Thank you, Your Honor.

9                    * * * * *

10

11          **C E R T I F I C A T I O N**

12        We, COLETTE MEHESKI and CINDY POST, court approved

13  transcribers, certify that the foregoing is a correct

14  transcript from the official electronic sound recording of the

15  proceedings in the above-entitled matter, and to the best of

16  our ability.

17

18  /s/ Colette Meheski_____

19  COLETTE MEHESKI

20

21  /s/ Cindy Post_____

22  CINDY POST

23  J&J COURT TRANSCRIBERS, INC.      DATE:  August 15, 2022

24

25

**APPENDIX A121**

117

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

In re:  U LOCK INC. a/k/a          )
U-LOCK INC.                        )          Case. 22-20823-GLT
                                   )
              Debtor.              )
                                   )

## NOTICE OF APPEAL

**Part 1: Identify the appellant(s):**

1. Name of appellant(s): U Lock Inc.

2. Position of appellant(s) in the adversary proceeding or bankruptcy case that is the subject of this appeal:

For appeals in a bankruptcy case and not in an proceeding:  Debtor.

**Part 2: Identify the appellees:**

1. Name of appellee(s):

    a.   Robert Slone, Trustee
    b.   Christine Biros, Alleged Creditor
    c.   Shanni Snyder, Alleged Creditor

For information regarding each Appellee's counsel, please reference Part 4 below.

**Part 3: Identify the subject of this appeal**

1. Describe the judgment, order, or decree appealed from: Order Denying Motion to Convert, Entry 110.

TEXT ORDER: On August 9, 2022, a hearing was conducted on the Motion to Convert Case from Chapter 7 to 11 [Dkt. No. 53] ("Motion"). It is hereby ORDERED, ADJUDGED, and DECREED that the Motion is DENIED for the reasons stated on the record. This text-only entry constitutes the Court's order and notice on this matter. Judge Taddonio Signed on 8/10/2022. (jhel) (Entered: 08/10/2022)

As the Order was text only, a copy is not attached but is fully set forth above.

2. State the date on which the judgment, order, or decree was entered: August 10, 2022.

The Order Denying Motion to Convert is a final order, immediately appealable as a matter of right. See *In re MacGibbon*, No. WW-05-1422-PaNK, 2006 WL 6810935, at *11 (9th Cir. B.A.P. Aug. 14, 2006); *In re Sandoval*, 327 B.R. 493, 505 (1st Cir. B.A.P. 2005); see also *United States Trustee v. Sorrells (In re Sorrells)*, 218 B.R. 580, 582 (10th Cir. B.A.P. 1998) (holding that an order is appealable as of right under the collateral order doctrine pursuant to § 158(a)(1)). Further, the Order Denying Motion to Convert conclusively determines a discrete dispute within the larger bankruptcy case and leaves nothing more for that court to do in the case regarding this issue. *See Cascade Energy & Metals Corp. v. Banks* (In re Cascade Energy &

# APPENDIX A122

Metals Corp.), 956 F.2d 935, 938-39 (10th Cir. 1992) (ruling that the "appropriate judicial unit for application of these finality requirements in bankruptcy is not the overall case, but rather the . . . discrete controversy pursued within the broader framework cast by the petition") (citations omitted). There will be no subsequent other final judgment into which this order will merge. *See Bank of New England Corp.*, 218 B.R. 643, 646 (1st Cir. B.A.P. 1998) (citing *Cohen v. Beneficial Indus. Loan Corp.,* 337 U.S. 541, 546 (1949)).

If the United States District Court for the Western District of Pennsylvania determines that the Order Denying Motion to Convert is interlocutory, then pursuant to Federal Rule of Bankruptcy Procedure 8004, the district court should direct appellant U Lock to file such a motion for leave to appeal or construe this Notice of Appeal as a motion for leave to appeal so that the matter can be fully briefed.

