IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

---

Case 2:22-cv-01218-RJC

In re: U LOCK, INC.

Debtor—Appellant

---

On Appeal from the United States Bankruptcy Court for the Western District of Pennsylvania, Hon. Gregory L. Taddonio, Chief United States Bankruptcy Judge, from the Order of August 10, 2022, Denying the Motion to Convert from Chapter 7 to Chapter 11 (Entry 110 in Case 22-20823)

---

**BRIEF OF CHAPTER 7 TRUSTEE, ROBERT H. SLONE, ESQUIRE**

---

Robert H. Slone, Esquire
PA I.D. No. 19963
MAHADY & MAHADY
223 South Maple Avenue
Greensburg, PA 15601
(724) 834-2990
Robertslone223@gmail.com

CHAPTER 7 TRUSTEE FOR U LOCK, INC.

1

**TABLE OF CONTENTS**

Table of Contents ............................................................................. 2

Table of Authorities ........................................................................ 3

Jurisdictional Statement ................................................................. 4

Statement of Issue Presented ........................................................ 4

Statement of the Facts and the Case ............................................ 4

Argument ......................................................................................... 6

Conclusion ....................................................................................... 6

Certificate of Service ...................................................................... 6

**TABLE OF AUTHORITIES**

Statutes:

11 U.S.C. §329 ............................................................................................... 4

11 U.S.C. §521 ............................................................................................... 4

Rule 1007, Federal Rules of Bankruptcy Procedure ............................................. 4

Rule 2016, Federal Rules of Bankruptcy Procedure............................................. 4

11 U.S.C. §363(f) ........................................................................................... 5

11 U.S.C. §544 ............................................................................................... 6

11 U.S.C. §547 ............................................................................................... 6

11 U.S.C. §547 ............................................................................................... 6

11 U.S.C. §548 ............................................................................................... 6

28 U.S.C. §§158(a)........................................................................................ 6

6004(h), Federal Rules of Bankruptcy Procedure ................................................ 6

6006(d), Federal Rules of Bankruptcy Procedure ................................................ 6

**JURISDICTIONAL STATEMENT**

The United States Bankruptcy Court maintained jurisdiction of the Adversary Complaint pursuant to 11U.S.C. §§157(a) and 1334. The underlying action constitutes a core proceeding under 28 U.S.C. §157(b)(2)(A).

The bankruptcy court entered its judgment on August 10, 2022. U Lock filed its Notice of Appeal on August 23, 2022. Therefore, this Court maintains jurisdiction pursuant to 11 U.S.C. §158(a).

**STATEMENT OF ISSUE PRESENTED**

I.   Whether the Bankruptcy Court erred by refusing to allow U Lock, Inc. to convert its Chapter 7 bankruptcy to a Chapter 11 case.

**STATEMENT OF THE FACTS AND THE CASE**

On April 27, 2022, a Chapter 7 involuntary petition was filed in the United States Bankruptcy Court, Western District of Pennsylvania ("Bankruptcy Court"), by Petitioning Creditor, Shanni Sue Snyder ("Snyder"), against U Lock, Inc. ("U Lock").

On April 29, 2022, an Order of Court was signed ordering, adjudging, and decreeing that "on or before May 6, 2022, Petitioning Creditor shall file an amended involuntary petition in compliance with the United States Bankruptcy Code, this Order and Local Rules of this Court". On May 9, 2022, an amended involuntary petition against a non-individual, U Lock, was filed by Snyder.

On May 10, 2022, the Bankruptcy Court entered an Order which affirmed the designation of the principal officers or managing general partners of U Lock as George Snyder and Kash Snyder.

On May 30, 2022, a Notice of Appearance and Request for Notice by J. Allen Roth, Esquire, was filed by Debtor, U Lock, Inc.

U Lock failed to oppose the involuntary petition and the Bankruptcy Court issued an Order for Relief on June 17, 2022.

On June 17, 2022, an Order and Notice Regarding Involuntary Chapter 7 Petition was entered ordering and directing principal operating officer George Snyder to file required documents pursuant to 11 U.S.C. §§329 and 521 and Rules 1007 and 2016 of the Federal Rules of Bankruptcy Procedure.

On June 22, 2022, a Notice of Appointment of Trustee was entered appointing Robert H. Slone as Trustee for the estate of U Lock.

On July 1, 2022, U Lock filed a Motion to Convert Case from Chapter 7 to Chapter 11 ("Motion to Convert Case"). On July 6, 2022, a Notice of Hearing and Response Deadline on U Lock's Motion to Convert Case was filed which scheduled the hearing on said motion for August 9, 2022.