### Part 4: Identify the other parties to the appeal

List the names of all parties to the judgment, order, or decree appealed from and the names, addresses and telephone numbers of their attorneys (attach additional pages if necessary):

1. Party: Debtor U Lock Inc.  represented by   J. Allen Roth, Esq.
805 S. Alexandria Street
Latrobe PA  15650
lawmatters@yahoo.com
(724) 537-0939

2. Trustee: Robert Slone, Esq.  represented by:   Robert Slone, Esq.
223 South Maple Avenue
Greensburg PA  15601
(724) 834-2990
robertslone223@gmail.com

3. Alleged Creditor:  Shanni Snyder   Shanni Snyder
14390 Route 30
N. Huntingdon PA 15642
shannis@pm.me

4. Alleged Creditor: Christine Biros rep. by:   Sarah E. Wenrich
Robert S. Bernstein
rbernstein@bernsteinlaw.com
swenrich@bernsteinlaw.com
601 Grant Street, Floor 9
Pittsburgh, PA 15219
(412) 456-8108

**Part 5: Optional election to have appeal heard by District Court** (applicable only in certain districts).   If a Bankruptcy Appellate Panel is available in this judicial district, the Bankruptcy Appellate Panel will hear this appeal unless, pursuant to 28 U.S.C. § 158(c)(1), a party elects to have the appeal heard by the United States District Court. If an appellant filing this notice wishes to have the appeal heard by the United States District Court, check below. Do not check the box if the appellant wishes the Bankruptcy Appellate Panel to hear the appeal.

# APPENDIX A123

( ) Appellant(s) elect to have the appeal heard by the United States District Court rather than by the Bankruptcy Appellate Panel

Not applicable in this district.


**Part 6: Sign Below**


                                        Respectfully submitted,

                                        U LOCK INC.

                              By: */s/ J. Allen Roth, Esq.*
                                        J. Allen Roth, Esq.
                                        805 S. Alexandria St S
                                        Latrobe PA  15650
                                        (724) 537-0939
                                        lawmatters@yahoo.com

                                        COUNSEL FOR THE DEBTOR


# APPENDIX A124

Official Form 417A (12/18)

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

FILED
09/06/2022 11:56 PM
CLERK
U.S. BANKRUPTCY
COURT - WDPA

In re: U Lock, Inc., Debtor

No. 22-20823-GLT

## NOTICE OF APPEAL AND STATEMENT OF ELECTION

### Part 1: Identify the appellant(s)

1. Name(s) of appellant(s):

   _____ SHANNI SNYDER _____   _____

2. Position of appellant(s) in the adversary proceeding or bankruptcy case that is the subject of this appeal:

   For appeals in a bankruptcy case and not in an adversary proceeding.

   ☐ Debtor
   ☒ Creditor
   ☐ Trustee
   ☐ Other (describe) _____

### Part 2:  Identify the subject of this appeal

1. Describe the judgment, order, or decree appealed from:   Denial of motion to convert case to Chapter 11

2. State the date on which the judgment, order, or decree was entered:  __August 10, 2022__

### Part 3: Identify the other parties to the appeal

List the names of all parties to the judgment, order, or decree appealed from and the names, addresses, and telephone numbers of their attorneys (attach additional pages if necessary):

1. Party: ___U LOCK INC___   Attorney:   J Allen Roth, Esq
   _____
   805 Alexandria Street S
   Latrobe PA  15650
   724-537-0939

2. Party: ___CHRISTINE BIROS___   Attorney:   Sarah E. Wenrich, Esq.
   601 Grant Street, Floor 9
   Pittsburgh, PA 15219
   (412) 456-8108

3. Party :  Biros Irrevocable Life Insurance Trust        unknown attorney

4. Party:  Robert Slone, Trustee              Robert Slone, Esq. 223 South Maple Ave
                                              Greensburg PA  15601     (724) 834-2990

5. Party:  Charles  O Zebley Jr., Trustee       Charles O Zebley Jr., Esq. Box 2124 Uniontown PA  15401
                                                (724) 439-9200

# APPENDIX A125

**Part 4: Optional election to have appeal heard by District Court (applicable only in certain districts)**

If a Bankruptcy Appellate Panel is available in this judicial district, the Bankruptcy Appellate Panel will hear this appeal unless, pursuant to 28 U.S.C. § 158(c)(1), a party elects to have the appeal heard by the United States District Court. If an appellant filing this notice wishes to have the appeal heard by the United States District Court, check below. Do not check the box if the appellant wishes the Bankruptcy Appellate Panel to hear the appeal.