On July 19, 2022, a Response in Opposition to U Lock's Motion to Convert Case was filed by Christine Biros. Also on July 19, 2022, the Trustee filed a Response to U Lock's Motion to Convert Case. A hearing was held on August 9, 2022 on the Motion to Convert Case. On August 10, 2022, a text order was issued which stated that the hearing on the Motion to Convert Case was conducted and that said Motion to Convert Case was denied "for reasons stated on the record". Said text order further stated that "this text-only entry constitutes the Court's order and notice on this matter" and indicated being signed by the presiding Judge, Gregory L. Taddonio ("Judge Taddonio"), on August 10, 2022. The transcript of this hearing was filed with the Bankruptcy Court on August 15, 2022. Reasons stated on the record for the Motion to Convert Case begin at the bottom of page 20 through page 25 of the transcript. A copy of the transcript pages 20 through 25 is attached hereto and made a pert hereof as Appellee's Appendix Exhibit A.

The Trustee filed an Amended Motion for Sale of Tangible and Intangible Personal Property of the Estate under 11 U.S.C. §363(f) Free and Clear of all Liens, Claims and Encumbrances on November 17, 2022, at Docket No. 217 ("Sale Motion") seeking authority to sell a substantial portion of the assets belonging to U Lock. This sale of U Lock's assets necessitated separate hearings which were held on December 1, 2022 and December 15, 2022. After the December 15, 2022 hearing, the Court entered an Order dated December 20, 2022 at Docket No. 254 ("Sale Order") confirming the sale of tangible and intangible personal property of the estate under 11 U.S.C. at §363(f) free and clear of all liens, claims and encumbrances to Shanni Snyder as the successful bidder ("Purchaser") for the amount of $70,000.00 ("Purchase Price"). A copy of said Sale Order is attached hereto as Appellee's Appendix Exhibit B. The Purchaser paid the Purchase Price to the Trustee and the sale closed December 28, 2022.

**ARGUMENT**

U Lock filed the Motion to Convert Case suggesting that its plan of reorganization would be to utilize the avoidance powers to void the January 20, 2022 transfer of real property to Christine Biros ("Biros") and use a cash infusion from a third party to pay Biros and the estate's creditors in full. The Sale Order dated December 20, 2022 confirmed the sale of all of the intangible rights of the Trustee to the Purchaser, which included "all right, title and interest in any and all claims, claims for relief, and causes of action that the Debtor, its bankruptcy estate, and/or the Trustee may have had as of the petition date of April 27, 2002, including any actions

under 11 U.S.C. §§544, 547, 548, and any other provision of the Bankruptcy Code, state law, or common law, including any such claims, claims for relief, and causes of action relating to the real property located at 14140 Route 30, North Huntingdon, Pennsylvania , or any other real or personal property, business, activity, unpaid rents owed to the Debtor, and all intellectual property of the Debtor. Therefore, the Motion to Convert is moot after the entry of the Sale Order dated December 20, 2022 and the sale closing on December 28, 2022 ("Closing"), as the intangible assets of the Debtor's estate upon which the proposed reorganization would be significantly based were sold to Shanni Snyder.  As per the Sale Order, "the transfer and assignment of the Purchased Asset to the Purchaser will be, as of the date of Closing (as identified herein), a legal, valid, and effective conveyance of the Purchased Assets, that as of the date of Closing shall vest in the Purchaser, all right, title, and interest in Purchased Assets free and clear of any interest in such Purchased Assets…".

Further, the Sale Order states in paragraph 14 that "this Order shall survive any dismissal or conversion of the within case" and states in paragraph 15 that "this Order constitutes a final and appealable order within the meaning of 28 U.S.C. §158(a). Notwithstanding Rules 6004(h) and 6006(d) of the Federal Rules of Bankruptcy Procedure, the Court expressly finds that there is no reason for delay in the implementation of this Order. This Order shall be effective immediately upon its entry, and the parties may consummate the transaction pursuant to the terms and conditions as set forth in the Sale Motion and Order. To the extent that there are any discrepancies between the Sale Motion and the Order, this Order controls".

## CONCLUSION

The Sale Order dated December 20, 2022 attached as Appellee's Appendix Exhibit B effectively eliminates any possibility that an effective Chapter 11 plan to reorganize Debtor can be accomplished. There is nothing to reorganize. Therefore, the Court should dismiss the Appeal as being moot.

Respectfully submitted,

/s/ ROBERT H. SLONE
Robert H. Slone, Esquire
Chapter 7 Trustee for U Lock, Inc.

## CERTIFICATE OF SERVICE

All parties hereto are members of the Court's ECF system and will receive notification of the filing of this Brief through that process.

/s/ ROBERT H. SLONE
Robert H. Slone, Esquire