     ❑ Appellant(s) elect to have the appeal heard by the United States District Court rather than by the Bankruptcy Appellate Panel.

**Part 5: Sign below**

*Shanni Snyder*
_____
Signature of attorney for appellant(s) (or appellant(s) if not represented by an attorney)

Date: ___September 6 2022_____

Name, address, and telephone number of attorney (or appellant(s) if not represented by an attorney):

  Shanni Snyder
_____
  14390 Route 30
_____
  North Huntingdon PA 15642
_____
  412 368 2580    shannis@pm.me
_____

Fee waiver notice: If appellant is a child support creditor or its representative and appellant has filed the form specified in § 304(g) of the Bankruptcy Reform Act of 1994, no fee is required.

[**Note to inmate filers:** If you are an inmate filer in an institution and you seek the timing benefit of Fed. R. Bankr. P. 8002(c)(1), complete Director's Form 4170 (Declaration of Inmate Filing) and file that declaration along with the Notice of Appeal.]

# APPENDIX A126

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | **Bankruptcy No. 22-20823-GLT** |
| **U LOCK, INC.** | ) | |
| Debtor | ) | **Chapter 7** |
| ************************************** | ) | |
| **ROBERT H. SLONE, TRUSTEE** | ) | **Document No.** |
| Movant | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| **CHRISTINE BIROS, FRED BANKS, DAVID PERLA,** | ) | |
| **DENNY DULL, JOHN DULL, GARY CHERIPKA,** | ) | **HEARING DATE: 11/10/22 @ 10:30 a.m.** |
| **GLENN MOWRY, INW, JAR COAL COMPANY,** | ) | **COURTROOM A—PITTSBURGH** |
| **JAMES CLAWSON, JEFFREY SHAW, JENNIFER** | ) | |
| **VERRICO, MARK MYKA, PA TURNPIKE TOLL** | ) | |
| **BY PLATE, PETERS PAINTING, R.J. ABREU,** | ) | |
| **R. WOODALL, RSS, RICOBERTO NEGRETE** | ) | |
| **GALENO. SARA STUMME, SHANNI SNYDER,** | ) | |
| **SHARON McCANCE, SHELLY CHABANDE,** | ) | |
| **BEN SHABANDE, STEPHEN CHAPAS, TERRY** | ) | |
| **NOLL, TONY DAVIS, UNITED STEELWORKERS,** | ) | |
| **WEST PENN POWER, WESTMORELAND COUNTY** | ) | |
| **TAX CLAIM BUREAU, 11585274 CANADA INC. ,** | ) | |
| **USAAG SYSTEMS CO.,  KASH SNYDER,** | ) | |
| **AND RENEE BASISTA,** | ) | |
| RESPONDENTS | ) | |

### TRUSTEE'S MOTION FOR SALE OF ALL TANGIBLE
### AND INTANGIBLE PERSONAL PROPERTY OF THE ESTATE

AND NOW, comes Robert H. Slone, (the "Trustee"), Chapter 7 Trustee in the bankruptcy of U Lock, Inc. (the "Debtor"), and files this *Motion for Sale of all Tangible and Intangible Personal Property of the Estate* (the "Sale Motion"), and in support thereof, states as follows:

### JURISDICTION AND VENUE

1. The United States Bankruptcy Court for the Western District of Pennsylvania (the "Court") has jurisdiction over this Motion pursuant to 28 U.S.C. § 1334. This matter is a core proceeding under 28 U.S.C. § 157(b)(2). Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

# APPENDIX A127

2. The Statutory predicates for relief requested herein are sections 105 and 363 of Title 11 of the United States Code, 11 U.S.C. §§ 101 et seq. (the "Bankruptcy Code") and Rules 6004 and 9014 of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules").

3. By this Motion, the Trustee seeks authority from this Court pursuant to Sections 105(a) and 363 of the Bankruptcy Code to sell all tangible and intangible personal Property of the Estate (as defined in §541), and specifically including the Estate's disputed right to the real property located at 14140 U.S. Route 30, North Huntingdon, PA (the "Real Property"), but excluding all cash held by the Estate and the Estate's claims under §546 or §547 of the Bankruptcy Code against George Snyder (the "Purchased Property"). The Purchased Property also includes and assumes the obligations imposed by any regulatory authority or political subdivision to engage in any environmental remediation of the Real Property, without regard to whether the remediation is ultimately determined to be the responsibility of the owner or possessor of the Real Property pursuant to the Estate's disputed claim of possession to the Real Property.

4. On April 27, 2022, Shanni Snyder filed an involuntary bankruptcy petition against the Debtor.

5. The Court set June 13, 2022 as the response date for the Debtor to contest the involuntary petition.

6. The Debtor did not file a response to the involuntary petition.

7. On June 16, 2022, the Court entered an order for relief.

8. On June 22, 2022, the Trustee was appointed as Chapter 7 trustee of the Debtor and its estate.

9. The Trustee received various offers for piecemeal assets of the estate and filed two (2) motions [Doc. Nos. 135 & 137] (the "Initial Sale Motions") in accordance with those offers.

10. On or about September 9, 2022, the Trustee received a better and higher offer, which was amended by correspondence dated September 22, 2022 and September 23, 2022 (the "Offer"), with regard to the same assets set forth in the Initial Sale Motions. A true and correct copy of the Offer is attached hereto as Exhibit "A". As a result of receiving the Offer, the Trustee filed a motion seeking to withdraw or dismiss the Initial Sale Motions [Doc. No. 163].

**APPENDIX A128**

11. The Estate has been in continuous possession of the Real Property since the Possession Date of April 27, 2022 and, before the involuntary filing of this bankruptcy case, has been in possession of the property since July 2015.

12. The Trustee believes that the Offer and the related structure of the sale contemplated by the Offer will more efficiently maximize the value of the Estate, while also reducing potential significant liability that may have been incurred by the Estate.

13. The Offer was submitted to the Trustee by Christine Biros (the "Proposed Buyer"), and the general terms of the contemplated sale of the Purchased Property are as follows:

    a. The Proposed Buyer shall file a Verified Disclosure of Connections to these proceedings, and all parties in interest no later than five (5) business days prior to the scheduled Sale Hearing.

    b. The Purchase Price shall be in the amount of $31,000.00 in cash plus additional consideration (the "Purchase Price"). The Proposed Buyer shall deposit the Purchase Price (less the $4,000.00 deposit paid to the Trustee) in good funds with the Trustee within five (5) days of the entry of the Sale Order approving the sale of the Purchased Property to the Proposed Buyer.

    c. In addition to the Purchase Price, the Proposed Buyer agrees to assume all liability of the Debtor's Estate for the environmental remediation required on the Real Property, including all remediation required as a result of that certain incident involving a garbage truck which occurred on the Real Property on or about May 27, 2022, and led to the contamination of soil with PCBs, thereby necessitating the decontamination of the Real Property (the "Estate Environmental Liability").

    d. With regard to the Estate Environmental Liability, the Proposed Buyer agrees to post a bond or other equivalent financial security in the amount of $100,000.00 with the Trustee within ten (10) days of the entry of the order approving the Sale to the Proposed Buyer (the "Bond"), which bond shall be held until the Estate Environmental Liability has been fully addressed to the satisfaction of any environmental regulatory entities having

**APPENDIX A129**

jurisdiction, including the Pennsylvania Department of Environmental Protection. If the Bond has not been released by agreement with the Trustee in 180 days after the date of posting, the Proposed Buyer may seek direction from the Court as to the terms of the Bond's release.

e.   Proposed Buyer, Christine Biros, may have a claim for rent for the use and occupancy of the Real Property since April 27, 2022, and, as additional consideration the Offer includes a waiver of $10,000.00 of any administrative claim that she may have.

f.   The Offer includes all claims and causes of action that the estate has with regard to any disputed right to possess the Real Property.

g.   The Offer includes the Proposed Buyer's agreement to waive any additional claims against the estate related to additional environmental remediation of the Real Property [Claim No. 4].

14.  The Trustee proposes to conduct an auction (the "Auction") which seeks to sell the Purchased Property to any bidder with the highest and best offer (the "Purchaser"),  with the requirement that each bidder (i) shall submit a deposit of $4,000.00 to be held by the Trustee (the "Initial Deposit") no later than five (5) days prior to the Auction; (ii) shall agree to post a Bond related to the Estate Environmental Liability within five (5) days of this Court's approval of the Sale of Purchased Property; (iii) shall file a Verified Disclosure of Connections to these proceedings and all parties in interest no later than five (5) days prior to the scheduled hearing in this Sale Motion (the "Sale Hearing"); (iv) shall deposit the Purchase  Price with the Trustee within five (5) days of the Court entering an order approving the sale; (vi) if the Purchaser is not Christine Biros, shall (a) remove all personal property from the Real Property within 30 days after entry of an order approving the sale; and (b) post an additional bond or other equivalent financial security in the amount of $25,000.00 within ten (10) days after entry of the order approving the sale (the "Cleanup Bond") to reimburse Christine Biros for the cost of removal and disposal of any tangible personal property which is not removed within 30 days after entry of the order approving the sale; and (vii) by participating in the auction, each bidder agrees to be a backup bidder in the event the Purchaser at the Auction fails to meet the terms of Sale (collectively, the "Bidding

**APPENDIX A130**

Requirements"). The Trustee proposes that the Sale Hearing take place before this Court, and the Trustee shall provide adequate notice of the sale be set forth with these require to bid and be provided to all parties in interest in a Sale Notice.

15. If the Purchaser of the Purchased Property does not deposit the required Purchase Price (less any Initial Deposit), does not post the Bond, does not post the Cleanup Bond or does not close on the Sale as required in any sale order related to this Sale Motion, then the Trustee requests authorization to immediately close on the Sale of the Purchased Property to the backup bidder, which will be the bidder at the Auction who has the second highest and best offer for the Purchased Property (the "Backup Bidder").

16. To the extent that the Sale of the Purchased Property to the Purchaser does not close for any reason set forth in the related order, then the Backup Bidder shall purchase the Purchased Property for the amount of the second highest and best offer, less any Excess Deposit[1] (the "Backup Purchase Price") and any Initial Deposit made by the Backup Bidder. The Backup Bidder shall deposit the required Backup Purchase Price, post the Bond, and close the Sale within five (5) days' notice from the Trustee that the Purchaser has failed to meet the terms of the related order approving the Sale of the Purchased Property.

**RELIEF REQUESTED**

17. By this Sale Motion, the Trustee seeks an approval of the Sale of the Purchased Property under and pursuant to Section 363(b) of the Bankruptcy Code, to the Proposed Buyer, or to any other party who has complied with the Bidding Requirements and who has proposed an offer that is better and higher than the Offer (the "Purchaser").

18. The Proposed Buyer's offer to purchase the Purchased Property is subject to the presentment of higher and better offers, which comply with the Bidding Requirements, at the Sale Hearing/Auction.

---

[1] "Excess Deposit" means the amount by which the Purchaser's Initial Deposit exceeds the difference between the Purchase Price and the Backup Purchase Price. For the avoidance of doubt, if the Initial Deposit of the Purchaser is $4,000.00, the Purchase Price is $21,000.00, and the Backup Purchase Price is $20,000.00, then the Excess Deposit in that scenario would be $3,000.00.

**APPENDIX A131**

19. Section 363(b) authorizes the Debtor, after notice and a hearing, to use, sell or lease, other than in the ordinary course of business, property of the estate. 11 U.S.C. §363(b). Section 105 of the Bankruptcy Code provides that the court "may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. §105(a).

20. Although the Bankruptcy Code does not specify the appropriate standard for approving the sale of property under Section 363, courts have uniformly agreed that the business judgment standard applies. See *In re Shubh Hotels Pittsburgh, LLC,* 439 BR 637, 639 (Bankr. W.D. Pa 2010). Courts in the Third Circuit have also held that a court should accept a trustee's or debtor's business judgment unless there is evidence of bad faith. *See In re Grand Prix Assocs*., No. 09-16545 (DHS), 2009 Bankr LEXIS 1779, at 15 (Bankr. DNJ. June 26, 2009).

21. To approve the sale, use of lease of property outside of the ordinary course of business, the Court must find some articulated business justification for the proposed action. See In re Abbots Dairies of Pa. Inc., 788 F.2d 143, 145-47 (3d Cir. 1986).

22. In determining whether a sale satisfies the business judgment standard, courts in the Third Circuit require: (a) that there be sound business judgment reasons for the sale; (b) accurate and reasonable notice of the sale; (c) that the sale yield a fair and reasonable price; and (d) that the parties have acted in good faith. In re *Titusville Country Club*, 128 B.R. 396, 399 (Bankr. W.D. Pa 1991). This Court may additionally grant the relief requested herein under §105(a) of the Bankruptcy Code under equitable common law doctrines, providing, in relevant part, that "the court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. §105(a).

23. The Trustee has the burden to establish that a valid business purpose exists for the use of estate property in a manner that is not in the ordinary course of business. See *In re Lionel Corp*., 722 F.2d 1063, 1070-71 (2nd Cir. 1983). Once the Trustee has articulated a valid business purpose, however, a presumption arises that the trustee's decision was made on an informed basis, in good faith, and in the honest belief that the action was in the best interest of the company. See *In re Integrated Resources, Inc*., 147 B.R. at 656 (S.D.N.Y. 1992).

24. The sale of the Purchased Assets serves a sound business purpose.

**APPENDIX A132**

25. On or about May 22, 2022, during the time in which the Debtor was in possession of the Real Property, there was a release of contaminants, including PCBs, on the soil of the Real Property which may create an obligation for the Estate to remediate the contamination.

26. By pursuing the sale of the Purchased Assets, the Trustee has maximized the value of the estate by simultaneously bringing money into the estate in the amount of the Purchase Price while also ridding the estate of liability related to the Real Property which may be costly as a result of the contamination of soil with the PCBs that occurred post-petition. If this liability is not addressed in an adequate manner, the estate may be in violation of environmental and statutory regulations with no other means to address the issues.

27. Additionally, the Offer includes a waiver of substantial claims of Christine Biros, some of which would be administrative costs of the estate.

28. As this Court is aware, Ms. Biros asserts that the Estate has no right to occupy the Real Property, as neither the Debtor nor the Estate have the relevant occupancy permits, a lease, or any ownership which would entitle those parties to possess the Real Property.

29. Regardless, the Estate's continued occupation of the Real Property may give rise to a claim of Ms. Biros for reasonable rent of these premises, and she has agreed to waive $10,000.00 of this claim, and certain other claims, as part of her Offer.

30. Section 363(m) of the Bankruptcy Code provides for the protection to a good faith purchaser of the Purchased Property. Pursuant to Section 363(m):

> The reversal or modification on appeal of an authorization under subsection (b) or (c) of this section of a sale or lease of property does not affect the validity of a sale or lease under such authorization to an entity that purchased or leased such property in good faith, whether or not such entity knew of the pendency of the appeal, unless such authorization and such sale or lease were stayed pending appeal.

11 U.S.C. §363(m).

# APPENDIX A133

31. While the Bankruptcy Code does not define "good faith", the Third Circuit has held that:

> [t]the requirement that a Buyer act in good faith...speaks to the integrity of his conduct in the course of the sale proceedings. Typically, the misconduct that would destroy a Buyer's good faith status at a judicial sale involves fraud, collusion between the Buyer and other bidders or the trustee, or an attempt to take grossly unfair advantage of other bidders.

In re *Abbots Dairies of Pa. Inc.*, 788 F.2D 143, 147 (3D Cir. 1986).

32. The Trustee seeks a finding with respect to "good faith" of the Buyer, or any other potential buyer of the Purchased Property or the Assets, in furtherance of Section 363(m) of the Bankruptcy Code, which provides an enforceable, safe harbor provision for purchasers of property when the purchase is found to be in "good faith". The Trustee asserts that the Verified Disclosure of Connections that is part of the Bidding Requirements provides a basis for a finding of good faith pursuant to Section 363(m) of the Bankruptcy Code.

33. This process described in this Motion provides for an open and fair auction of the Purchased Property which will further ensure the arms' length and good faith nature of this sale by encouraging competitive bidding within the parameters of the Bidding Requirements. As such, the Trustee requests that the ultimate purchaser of the Purchased Property be entitled to the protections of Section 363(m) of the Bankruptcy Code.

WHEREFORE, the Trustee respectfully requests that this Court (i) enter an Order approving the proposed Sale following the Sale Hearing; and (ii) grant such other and further relief as is just and proper.

Respectfully submitted,

Date:   September 28, 2022          /s/ ROBERT H. SLONE
                                    Robert H. Slone, Esquire
                                    PA ID No. 19963
                                    MAHADY & MAHADY
                                    223 South Maple Avenue
                                    Greensburg, PA 15601
                                    (724) 834-2990
                                    robertslone223@gmail.com

# APPENDIX A134

**BERNSTEIN ▪ BURKLEY**
——— ATTORNEYS AT LAW ———

*A business approach to legal service* ℠

Sarah E. Wenrich
swenrich@bernsteinlaw.com | (412) 456-8206

September 22, 2022

Robert Slone
Mahady & Mahady
223 South Maple Avenue
Greensburg, PA 15601

### RE: Updated Offer for Purchase of Estate Assets of U Lock Inc.

Dear Mr. Slone:

As you are aware, this firm represents Christine Biros, the owner of the site currently occupied by U Lock, Inc. (the "<u>Debtor</u>") and located at 14140 Route 30, North Huntingdon, PA (the "<u>Real Property</u>"). By correspondence dated September 9, 2022, Christine Biros' counsel, William E. Otto, Esq., conveyed an offer from Christine Biros to purchase all tangible and intangible property of the property of the Debtor's estate. This offer is hereby updated by the terms set forth below (the "<u>Offer</u>"). The four thousand dollar ($4,000) deposit which you have already received from my client should continued to be held as hand money for the offer as set forth below.

As you are aware, there was an apparent release of contaminants on the soil of the Real Property on or about May 22, 2022 while the Debtor was in possession of the Real Property. We believe this creates an obligation for the Estate to clean up the spill. We have been advised by our engineer that the costs could be in excess of $200,000. Our offer includes relieving the Estate of that liability.

Ms. Biros also continues to assert that the Estate has no right of possession in the premises. You and Ms. Biros have an understanding that you may continue to use the property during these proceedings, without any agreement to permit possession in the future. Nevertheless, Ms. Biros is willing to offer to buy any rights which the Estate has in the premises.

Christine Biros hereby submits the following offer to purchase all assets of U Lock, Inc., free and clear of any liens or encumbrances. This offers includes, but is not limited to the following property of the estate:

#### Tangible Personal Property:

      (a) All of the personal property set forth in Official Form 206Sum, Schedule 206A/B, submitted by the Debtor on July 5, 2022 at Doc. No. 59;

      (b) The eight land/sea containers located on the Real Property at the time of the sale of the Real Property by the Schur Estates and located in the northeast corner of the Real Property, adjacent to Lincoln Highway, as shown in the aerial photograph from 2014 attached to the September 9, 2022 correspondence (the "<u>Site Photo</u>"); and



601 Grant Street • 9ᵗʰ Floor • Pittsburgh, PA 15219
Phone: (412) 456-8100 • Fax (412) 456-8135
www.bernsteinlaw.com

**APPENDIX A135**

(c) All of the truck trailers (approximately 23 trailers) shown in various locations in the 2014 Site photo; and

(d) Any other tangible personal property determined to be owned by the Debtor on or prior to April 27, 2022.

**Intangible Personal Property:**

(a) All intangible rights, claims, demands, actions, and causes of action which could be brought or asserted by or on behalf of U Lock for any reason, either as a Debtor in bankruptcy or otherwise, except for the estate's claims pursuant to § 546 or § 547 of the Bankruptcy Code against George Snyder and all cash held by the estate;

(b) All obligations and liabilities imposed by any regulatory authority or political subdivision to engage in any environmental remediation of the Real Property, whether that remediation is ultimately determined to be the responsibility of the owner or party in possession of the Real Property pursuant to the Estate's disputed claim of possession to the Real Property;

(c) Any unpaid rent owed to the Debtor or the Estate; and

(d) All intellectual property of the Debtor.

**Terms of the Offer:**

The following are the terms of the Offer:

(a) Cash in the amount of Twenty-Five Thousand Dollars ($25,000), including the $4,000 deposit already deposited with the Trustee;

(b) File a verified disclosure of connections to the bankruptcy case no later than five days prior to the scheduled sale hearing;

(c) Posting of a bond or other equivalent financial security in the amount of $100,000 within ten days of the entry of a Court Order approving the sale to Christine Biros;

(d) Christine Biros shall waive any additional claims against the estate related to required environmental remediation of the Real Property [Claim No. 4];

(e) Christine Biros shall waive any administrative claims against the Estate for rent for the use and occupancy of the Real Property since April 27, 2022, conservatively estimated to be $5,000 per month;

(f) The Sale shall close within ten days of the Bankruptcy Court entering an order approving the contemplated sale; and

(g) In the event that the successful purchaser is not Christine Biros, the successful purchaser must (i) remove all personal property from the Real Property within 30 days after the order approving the sale is entered, and (ii) must post an additional bond or other financial security in the amount of $25,000 to reimburse Christine Biros for the cost of removal and disposal of any tangible personal property which is not removed within 30 days of the entry of the sale order.

My client is aware that this sale must be completed as an auction sale in the Bankruptcy Court. Please let me know if you have any questions regarding the Offer and if you need any further information in order to move this process forward.

Very truly yours,
BERNSTEIN-BURKLEY, P.C.

Sarah E. Wenrich

SEW/sew

# APPENDIX A137



U Lock site 2014

APPENDIX A138

**mahady@pulsenet.com**

| | |
|---|---|
| **From:** | Sarah E. Wenrich <swenrich@bernsteinlaw.com> |
| **Sent:** | Friday, September 23, 2022 9:29 AM |
| **To:** | mahady@pulsenet.com |
| **Cc:** | Robert S. Bernstein; William Otto |
| **Subject:** | ULock - Modified Offer from Christine Biros |

Hi Bob,

I'm writing to follow up on the offer made by Christine Biros yesterday. She has modified her offer as follows:

- The cash payment of $25,000 is increased to $31,000; and
- She no longer completely waives her entitlement to an administrative claim, valued at approximately $20,000. Instead, she waives only the initial $10,000 of her administrative claim at this time. To illustrate, if she is entitled to $30,000 of an administrative claim as of the date of the closing of the sale, then she agrees to waive $10,000 of that claim and only assert an administrative claim in the amount of $20,000.

Let me know if you have any questions or concerns.

Thank you!
Sarah

---

**Sarah E. Wenrich, Esq.**



**BERNSTEIN ▪ BURKLEY**
—— ATTORNEYS AT LAW ——

601 Grant Street, 9th Floor | Pittsburgh, PA 15219

swenrich@bernsteinlaw.com | P: 412.456.8163 | F: 412.456.8135

CONFIDENTIALITY NOTICE: This electronic communication and any attachments (a) are protected by the Electronic Communications Privacy Act (18 U.S.C. § 2510-2522), (b) may contain confidential and/or legally privileged information, and (c) are for the sole use of the intended recipient. If you have received this electronic communication in error, please notify the sender and delete the entirety of the electronic communication. Any use of the contents of any information received in error, including but not limited to disclosure, copying, or distribution, is strictly prohibited.



"A"

1

**APPENDIX A139**